Karen C. Tumlin (CA Bar No. 234691)
Esther H. Sung (CA Bar No. 255962)
Laura Flores-Perilla (CA Bar No. 355645)
Hillary Li (GA Bar No. 898375)*
Brandon Galli-Graves (TX Bar No. 24132050)*
**JUSTICE ACTION CENTER**
P.O. Box 27280
Los Angeles, CA 90027
(323) 450-7272
karen.tumlin@justiceactioncenter.org
esther.sung@justiceactioncenter.org
laura.flores-perilla@justiceactioncenter.org
hillary.li@justiceactioncenter.org
brandon.galli-graves@justiceactioncenter.org

*Counsel for Plaintiffs*

\* *Motion for pro hac vice to be filed*

[Additional co-counsel on signature page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GLOBAL NURSE FORCE, *et al.*, | ) |
| Plaintiffs, | ) Case No. 3:25-cv-8454 |
| v. | ) |
| DONALD J. TRUMP, *et al.*, | ) |
| Defendants. | ) |

**NOTICE OF MOTION AND MOTION TO PROCEED UNDER PSEUDONYM**

Please take notice that, pursuant to Federal Rule of Civil Procedure 5.2(e), Plaintiffs Phoenix Doe and John Smith respectfully move the Court for an Order permitting them to proceed in this litigation using a pseudonym to protect their identities from public disclosure. Phoenix Doe and John Smith request that they be permitted to maintain the confidentiality of

NOTICE OF MOTION AND MOTION TO PROCEED UNDER PSEUDONYM - 1

their identities by using only a pseudonym and redacting other personally identifying information in their filings, including all exhibits in which their names appear.

As explained in the accompanying Memorandum of Points and Authorities, (1) this lawsuit involves matters of a sensitive and highly personal nature; (2) the use of pseudonyms is necessary to protect Phoenix Doe and John Smith and their family members from potential mental or physical harm; and (3) the public interest weighs in favor of allowing Phoenix Doe and John Smith to challenge governmental action pseudonymously.

Plaintiffs Phoenix Doe's and John Smith's motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the supporting Declarations of Phoenix Doe and John Smith filed herewith, the Complaint, such other evidence and argument as may be submitted at any possible hearing on this Motion, and such other matters of which the Court may take judicial notice.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff Phoenix Doe and Plaintiff John Smith seek permission to use pseudonyms to reduce the risk of retaliatory harm and because their sensitive and highly personal information is described in the Complaint and will necessarily be described in detail in further documents filed in this matter as the case proceeds.

Plaintiff Phoenix Doe is a citizen of India residing in the Northern District of California. She is a postdoctoral researcher at a U.S. university who performs vital research on detecting and treating blinding conditions. Due to the value of her skills and research expertise, her university employer approved her for cap-exempt H1-B sponsorship, and she expected the process to be completed by this December, allowing her to visit her native country of India for the first time in six years. Instead, as a result of the recent Proclamation imposing a $100,000

NOTICE OF MOTION AND MOTION TO PROCEED UNDER PSEUDONYM - 2

fee on such applications (described in detail in Plaintiffs' complaint), Plaintiff Phoenix Doe's university has indefinitely halted moving forward with her application, putting at risk her work on detecting and treating blinding conditions and disrupting the laboratory that relies on her. Without relief, Plaintiff Phoenix Doe will be forced to leave the United States, causing serious professional and personal harm, and setting back the research she is conducting and the availability of treatment for the conditions she is studying.

Plaintiff John Smith is a citizen of England residing in the Appalachia region of the United States. He came to the United States in 2022 on an R-1 visa—a nonimmigrant visa for foreign nationals in religious vocations to come to the United States temporarily to perform religious work—and works full-time as a pastor at a church near his home. The church for which he works offered him a permanent position if he can maintain permanent legal status in the U.S., and it offered to sponsor him for a special immigrant visa, which was approved in 2024. However, due to the long backlog to adjust status to become a lawful permanent resident, his church retained immigration counsel to apply for an H-1B visa on his behalf so he could continue performing vital services to the church and congregation while awaiting approval to adjust status and become a lawful permanent resident. Nonetheless, due to the new $100,000 fee levied on H-1B applications, neither Plaintiff John Smith's employer nor John Smith can afford to pay this fee. If he cannot obtain an H-1B visa by November 1, 2026, he will lose job with the church, and it will throw his and his family's lives, as well as those of his congregation he serves, into disarray.

This Court has the discretion to allow Plaintiff Phoenix Doe and Plaintiff John Smith to proceed using a pseudonym. *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000); *see also Doe v. Lincoln Unified Sch. Dist.*, 115 Cal. Rptr. 3d 191, 197

NOTICE OF MOTION AND MOTION TO PROCEED UNDER PSEUDONYM - 3

(Cal. Ct. App. 2010) ("The United States Supreme Court has also implicitly endorsed the use of pseudonyms to protect a plaintiff's privacy.") (collecting cases). The Ninth Circuit recognizes that parties may "use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule, or personal embarrassment.'" *Does I thru XXIII*, 214 F.3d at 1067-68 (ellipses original; internal citation omitted); *accord United States v. Doe*, 655 F.2d 920, 922 n. 1 (9th Cir. 1980); *Todd v. Lovecruft*, No. 19-CV-01751-DMR, 2020 WL 60199, at *10 (N.D. Cal. Jan. 6, 2020). The Ninth Circuit has endorsed a balancing test to determine whether a litigant may preserve her anonymity. *Does I thru XXIII*, at 1068. Under that test, the court looks to whether "the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.*

The Ninth Circuit has identified several different situations in which parties have been permitted to proceed under a fictitious name, including: "(1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution." *Id.* (collecting cases) (internal quotation marks and citations omitted); *see also Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 189-90 (2d Cir. 2008) (identifying several additional factors and noting that "this list is non-exhaustive and district courts should take into account other factors relevant to the particular case under consideration").

First, Plaintiff Phoenix Doe's and Plaintiff John Smith's identities should be protected because their identification poses a risk of retaliatory physical or mental harm. Because they are suing the government and their immigration status is directly at issue in the suit, Phoenix Doe

NOTICE OF MOTION AND MOTION TO PROCEED UNDER PSEUDONYM - 4

and John Smith reasonably fear that if their identities were to become public, they would face a serious risk of retaliation by federal government officials, particularly in the form of adverse decisions on their current and future immigration applications. Declaration of Phoenix Doe, at ¶ 9; Declaration of John Smith, at ¶ 14.

Further, Phoenix Doe and John Smith reasonably fear that, in light of the intense ongoing debate in this country over immigration generally, and the Proclamation and other immigration-related announcements and executive orders by President Trump in particular, revealing their identities and personal stories would subject them and their other family members in the U.S. to discrimination, harassment, or even physical harm from members of the public at large. Declaration of Phoenix Doe, at ¶ 9; Declaration of John Smith, at ¶ 14. Litigants against and critics of President Trump have been, among other things, threatened with physical harm, attacked online and in the press, and verbally and physically assaulted.[1]

---

[1] *See, e.g.*, Rachel Kleinfeld, *The Rise of Political Violence in the United States*, 32 J. of Democracy 160 (2021) ("One week after the 2020 U.S. presidential election, Eric Coomer, an executive at Dominion Voting Systems, was forced into hiding. Angry supporters of then-president Donald Trump, believing false accusations that Dominion had switched votes in favor of Joe Biden, published Coomer's home address and phone number and put a million-dollar bounty on his head. Coomer was one of many people in the crosshairs."); Elisabeth Bumiller, *'People Are Going Silent': Fearing Retribution, Trump Critics Muzzle Themselves*, NY Times (March 6, 2025), https://www.nytimes.com/2025/03/06/us/politics/trump-democracy.html ("People on both sides of the aisle who would normally be part of the public dialogue about the big issues of the day say they are intimidated by the prospect of online attacks from Mr. Trump and Elon Musk, concerned about harm to their companies and frightened for the safety of their families.") (collecting examples of individuals who received threats or public criticism for criticizing or speaking about President Trump and other Trump administration officials); Wikipedia, *Targeting of political opponents and civil society under the second Trump administration*, https://en.wikipedia.org/wiki/Targeting_of_political_opponents_and_civil_society_under_the_second_Trump_administration.

NOTICE OF MOTION AND MOTION TO PROCEED UNDER PSEUDONYM - 5

These fears of retaliation and harassment, based on the Defendants' immigration policies and the current climate regarding immigration, are comparable in gravity and impact to the substantial harms that have prompted other district courts in this Circuit to grant motions to proceed pseudonymously. *See, e.g.*, *Doe v. Noem*, 781 F. Supp. 3d 1055, 1063 (E.D. Cal. 2025) (granting Doe motion of university student who challenged the government's termination of his student visa, in light of "surging hate crimes, anti-immigrant messaging from the White House and DHS, and [an] email plaintiff received" explaining that remaining in the U.S. "'may have serious consequences.'"); *Doe #1 v. Trump*, 785 F. Supp. 3d 575, 582–83 (D. Ariz. 2025) (granting Doe motion of university student challenging the government's termination of her student visa, due to "fears [of] retaliation by [the government], harassment by the public, and blacklisting by third parties," and acknowledging "the current 'environment of threats and fear of extreme and harsh treatment of immigrants and noncitizens that encourages private individuals to take action against those individuals in a manner they believe is desired by the government.'") (cleaned up); *Doe v. Noem*, No. 2:25-CV-00633-DGE, 2025 WL 1295664, at *3 (W.D. Wash. May 5, 2025) ("In the current social context, there are countless individuals who oppose immigration generally . . . and pose a real risk of harassing Plaintiff. That risk is especially acute online, and the Ninth Circuit has highlighted online threats as a justification for anonymity. *Kamehameha*, 596 F.3d at 1044 ('In context, the threats on the internet become much more frightening.')."). As with these other decisions, the Court should allow the Doe Plaintiffs to proceed pseudonymously.

Second, the Complaint involves matters of a sensitive and highly personal nature, including the private health information of Phoenix Doe. Phoenix Doe has been diagnosed with PTSD, relies on ongoing treatment and an emotional support animal to maintain her health and

NOTICE OF MOTION AND MOTION TO PROCEED UNDER PSEUDONYM - 6

stability, and does not want details of her mental health history to be publicly linked to her name. Declaration of Phoenix Doe, at ¶ 10. Courts, including the Ninth Circuit, have recognized "a constitutionally protected interest in avoiding disclosure of personal matters, including medical information." *E.g.*, *Tucson Woman's Clinic v. Eden*, 379 F.3d 531, 551 (9th Cir. 2004) (internal quotation marks omitted).

Finally, the fact that the accompanying Complaint is brought against the government also weighs in favor of permitting the Plaintiffs to proceed using pseudonyms. *See, e.g.*, *Doe v. United States*, 210 F. Supp. 3d 1169, 1173 (W.D. Mo. 2016) (finding this factor favors permitting use of pseudonyms). Courts have observed that it is more appropriate to allow parties to proceed anonymously when they are challenging the validity of government action. *Ocean S. v. Los Angeles Cnty.*, No. LA CV23-06921 JAK (EX), 2023 WL 8191123, at *3 (C.D. Cal. Nov. 20, 2023) ("[P]laintiffs 'challenging the constitutional, statutory or regulatory validity of government activity' are more likely to be able to proceed pseudonymously than those that 'fil[e] a civil action against other private parties . . . .'") (alteration in original) (quoting *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979) (explaining that, unlike suits against private entities which may injure their reputation, suits challenging the validity of government action "involve no injury to the Government's 'reputation'")). Moreover, courts have acknowledged that the public's interest is often "heightened" when the defendants are public officials or government bodies. *See Doe v. Megless*, 654 F.3d 404, 411 (3d Cir. 2011) ("Here, interest is heightened because Defendants are public officials and government bodies.") (internal quotation marks omitted); *Doe v. Pub. Citizen*, 749 F.3d 246, 274 (4th Cir. 2014) ("As we have explained, the public interest in the

NOTICE OF MOTION AND MOTION TO PROCEED UNDER PSEUDONYM - 7

underlying litigation is especially compelling given that Company Doe sued a federal agency.").

The use of pseudonyms is the least restrictive method of ensuring Plaintiff Phoenix Doe's and Plaintiff John Smith's privacy while permitting the public access to the maximum amount of information. "[T]he public's interest in the case [would] not [be] best served by requiring that the litigants reveal their identities, because here, party anonymity [will] not significantly obstruct the public's view of issues joined or the court's performance in resolving them." *Doe v. Ayers*, 789 F.3d 944, 946 (9th Cir. 2015) (cleaned up).

For the reasons set forth above, Plaintiffs respectfully request that the Court enter an Order:

1. Granting Plaintiff Phoenix Doe and Plaintiff John Smith leave to proceed in this matter with the use of a pseudonym.
2. Ordering that all parties shall submit pleadings, briefing, and evidence either (a) using Plaintiff Phoenix Doe's and Plaintiff John Smith's pseudonyms instead of their real names and other personally identifying information or (b) redacting Plaintiff Phoenix Doe's and Plaintiff John Smith's name and other personally identifying information.
3. Ordering that the parties shall confer on and submit a joint protective order that will permit Plaintiff Phoenix Doe and Plaintiff John Smith to reveal their identities to the Court and to Defendants' counsel under seal if and when required by the Court, but which will prevent disclosure of Plaintiffs' identities to Defendants;
4. Ordering that Defendants' counsel shall not publicly disclose the names or personally identifying information of Plaintiff Phoenix Doe or Plaintiff John Smith after Defendants' counsel learn their names and personally identifying information; and

NOTICE OF MOTION AND MOTION TO PROCEED UNDER PSEUDONYM - 8

5. Ordering that any nonparty who is informed of Plaintiff Phoenix Doe's or Plaintiff John Smith's identity shall be provided a copy of this Order by the disclosing party and shall also be subject to this Order.

October 3, 2025                                    Respectfully submitted,

| | |
|---|---|
| /s/ Karen C. Tumlin | /s/ Cynthia Liao |
| Karen C. Tumlin (CA Bar No. 234691) | Cynthia Liao (CA Bar No. 301818)* |
| Esther H. Sung (CA Bar No. 255962) | Johanna N. Hickman (D.C. Bar No. 981770)* |
| Laura Flores-Perilla (CA Bar No. 355645) | Elena Goldstein (D.C. Bar No. 90034087)* |
| Hillary Li (GA Bar No. 898375)* | **DEMOCRACY FORWARD FOUNDATION** |
| Brandon Galli-Graves (TX Bar No. 24132050)* | P.O. Box 34553 |
| **JUSTICE ACTION CENTER** | Washington, DC 20043 |
| P.O. Box 27280 | (202) 808-1982 (Liao) |
| Los Angeles, CA 90027 | cliao@democracyforward.org |
| (323) 450-7272 | hhickman@democracyforward.org |
| karen.tumlin@justiceactioncenter.org | egoldstein@democracyforward.org |
| esther.sung@justiceactioncenter.org | |
| laura.flores-perilla@justiceactioncenter.org | /s/ Kalpana Peddibhotla |
| hillary.li@justiceactioncenter.org | Kalpana Peddibhotla (CA Bar No. 200330) |
| brandon.galli-graves@justiceactioncenter.org | **SOUTH ASIAN AMERICAN JUSTICE COLLABORATIVE (SAAJCO)** |
| | 333 W. San Carlos Street, Suite 600 |
| | San Jose, CA 95110 |
| /s/ Charles H. Kuck* | (408) 550-9240 |
| GA Bar No. 429940 | kalpana@saajco.org |
| **KUCK BAXTER LLC** | |
| 365 Northridge Rd., Suite 300 | /s/ Jesse M. Bless |
| Atlanta, GA 30350 | JESSE M. BLESS* |
| 404-949-8154 | MA Bar # 660713 |
| Ckuck@immigration.net | **BLESS LITIGATION LLC** |
| | 6 Vineyard Lane |
| /s/ Zachary R. New | Georgetown MA 01833 |
| Zachary R. New* | 781-704-3897 |
| Atty. Reg. No. (Colorado): 53992 | jesse@blesslitigation.com |
| **JOSEPH & HALL, P.C.** | |
| 12203 East Second Ave. | /s/ Greg Siskind |
| Aurora, CO 80011 | Greg Siskind* |
| (303) 297-9171 | TN Bar No. 14487 |
| zachary@immigrationissues.com | **SISKIND SUSSER** |

NOTICE OF MOTION AND MOTION TO PROCEED UNDER PSEUDONYM - 9

1028 Oakhaven Road
Memphis, TN 38119
(901) 682-6455
gsiskind@visalaw.com
*Counsel for Plaintiffs*

\* Motion to appear *pro hac vice* forthcoming

NOTICE OF MOTION AND MOTION TO PROCEED UNDER PSEUDONYM - 10