
**U.S. Citizenship and Immigration Services**

MENU

[Home](#) > [Policy Manual](#) > [Volume 2 - Nonimmigrants](#) > [Part A - Nonimmigrant Policies and Procedures](#) > Chapter 4 - Extension of Stay, Change of Status, and Extension of Petition Validity

# Chapter 4 - Extension of Stay, Change of Status, and Extension of Petition Validity

**Guidance**

Resources (9)

Appendices (1)

Updates (11)

---

## A. Extension of Stay or Change of Status

Generally, certain nonimmigrants present in the United States admitted for a specified period of time, or their petitioners, may request an extension of their admission period in order to continue to engage in those activities permitted under the nonimmigrant classification in which they were admitted.[1]

Also, certain nonimmigrants present in the United States or their petitioners may seek to change their status to another nonimmigrant classification if certain requirements are met.[2]

An alien seeking an extension of stay (EOS) or change of status (COS) generally files the request on a Petition for a Nonimmigrant Worker ([Form I-129](#)) or Application to Extend/Change Nonimmigrant Status ([Form I-539](#)),[3] depending upon the nonimmigrant classification the petitioner or applicant seeks to extend or change.[4]

The decision to grant or deny an extension of stay or change of status request involves an exercise of discretion by USCIS. There are a number of factors or factual circumstances that USCIS officers consider when conducting a discretionary analysis.[5]

*Requirements to Timely File a Request to Extend Stay or Change Status*

In general, USCIS does not approve an extension of stay or change of status for a person who failed to maintain the previously accorded status or where such status expired before the filing date of the application or petition.[6] USCIS, in its discretion, may excuse the failure to file before the period of authorized status expired where the requester demonstrates within the extension of stay or change of status request that:

- The delay was due to extraordinary circumstances beyond the person's control;
- The length of the delay was commensurate with the circumstances;
- The person has not otherwise violated their nonimmigrant status;


Need Help? Chat with Emma™

- The person remains a bona fide nonimmigrant; and

- The person is not the subject of removal proceedings and, in the case of extensions of stay, is also not the subject of deportation proceedings. [7]

In general, subject to its discretion, examples of what USCIS considers extraordinary circumstances beyond the control of the person may include, but are not limited to:

- Where the person remained in the United States after the expiration of the period of admission due to a slowdown or stoppage of work involving a strike, lockout, or other labor dispute; or

- Where the primary reason for the late filing is the inability to obtain a certified labor condition application or temporary labor certification due to a lapse in government funding supporting those adjudications.

If USCIS approves an untimely filed application or petition to extend an applicant's or beneficiary's stay, the approval is effective as of the date of the expiration of the prior nonimmigrant admission period. [8] When USCIS approves a late filed application for a change of status, the change of status takes effect on the approval date. USCIS considers the applicant or beneficiary of an approved untimely change of status request to have maintained lawful status during the period USCIS excused. [9]

# B. Extension of Petition Validity

## 1. Significance of Prior USCIS Approvals and Deference

*Deference to Previous Approvals*

A request for an extension of petition validity, which is often submitted in conjunction with an EOS request, follows a previous finding of eligibility for the classification. Typically, these determinations are made by USCIS, although U.S. Customs and Border Protection (CBP) and U.S. Department of State (DOS) also make these determinations. Although there is a previous finding of eligibility, the burden of proof in the request for an extension of petition validity remains on the petitioner. [10]

Officers are not bound to approve subsequent petitions or applications seeking immigration benefits where eligibility has not been demonstrated strictly because of a prior approval (which may have been erroneous). [11] USCIS decides each matter according to the evidence of record on a case-by-case basis. [12] However, deviation from a previous approval carries important consequences and implicates predictability and consistency concerns.

As such, any deviation requires close consideration of the previous approval by USCIS. When adjudicating a subsequent petition or application involving the same parties (for example, petitioner and beneficiary) and the same underlying facts, officers should defer to a prior determination that the beneficiary or applicant is eligible for the nonimmigrant classification sought, where appropriate.

*Deviating from Previous Approvals*

Officers should not defer to prior approvals in cases where:

- There was a material error involved with previous approval(s);

- There has been a material change in circumstances or eligibility requirements; [13] or

- There is new material information that adversely impacts the petitioner's or beneficiary's eligibility.[14]

An officer who determines that deference to a prior approval is not appropriate must acknowledge the previous approval(s) in the denial, Request for Evidence (RFE), or Notice of Intent to Deny (NOID). In addition, the officer must articulate the reason for not deferring to the previous determination (for example, due to a material error, change in circumstances, or new adverse material information). Officers must provide the petitioner or applicant an opportunity to respond to the new information.[15]

As mentioned above, an officer should not defer to a prior approval where new material information is available. This may include publicly available information that affects eligibility for a benefit. For example, an officer may be aware that a petitioner has recently gone out of business. This also includes information that affects national security or public safety garnered from security checks conducted on beneficiaries and petitioners. An officer should not defer to a prior approval when there are indicators of potential fraud or willful misrepresentation of a material fact. The officer must articulate the new material information in an RFE or NOID.

In all cases, officers must obtain supervisory approval before deviating from a prior approval in their final decision.

## 2. Cases Involving Previous Determinations by Other Agencies

USCIS officers consider, but do not defer to, previous eligibility determinations on petitions or applications made by CBP or DOS.[16] Officers make determinations on the petition filed with USCIS and corresponding evidence on record, as provided above.

# C. Split Decisions in Extension Requests

Officers may, when warranted, deny an applicant or petitioner's request to extend the nonimmigrant's stay in the United States in the same classification.[17] Even if an applicant or petitioner continues to demonstrate eligibility for the nonimmigrant classification, an officer may determine that sufficient reason exists to deny the request for an extension of stay (such as inadmissibility factors or failure to maintain status).

This "split" decision process may result in approval of the petition for the same classification where the petitioner and the beneficiary relationship has not changed, and a simultaneous denial of the extension of stay request.

# Footnotes

[^ 1] See 8 CFR 214.1(a). See 8 CFR 214.1(c) for general requirements, such as those relating to passport validity and waivers of inadmissibility for an extension of stay (EOS). The decision to grant or deny an extension of stay request involves an exercise of discretion. See Volume 1, General Policies and Procedures, Part E, Adjudications, Chapter 8, Discretionary Analysis [1 USCIS-PM E.8]. For a list of factors that should be considered in the discretionary analysis, see Volume 1, General Policies and Procedures, Part E, Adjudications, Chapter 8, Discretionary Analysis, Section C, Adjudicating Discretionary Benefits, Subsection 2, Identifying Discretionary Factors [1 USCIS-PM E.8(C)(2)].

[^ 2] See INA 248. See 8 CFR 248. For a list of factors that should be considered in the discretionary analysis, see Volume 1, General Policies and Procedures, Part E, Adjudications, Chapter 8, Discretionary Analysis, Section C, Adjudicating Discretionary Benefits, Subsection 2, Identifying Discretionary Factors [1 USCIS-PM E.8(C)(2)].

[^ 3] See 8 CFR 214.1(c). The application should be filed in accordance with the form instructions.

[^ 4] The instructions for Form I-539 and Form I-129 provide detailed information regarding who may file each form. A petitioner or applicant may file a Supplemental Information for Application to Extend/Change Nonimmigrant Status (Form I-539A) or Petition for a CNMI-Only Nonimmigrant Transitional Worker (Form I-129CW) where applicable.

[^ 5] See Volume 1, General Policies and Procedures, Part E, Adjudications, Chapter 8, Discretionary Analysis [1 USCIS-PM E.8].

[^ 6] See 8 CFR 214.1(c)(4) and 8 CFR 248.1(b).

[^ 7] See 8 CFR 214.1(c)(4) and 8 CFR 248.1(b).

[^ 8] See 8 CFR 214.1(c)(4).

[^ 9] The period of stay for a beneficiary admitted as an H-1B or H-2 is limited by the validity of the labor certification as modified by 8 CFR 214.2(h)(13)(i)(A) and 8 CFR 214.2(h)(5)(viii)(B) (setting the number of days before the validity period when a beneficiary may be admitted and after the expiration of that period before the beneficiary must depart). See 8 CFR 214.2(h)(15)(ii)(C) and 8 CFR 214.2(h)(9)(iii)(A)(1). For a discussion of how approved untimely requests impact the adjudication of a subsequent adjustment application, see Volume 7, Adjustment of Status, Part B, 245(a) Adjustment, Chapter 4, Status and Nonimmigrant Visa Violations (INA 245(c)(2) and INA 245(c)(8)), Section E, Exceptions, Subsection 3, Effect of Extension of Stay and Change of Status [7 USCIS-PM B.4(E)(3)].

[^ 10] See INA 291. See Volume 1, General Policies and Procedures, Part E, Adjudications, Chapter 4, Burden and Standards of Proof [1 USCIS-PM E.4].

[^ 11] See Matter of Church Scientology International (PDF), 19 I&N Dec. 593, 597 (Comm. 1988).

[^ 12] See Volume 1, General Policies and Procedures, Part E, Adjudications, Chapter 2, Record of Proceeding [1 USCIS-PM E.2] for information on what constitutes a record of proceeding.

[^ 13] This includes situations in which the regulations require criteria to be met after approval, such as the nonimmigrant treaty investor (E) classification at 8 CFR 214.2(e)(2)(i) (petitioner must be actively in the process of investing a substantial amount of capital in a bona fide enterprise), and the nonimmigrant intracompany transferee (L) classification at 8 CFR 214.2(l)(3)(v)(C) (a new office has 1 year from the date of the initial approval to support an executive or managerial position).

[^ 14] A fact is material if it would have a natural tendency to influence or is predictably capable of affecting the decision. See Kungys v. United States, 485 U.S. 759, 770-72 (1988). See Matter of D-R- (PDF), 25 I&N Dec. 445, 450 (BIA 2011).

[^ 15] See 8 CFR 103.2(b)(16)(i).

[^ 16] For example, L-1, TN, E-1, E-2, and H-1B1 eligibility determinations.

[^ 17] See 8 CFR 214.1(c)(5).

Current as of November 03, 2025