UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL NURSE FORCE, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>DONALD J. TRUMP, et al.,<br><br>　　　　Defendants. | Case No. 25-cv-08454-HSG<br><br>**ORDER DENYING MOTION TO INTERVENE**<br><br>Re: Dkt. No. 33 |

　　　Pending before the Court is a motion to intervene, filed by pro se litigant Piero A. Bugoni. Dkt. No. 33. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). Mr. Bugoni contends that he has been "displaced" as an employee by companies who have utilized the H1-B visa program and that he now operates as a "freelance H1B Fraud detector." *See id.* at 1–2. Mr. Bugoni appears to assert that moving forward, the government may pay him "on a contractual basis to detect fraud." *Id.* at 2. As such, he suggests that he has an economic interest in the outcome of this case.

　　　To intervene as of right under Federal Rule of Civil Procedure 24(a), a movant must show:

> (1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest.

*Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (citing *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006)). To intervene by permission under Rule 24(b), a movant must show:

> (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or a question of fact in common . . . As with motions for intervention as of right, [a] finding of untimeliness defeats a motion for permissive intervention.

*League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997) (quotations omitted) (brackets in original). "A motion for permissive intervention pursuant to Rule 24(b) is directed to the sound discretion of the district court." *San Jose Mercury News, Inc. v. U.S. Dist. Court--N. Dist. (San Jose)*, 187 F.3d 1096, 1100 (9th Cir. 1999). "In exercising its discretion" on this issue, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

Critically, Mr. Bugoni makes no effort to explain why intervention under Rule 24(a) or (b) is appropriate under these circumstances. Mr. Bugoni appears to have personal views about the visa program, and a speculative hope that he may benefit financially from restrictions on the program. But he does not identify any concrete, protectable interest in this case. And even if his vague financial interests were sufficient, Mr. Bugoni has not explained why Defendants cannot adequately represent such interests. Moreover, even assuming Mr. Bugoni could meet the threshold requirements for permissive intervention, the Court finds that allowing him to intervene would significantly hinder the efficient case management and disposition of this case. As his motion makes clear, Mr. Bugoni has strong personal views about the case, but he is not a lawyer and does not proffer any arguments that could substantively move the case forward. The Court accordingly **DENIES** the motion to intervene. Dkt. No. 33.

**IT IS SO ORDERED.**

Dated: 12/3/2025

HAYWOOD S. GILLIAM, JR.
United States District Judge