BRETT A. SHUMATE
*Assistant Attorney General*
Civil Division

GLENN M. GIRDHARRY
*Acting Deputy Director*
Office of Immigration Litigation

JAIME SCOTT
*Trial Attorney*

DAVID J. BYERLEY
*Senior Litigation Counsel* (DC #1618599)
Office of Immigration Litigation
United States Department of Justice
P.O. Box 868 Ben Franklin Station
Washington, D.C.  20044
202-532-4523 | David.Byerley@usdoj.gov

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION**

| | |
|---|---|
| GLOBAL NURSE FORCE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>Defendants. | No. 4:25-cv-08454-HSG<br><br>**DEFENDANTS' OPPOSITION TO [3] MOTION TO PROCEED PSEUDONYMOUSLY.**<br><br>Judge: Hon. Haywood S. Gilliam, Jr.<br>Hearing:<br>Place: |

**TABLE OF CONTENTS**

STATEMENT OF RELIEF ................................................................................................................ 1

ISSUES PRESENTED FOR REVIEW ........................................................................................... 1

INTRODUCTION ............................................................................................................................ 1

LEGAL STANDARD....................................................................................................................... 2

ARGUMENT .................................................................................................................................... 3

    I.     Plaintiffs Failed to Serve Sufficient Process and Filed a Deficient Complaint. ................. 3

    II.    The Balance of Factors Tips Against Pseudonymity. ....................................................... 5

CONCLUSION............................................................................................................................... 10

## STATEMENT OF RELIEF

Defendants respectfully request that the Court deny Plaintiffs' motion to proceed pseudonymously, and to order Plaintiffs to comply with Federal Rules of Civil Procedure 4(a)(1)(A) and 10(a).

## ISSUES PRESENTED FOR REVIEW

1. Whether Plaintiffs can ignore the requirements of Federal Rule of Civil Procedure 4(a) and 10(a), and thereby strategically withhold their identities from Defendants?
2. Whether Plaintiffs can shield their identities as a means to cut off inquiry into their Article III standing?
3. Whether Plaintiffs have demonstrated that the use of pseudonyms is warranted here based on the inclusion of sensitive but unnecessary information, unsupported claims of fear of retaliation, and controversiality of the lawsuit, while simultaneously conducting a media blitz drawing attention to the lawsuit?

## INTRODUCTION

On October 3, 2025, Plaintiffs—a collection of for-profit corporations, religious organizations, unions, and two anonymous individuals—filed suit against the Government over Presidential Proclamation 10973 issued on September 19, 2025. *See* Proclamation No. 10973, 90 Fed. Reg. 46,027 (Sept. 19, 2025) ("H-1B Proclamation"). This Proclamation, issued under the President's statutory authority to restrict entry of non-citizens under 8 U.S.C. § 1182(f) and § 1185(a), temporarily restricts entry of certain H-1B workers. The H-1B program, as originally conceived, was intended to fill gaps in the U.S. labor market. The President found that the H-1B program has been abused and exploited for decades to replace Americans with foreign labor.[1] *Id.* Therefore, the President exercised his authority under 8 U.S.C. § 1182(f) and § 1185(a) to restrict "the entry into the United States of aliens as nonimmigrants to perform services in a specialty occupation under [§ 1101(a)(15)(H)(i)(B)]… except for those aliens whose petitions are accompanied or supplemented by a payment of $100,000" and directed the "Secretary of

---

[1] *How H-1B Visas Have Been Abused Since the Beginning*, CBS News (August 13, 2017) (https://www.cbsnews.com/news/how-h-1b-visas-have-been-abused-since-the-beginning/)

Homeland Security shall restrict decisions on petitions not accompanied by a $100,000 payment for H-1B specialty occupation workers[.]" *Id.* An exception exists for those whom "the Secretary of Homeland Security determines, in the Secretary's discretion, that the[ir] hiring… is in the national interest and does not pose a threat to the security or welfare of the United States." *Id.* The proclamation expires on September 21, 2026. *Id.*

Assuming, *arguendo* that the anonymous Plaintiffs' allegations are true, Phoenix Doe and John Smith are both adults who are present in the United States in other nonimmigrant statuses. Phoenix Doe and John Smith cite "fear of retaliation" and that "their immigration status is directly at issue in the suit" as the central reason why they wish to proceed anonymously, and Phoenix Doe further claims to have "PTSD and rel[ies] on ongoing treatment and an emotional support animal" and "does not want details of her mental health history to be publicly linked to her name." *See* Motion to Proceed Under Pseudonym ("Mot.") at 6-7; Doe Decl. ¶ 10. These allegations are insufficient, and pseudonyms are unwarranted for multiple reasons. The Motion should be denied.

## **LEGAL STANDARD**

"[T]he identity of the parties in any action, civil or criminal, should not be concealed except in an unusual case, where there is a need for the cloak of anonymity." *United States v. Doe*, 488 F.3d 1154, 1156 n.1 (9th Cir. 2007). It should be granted only when "special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000). That is, "in the unusual case when nondisclosure of the party's identity is necessary ... to protect a person from harassment, injury, ridicule or personal embarrassment." *Id.* Pseudonyms are only appropriate "when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* Similar to the presumption against sealing, the presumption against proceeding pseudonymously "is loosely related to the public's right to open courts" and also the right to confront accusers. *Doe v. Kamehameha Sch.*, 596 F.3d 1036, 1042 (9th Cir. 2010). Courts faced with such requests balance five factors: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, (3) the anonymous party's vulnerability to such retaliation, (4) the prejudice to the opposing party, and (5) the public interest. *Id.*

## ARGUMENT

Plaintiffs seek to proceed not only pseudonymously, but *anonymously*—i.e., they seek an order "prevent[ing] disclosure of Plaintiffs' identities to Defendants"—presumably, even for remedial purposes. Plaintiffs have, therefore, excused themselves from compliance with either Rule 10(a) or Rule 4(a)(1)(A), which require Plaintiffs to identify themselves in the Complaint and summons, respectively. Even if Plaintiffs might possibly be excused from proceeding using their real names on the public docket, they are not excused from the Federal Rules of Civil Procedure governing sufficient process and notice pleading.

In any event, Plaintiffs have not made the required showing by their vague conclusions that they need pseudonymity in this case. This Court does not lightly grant motions that would foreclose transparency of the court's proceedings and its records, and holds such motions to a high standard. *Thuy Bich Tran v. Mayorkas*, No. 22-cv-02983-HSG, 2023 U.S. Dist. LEXIS 170690 (N.D. Cal. Sep. 25, 2023) (Gilliam, J.) (closely analyzing appropriateness of sealing, despite a joint motion and closure of the case). Court should therefore deny the request.

### I. Plaintiffs Failed to Serve Sufficient Process and Filed a Deficient Complaint.

Under Federal Rule of Civil Procedure 12(b)(4), a Complaint is subject to dismissal if the summons is defective – i.e., if it does not comply with Rule 4(a)'s requirements. The very first requirement of Rule 4(a) is the requirement to "name the court and the parties." Fed. R. Civ. P. 4(a)(1)(A). While Rule 4 is a "flexible rule," that flexibility exists only "so long as a party receives sufficient notice of the complaint." *UFCW, Locals 197 & 373 v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984). And even if such flexibility applied here, "flexible" does not mean "optional." Plaintiffs should be required to comply with Rule 4(a).

The summons here does not provide the Plaintiffs' names, as required by Federal Rule of Civil Procedure 4(a)(1)(A). Proceedings instituted by unnamed plaintiffs are jurisdictionally barred, as "absent permission by the district court to proceed anonymously, the federal courts lack jurisdiction over unnamed parties as a case has not been commenced with respect to them." *M.M. v. Zavaras*, 139 F.3d 798, 801 (10th Cir. 1998). A summons and complaint which does not properly name the parties—including the plaintiffs—is insufficient. *A.N. v. Landry*, 338 F.R.D.

347, 351 (M.D. La. 2021); *Doe v. Husband*, No. 4:03cv166, 2004 U.S. Dist. LEXIS 28345, at *19-20 (E.D. Va. Aug. 16, 2004) ("Arguably, a summons which contains a pseudonym (absent the Court's permission) is insufficient and, as a result, the court does not have jurisdiction…."). Even if the defect does not present a jurisdictional issue, it certainly presents a notice pleading issue. *Doe v. Kaiser Found. Health Plan, Inc.*, No. 2:25-cv-02371-SRM (JDEx), 2025 LX 330855, at *2 (C.D. Cal. May 29, 2025) ("Generally, under Federal Rule of Civil Procedure 10(a), a plaintiff must name all of the parties in the title of the complaint.").

Here, Defendants do not know who the Plaintiffs are – that information was improperly omitted from both the Complaint and the summons, and Plaintiffs have not otherwise disclosed their identities to Defendants or the Court. *L.K. v. USCIS*, No. 24-CV-00675-LJC, 2024 WL 2886051, at *1 (N.D. Cal. Feb. 20, 2024) ("Plaintiff filed the Complaint only with his initials, meaning that even if he files proof of service indicating they have been served with summons and a copy of the Complaint, that will not establish that Defendants already know who has sued them." (internal marks omitted)). As noted by another court in this district, the fact that the *Court* also does not know who the Plaintiffs are prevents any meaningful analysis of whether the use of pseudonyms is even appropriate. *L.K.*, 2024 U.S. Dist. LEXIS 28816, at *4. Indeed, Defendants cannot fully respond to the pseudonym motion—much less consider consenting to it—without knowing who, exactly, is claiming a need for pseudonyms.[2] Per Plaintiffs' motion, they are

---

[2] While anecdotal, undersigned counsel notes that filing anonymous complaints and holding disclosure of the true identities hostage is becoming an increasingly prevalent tactic. The undersigned has, in cases where the identities have been disclosed upfront (either via a redacted complaint under seal or disclosed by email), consented to or not opposed reasonable pseudonym requests. *E.g.*, *Doe v. Mayorkas*, No. 0:22-cv-03142 (D. Minn.), *A.M.S. v. Noem*, No. 1:25-cv-00476 (D.D.C.). The undersigned has also (before this Court) jointly moved to seal where the aim was a legitimate need to protect plaintiffs from unnecessary disclosure of sensitive personal information. *Thuy Bich Tran v. Mayorkas*, No. 22-cv-02983-HSG, 2023 U.S. Dist. LEXIS 170690 (N.D. Cal. Sep. 25, 2023) (Gilliam, J.). But the issue arises where the identities are withheld long into Defendants' response time for use as a bargaining chip to leverage the Government into concessions in exchange for the identity information it needs to respond. *See*, *e.g.*, Tr. (ECF #56), *Roe v. Mayorkas*, No. 1:22-cv-10808 (D. Mass.). Clearly, pseudonym protections were not intended to be weaponized as a stratagem. The Government further notes Plaintiffs could have filed a sealed complaint without pseudonyms and a public copy with redactions under Civil L.R. 79-5(e), but this available procedure was not used.

---

DEFENDANTS' OPPOSITION TO [3] MOTION TO PROCEED PSEUDONYMOUSLY
No. 4:25-cv-08454-HSG

4

withholding their true identities pending a confidentiality agreement favorable to them, which *inter alia* forbids the agencies from investigating or disputing their allegations. Mot. 8 (requesting an order that "prevent[s] disclosure of Plaintiffs' identities to Defendants"). Not only is this an improper weaponization of pseudonyms—*i.e.*, using them to gain an advantage in the litigation—but this refusal also precludes any meaningful discussion on Defendants' side about whether to consider an out-of-court resolution for Smith or Doe, and it also prevents the Court from entering individual relief (even assuming such is appropriate).

The bottom line is that Plaintiffs cannot absolve themselves of Rule 4(a)'s and 10(a)'s requirements and withhold their identities from Defendants absent a Court order,[3] which Plaintiffs wrongly presumed would be rubberstamped.

**II.    The Balance of Factors Tips Against Pseudonymity.**

This district's local rules specify "[t]he public has a right of access to the Court's files," and orders stymieing that right are not entered lightly. Civil L.R. 79-5. Similar to sealing, the Court must balance compelling public interests in the transparency of the judiciary and measure it against the claimed private interests in closing that access. *Thuy Bich Tran*, 2023 U.S. Dist. LEXIS 170690, at *3. As noted *supra*, the Court considers five factors: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, (3) the anonymous party's vulnerability to such retaliation, (4) the prejudice to the opposing party, and (5) the public interest. *Kamehameha Sch.*, 596 F.3d at 1042. The balancing test disfavors disclosure here.

*First*, Plaintiffs claim that the threatened harm is "severe" because "their immigration status is directly at issue in the suit." Mot. at 4. But a review of the Complaint shows that this is not true. Plaintiff Phoenix Doe alleges she is here lawfully in F-1 student status with employment authorization under 8 C.F.R. §§ 214.2(f)(10)(ii)(C) and 274a.12(c)(3)(i)(C). John Smith seems to allege that he entered the United States as an R-1 nonimmigrant religious worker in sometime in 2022, and claims that his "R-1 visa is set to expire on November 1, 2026."[4] Compl. ¶¶ 147, 152-

---

[3]     Defendants expressly preserve arguments for dismissal under Rule 12(b)(4).
[4]     Smith does not specify the month of entry, but 2022 to 2026 is only four years. An alien worker can hold R-1 status for up to five years. 8 U.S.C. § 1101(a)(15)(R). The initial period of

DEFENDANTS' OPPOSITION TO [3] MOTION TO PROCEED PSEUDONYMOUSLY
No. 4:25-cv-08454-HSG
5

53. Importantly, however, neither Smith nor Doe allege that petitions seeking H-1B status have been filed on their behalf by a U.S. employer. Although their current statuses and/or pending/future applications are facts relevant to their Article III standing (as explained *infra*), Smith or Doe's R-1 or F-1 immigration statuses are not "at issue," as illustrated by the Prayer for Relief in their Complaint which does not request any relief specific to them or their statuses.

Plaintiff Phoenix Doe alleges additional harm from litigating in her own name because she "has been diagnosed with PTSD, relies on ongoing treatment and an emotional support animal… and does not want details of her mental health history to be publicly linked to her name." Mot. 6-7. But Doe's claimed ailments and her emotional support animal have absolutely nothing to do with Plaintiffs' "challenge [to] the legality and implementation of the Proclamation." Compl. ¶ 15; *cf. Doe v. City & Cty. of S.F.*, No. 25-cv-02976-AGT, 2025 LX 161035, at *3 (N.D. Cal. Apr. 2, 2025) (allowing pseudonyms to protect mental health privacy where mental healthcare was the essence of the underlying lawsuit). Plaintiffs provide *no* support for the proposition that they are entitled to proceed pseudonymously by creating their own problem, *i.e.*, unnecessarily injecting sensitive but completely irrelevant information into their pleadings. If Doe did "not want details of [her] mental health history to be publicly linked to [her] name[]" (Doe Decl. ¶ 10), then there was an easy way to do that: do not assert unredacted irrelevant personal information into pleadings that clearly do not require them. But her choice to do so, which seems to have been for the purpose of proceeding anonymously, does not entitle her to pseudonym protections.

*Second*, Plaintiffs' claimed fear is unreasonable. Per Doe's declaration, she lives in San Francisco and fails to provide support that she would be subjected to anti-lawful immigrant sentiment in her community. Moreover, Doe unreservedly asserts that she is a well-known figure in her field (Doe ¶ 5), and she has provided details that could likely be used by those outside her

---

admission as an R-1 is for up to 30 months, and after that initial period, R-1 status may be extended for another 30 months. 8 C.F.R. § 214.2.(r)(4)-(5). It is unclear whether Plaintiffs are referring to the validity of Smith's R visa, his R-1 status granted upon admission, or whether they have simply mistaken the math or the dates. But this is yet another example of why Plaintiffs must disclose their identities.

DEFENDANTS' OPPOSITION TO [3] MOTION TO PROCEED PSEUDONYMOUSLY
No. 4:25-cv-08454-HSG

6

field to identify her regardless.[5] *Id.* As such, her fear is not well-founded, and she has taken steps to release information via declaration that may render the pseudonym ineffectual. John Smith, on the other hand, appears to be a well-respected and well-liked figure in his own congregation and community (Smith Decl. ¶¶ 3, 8), and he nowhere explains why he believes that his community that he claims is dependent on him and to whom he avers is "deeply connected"—and therefore, is almost assuredly aware that he is not a U.S. citizen—would suddenly "subject [him] to harassment, violence, or discrimination" if they discovered his R-1 visa expires a year or more from now. *Compare* Smith Decl. ¶¶ 3, 8 *with id.* ¶ 14. With the benefit of a second thought, Smith's claimed fear of his congregation and community makes no sense. Bare "allegations of threats and harassment is insufficient to outweigh the customary and constitutionally embedded presumption of openness in judicial proceedings[.]" *Hisp. Fed'n v. Byrd*, No. 4:23cv218-MW/MAF, 2023 U.S. Dist. LEXIS 237924, at *10 (N.D. Fla. July 17, 2023).

    *Third*, the claim that the Government will retaliate against Doe's or Smith's purported future filing of immigration benefit requests based on their participation in this lawsuit goes against the presumption of regularity, and strong evidence is required to displace that presumption. *United States v. Chem. Found., Inc.*, 272 U.S. 1, 14-15 (1926). Plaintiffs do not present any. Even if generalized allegations were enough, Plaintiffs have not shown why they are more at risk than the thousands of citizens and non-citizens (many of whom, unlike Plaintiffs, lack lawful status) who sue the Government over denied benefits annually. *Brnovich v. Biden*, No. CV-21-01568-PHX-MTL, 2021 U.S. Dist. LEXIS 255953, at *7-8 (D. Ariz. Dec. 15, 2021) (denying pseudonyms to federal employee suing over the vaccine mandate, noting the threat of retaliation was no different than that faced by any other federal employee challenging the Biden administration's vaccine mandate); *Merten*, 219 F.R.D. at 392 (ruling "immigration status is not a matter of sensitive and highly personal nature" that requires pseudonyms (internal marks

---

[5] While Defendants believe they have correctly identified Doe through internet searches using the information she provided, neither Article III permits nor the Federal Rules require that the Court or Defendants should have to proceed based on guesswork.

1   omitted)). Were threadbare and vague allegations of retaliation conclusive, there would be
2   virtually no benefit-denial cases—even outside the immigration context—in which plaintiffs use
3   their own names. Flimsy allegations of harm and a generalized fear applicable to every lawsuit
4   challenging the denial of any government benefit should not be found sufficient. *Hagestad v.*
5   *Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) ("This presumption of access may be overcome
6   only on the basis of articulable facts known to the court, not on the basis of unsupported
7   hypothesis or conjecture." (internal marks omitted)).

8        Plaintiffs also cite "the intense ongoing debate" about immigration policy, but debates
9   over policies and politics do not warrant pseudonyms in civil litigation. And courts have found
10  that litigating hot button issues does not mean litigants are automatically entitled to pseudonyms.
11  *See, e.g.*, *Brnovich*, 2021 U.S. Dist. LEXIS 255953, at *11 (denying pseudonyms to federal
12  employee suing the Biden administration over vaccine mandate); *Merten*, 219 F.R.D. at 394
13  (denying pseudonyms to non-citizens in "challenge Virginia's alleged policy of denying college
14  admission to illegal aliens").  Indeed, many issues that are more controversial than this one,
15  including those with minor plaintiffs, have not been anonymous.  *E.g.*, *Fisher v. Univ. of Tex.*,
16  579 U.S. 365 (2016) (challenge by named high school students to UT's affirmative action
17  policies); *Kerry v. Din*, 576 U.S. 86 (2015) (challenge by named citizen to refusal to issue a visa
18  to Taliban-affiliated spouse); *Zivotofsky v. Clinton*, 566 U.S. 189 (2012) (challenged by named
19  10-year-old plaintiff to refusal to list "Jerusalem, Israel" on his passport); *see also Doe v.*
20  *Kamehameha Sch.*, No. 08-00359 JMS-BMK, 2008 U.S. Dist. LEXIS 88594, at *23-24 (D. Haw.
21  Oct. 28, 2008) ("The federal courts have heard many controversial education-related civil rights
22  cases brought by minor plaintiffs who proceeded in their own names." (collecting cases)).
23  Claimed "online attacks" of others or "public criticism" of others, which Plaintiffs also cite (Mot.
24  5), are also not enough to warrant pseudonyms. *Kamehameha Sch.*, 596 F.3d at 1045 (finding no
25  abuse of discretion in denying pseudonyms to non-Native children despite "threats on the
26  internet… [and] random acts of racial violence against non-Native Hawaiian children….
27  [a]mplified by calls for 'kill haole day everyday,' when a non-Native was recently admitted to
28  Kamehameha."); *Brnovich*, 2021 U.S. Dist. LEXIS 255953, at *9 (finding President Biden's

statement that his "patience is wearing thin" with federal employees refusing COVID vaccines was not construable as a "true intent to harm"). Smith and Doe—both of whom are adults who claim to be well-known and highly-valued by their respective communities—have simply not alleged they are particularly vulnerable to retaliation.

*Fourth*, pseudonymity prejudices Defendants' ability to investigate the claim and contest standing, and precludes the Court from assessing standing. Plaintiffs cannot use pseudonymity to cut off the Court's line of inquiry into Article III standing by shielding critical jurisdictional facts from review. *Jane Doe 1 v. Merten*, 219 F.R.D. 387, 394 (E.D. Va. 2004) ("…an assessment of plaintiffs' standing to litigate these issues clearly does depend on their identity."); *see also Kamehameha Sch.*, 2008 U.S. Dist. LEXIS 88594, at *22 (denying pseudonymity where doing so would mean "the public might not 'fully understand the basis for the Court's decision' as to standing."). Even without their identities, their allegations of standing fall short, because both Doe and Smith claim to already be lawfully in the United States and do not allege any H-1B petitions have been filed on their behalf, let alone approved with consular processing and a required payment, *cf.* H-1B Proclamation § 1(a)-(b). Further, they may (or may not) be pursuing alternate pathways that if fruitful would render their claims moot.[6] The Court should not allow Smith and Doe to hide behind pseudonymity to avoid scrutiny of their Article III standing, as Article III does not permit the Court to proceed without such scrutiny. *Murthy v. Missouri*, 603 U.S. 43, 44 (2024).

*Fifth*, while it is true that pseudonyms are more generously allowed when a governmental entity is a party, proceeding anonymously is still the exception – "the default presumption is that the plaintiffs will use their true names." *Kamehameha Sch.*, 596 F.3d at 1046. Plaintiffs have offered only generalized and irrational fears, and have not carried their burden to show they are warranted. Further, pseudonyms are also not the "least restrictive method of ensuring Plaintiff Phoenix Doe's and Plaintiff John Smith's privacy." Mot. 7. The only specific privacy interest

---

[6] For example, Smith alleges he is pursuing at least one other pathway beyond an H-1B. Compl. ¶ 153. And if Smith's R-1 status actually outlasts the H-1B Proclamation by a matter of years (*see* supra n.4), then his alleged future injury, which is already speculative, becomes much more speculative.

here is in Doe's mental health information and her emotional support animals, both of which are totally irrelevant to the claims. Therefore, the least restrictive method of ensuring Doe's privacy is to simply omit (or, alternatively, redact[7]) the unnecessary mental health and support animal factoids Doe has inserted into her pleadings, which appears to have been done solely for the purpose of justifying her request for anonymity.

*Sixth*, although not a traditional *Kamehameha* factor, Plaintiffs' publicity campaigns for this lawsuit should be considered disentitling – as other courts in this circuit have found. *Doe v. Lombardo*, No. 3:24-cv-00065-MMD-CSD, 2024 U.S. Dist. LEXIS 191913, at *20 (D. Nev. Oct. 18, 2024) ("Plaintiff's actions to publicize her case, including through press conferences and online publications, weigh against her argued need for privacy."); *Doe v. City of Las Vegas*, No. 2:19-cv-00382-GMN-BNW, 2019 U.S. Dist. LEXIS 106645, at *5 (D. Nev. June 25, 2019) ("steps to publicize the case and other actions she has endorsed are inconsistent with a desire to remain anonymous"). Plaintiffs' argument that this lawsuit "involves matters of a sensitive and highly personal nature" simply cannot be reconciled with their ongoing publicity campaigns for this lawsuit, which has included numerous press releases and webpages already,[8] complete with advertisements to the pleadings and the docket.[9] Plaintiffs cannot be the source of the risks to their privacy, and their own media blitzes cannot be the reason why pseudonyms are necessary.

## CONCLUSION

The balance of factors do not favor pseudonyms here. The Court should deny the motion.

---

[7] Defendants would consent to redaction of this information.

[8] *Press Release: Broad Coalition Sues to Block Trump-Vance Administration's Innovation Ban*, Democracy Forward (October 3, 2025) (https://democracyforward.org/updates/h1b-lawsuit/); *Press Release: Broad Coalition Sues to Block Trump-Vance Administration's "Innovation Ban* [sic], Democracy Forward (October 8, 2025) (https://democracyforward.org/work/h-1b-lawsuit/); *Press Release: Facing Litigation, Trump-Vance Administration Weakens their "Innovation Ban" in Major H-1B Win for Workers in America*, Democracy Forward (October 20, 2025) (https://democracyforward.org/updates/h1b-uscis-guidance/).

[9] That Doe's information might be irretrievably publicized at this point because of Democracy Forward's publicity campaign is no reason to grant pseudonyms. That is a self-inflicted injury.

---

DEFENDANTS' OPPOSITION TO [3] MOTION TO PROCEED PSEUDONYMOUSLY
No. 4:25-cv-08454-HSG

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*
Civil Division

GLENN M. GIRDHARRY
*Acting Deputy Director*
Office of Immigration Litigation

JAIME SCOTT
*Trial Attorney*

*/s/ David J. Byerley*
DAVID J. BYERLEY (DC# 1618599)
*Senior Litigation Counsel*
Office of Immigration Litigation
United States Department of Justice
P.O. Box 868, Ben Franklin Station
Washington, D.C.  20044
202-532-4523 | David.Byerley@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 12, 2025, I electronically filed the foregoing document with the Clerk of the Court via CM/ECF and service will be accomplished via the Court's CM/ECF notification system.

/s/ David J. Byerley
DAVID J. BYERLEY (DC# 1618599)

*Counsel for Defendants*