BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General
Office Of Immigration Litigation

TIBERIUS DAVIS
Counsel To The Assistant Attorney General

GLENN GIRDHARRY
Acting Deputy Director

DAVID J. BYERLEY
Senior Litigation Counsel

JAIME A. SCOTT
Trial Attorney
DC Bar # 90027182
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Washington, D.C. 20044
Telephone: (202) 305-3620
Email: Jaime.A.Scott@usdoj.gov

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL NURSE FORCE, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, President of the United States, *et al.*,<br><br>Defendants. | Case No. 4:25-cv-8454-HSG<br><br>**OPPOSITION TO [77] ADMINISTRATIVE MOTION TO EXPEDITE HEARING AND CROSS-MOTION FOR A STAY OR EXTENSION OF TIME IN THE ALTERNATIVE** |

OPP. TO ADMIN. MOT. &
CROSS MOT. FOR STAY & EXT. OF TIME  1                                     No. 4:25-cv-8454-HSG

Plaintiffs, after two and a half months since filing their original complaint and nearly three months since Presidential Proclamation 10973 went into effect, now seek "urgent" preliminary injunctive relief and class certification mere days before the government is closed for four days for the holidays.[1] Plaintiffs argue that their motions must be heard expeditiously because they are facing "imminent irreparable harm", but Plaintiffs fail to explain how this harm is any different than the alleged harm they have been experiencing for months. Compl. ¶ 104 ("The Proclamation and new Agency Policies harm both Plaintiffs and the broader public."). Due to this alleged urgency, Plaintiffs request that the court expedite a hearing on their pending motions to "either January 22, 2026, January 29, 2026, or any date between those dates, at the Court's convenience."

However, Plaintiffs' unexcused delay in seeking injunctive relief necessarily implies a lack of urgency. *Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674–75 (9th Cir. 1988) (holding the threat of irreparable harm must be imminent); *Lydo Enters., Inc. v. City of Las Vegas*, 745 F.2d 1211, 1213 (9th Cir. 1984) ("A delay in seeking a preliminary injunction is a factor to be considered in weighing the propriety of relief"); *see also Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244, 1248 (11th Cir. 2016) ("a party's failure to act with speed or urgency in moving for a preliminary injunction necessarily undermines a finding of irreparable harm."); *Nat. Res. Def. Council v. Pena*, 147 F.3d 1012, 1026 (D.C. Cir. 1998) ("If the plaintiff has failed to prosecute its claim for injunctive relief promptly, and if it has no reasonable explanation for its delay, the district court should be reluctant to award relief"). Plaintiffs also fail to present any urgency as to why their class certification motion must be reviewed on an expedited basis. The court should thus

---

[1] *See* https://www.whitehouse.gov/presidential-actions/2025/12/providing-for-the-closure-of-executive-departments-and-agencies-of-the-federal-government-on-december-24-2025-and-december-26-2025/.

OPP. TO ADMIN. MOT. &
CROSS MOT. FOR STAY & EXT. OF TIME  2                              No. 4:25-cv-8454-HSG

decline to reward Plaintiffs with expedited treatment, when the court itself is unavailable, for strategically filing a preliminary injunction and class certification motion before the holidays.

Plaintiffs' lack of exigency in filing their motions has resulted in litigation on the same issue being much further along in another district. *See Chamber of Commerce v. Trump*, No. 3:25-cv-8454 (D.D.C.). On December 19, 2025, the U.S. District Court for the District of Columbia held a hearing on summary judgment, and the complaint in *Chamber of Commerce*, which also alleges that Presidential Proclamation 10973 is in excess of statutory authority and unlawful under the Administrative Procedures Act, is now being considered on the merits. To avoid duplicative efforts in this district and in the District of D.C., Defendants also move for a stay of this litigation pending an order in *Chamber of Commerce*.

This district court has "broad discretion to stay proceedings." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket…." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis*, 299 U.S. at 254). In *Landis*, the Supreme Court held that a litigant in one case could be subjected to a stay while another case was decided upon if "immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted." 299 U.S. at 254.

Here, a limited stay while the District of D.C. determines the merits of the *Chamber of Commerce* complaint[2] aligns with the holding in *Landis* and would conserve both Parties resources in this pending litigation. A limited stay would not be consequential to the Parties for the reasons

---

[2] There is no reason to believe the District of D.C. will be slow moving in deciding the merits of the *Chamber of Commerce* complaint. The suit was filed on October 16, 2025 and a summary judgment hearing was held on December 19, 2025.

OPP. TO ADMIN. MOT. &
CROSS MOT. FOR STAY & EXT. OF TIME   3                                    No. 4:25-cv-8454-HSG

explained above: Plaintiffs have waited months to file the pending motions only to strategically file them just before the holidays, showing a lack of imminent harm. Moreover, Plaintiffs have still not yet cured the defective summons, despite notice. Moreover, Plaintiffs' proposed class of "all U.S. employers who have filed or will file an H-1B petition that is subject to the $100,000 fee" (ECF No. 76 at 3), has substantial overlap with the D.C. litigation. The parties there are organizations seeking associational standing to represent hundreds of thousands of employers. If Plaintiffs in that case prevail, much of the relief here will be duplicative. If they lose, many class members here will get an unjust second bite at the apple. Finally, public interest and convenience will be promoted because the outcome of the *Chamber of Commerce* litigation has the potential to narrow the issues in this present litigation. Counsel for Defendants requested Plaintiffs' position on this stay motion via email on December 19, 2025, and Plaintiffs oppose the motion.[3]

If the court is not inclined to grant a stay, Defendants move in the alternative, pursuant to Local Rule 6-3, for an extension of time to submit an opposition to Plaintiffs' Motion for Preliminary Injunction (ECF No. 75) and Motion for Class Certification (ECF No. 76) by twenty-eight (28) days, to be submitted on or before January 29, 2026. This is the first extension request with regards to Plaintiffs' Motion for Preliminary Injunction (ECF No. 75) and Motion for Class Certification (ECF No. 76).[4] Due to prescheduled leave of undersigned counsel (including leave that would be forfeited if unused), as well as the government's closure on December 24, 2025, December 25, 2025, December 26, 2025, and January 1, 2026, the requested extension will provide Defendants the necessary additional time to consult with the Defendant agencies and meaningfully respond to the claims set forth in Plaintiffs' motions. Additionally, the complexity of this litigation,

---

[3] *See* Scott Decl.
[4] The Court granted Defendants' unopposed motion to extend the time to respond to the complaint on December 4, 2025.

and the sheer volume of Plaintiffs' filings warrant additional time to meaningfully respond to the motions. Because a hearing on both motions is currently noticed for February 12, 2026, this extension will not prejudice Plaintiffs as they will have time to reply, and the Court will have time to consider all briefings, before the hearing date.

However, substantial harm will prejudice Defendants if not given adequate time to respond to Plaintiffs' motions. Plaintiffs have waited months to compile over 500 pages of filings, while Defendants, without extension, would only have two weeks to respond – two weeks that would include Christmas and New Years, when both agency counsel and DOJ counsel have limited availability. Given prescheduled leave and the government's closures during the holidays, Defendants would have even less time. It is prejudicial to Defendants, who implemented Presidential Proclamation 10973 in response to findings that the H-1B program has been abused and exploited for decades, to have minimal time to defend their actions. Section 8 U.S.C. § 1182(f) granted the President with the authority to impose entry restrictions on aliens as he may deem appropriate. By failing to allow the government adequate time to respond to Plaintiffs' motions, the government could be substantially harmed by an order that would impede on the President's power (granted to him through Congressional statute) to restrict the entry of aliens in this circumstance. *See Int'l Internships Programs v. Napolitano*, 798 F. Supp. 2d 92 (D.D.C. 2011) (holding that it would be prejudicial to the government to substitute the court's judgment for Congress's in the area of the admission of aliens).

Meet and confer efforts have been exhausted: Plaintiffs are amenable to a seven (7) day extension but otherwise oppose this extension request.[5]

---

[5] *See* Scott Decl.

By granting Defendants' Cross Motion for Extension of Time, Defendants' new deadline to respond to Plaintiffs' pending motions would fall on January 29, 2026. Plaintiffs' replies in support of their motions would be due February 5, 2026. A hearing would be noticed on the next available date for the court on February 12, 2026, which is the motions' already noticed date. A proposed order for the Court's consideration is submitted with this motion.

For the above-stated reasons, the Court should deny Plaintiffs' administrative motion, stay this case pending *Chamber of Commerce*; or, in the alternative, grant Defendants' motion for an extension of time.

Dated: December 22, 2025                    Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General
Office Of Immigration Litigation

TIBERIUS DAVIS
Counsel To The Assistant Attorney General

GLENN GIRDHARRY
Acting Deputy Director
Office of Immigration Litigation

DAVID J. BYERLEY
Senior Litigation Counsel

/s/ Jaime A. Scott
JAIME A. SCOTT (DC Bar # 90027182)
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Washington, D.C. 20044
Telephone: (202) 305-3620
Email: Jaime.A.Scott@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 22, 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

<u>/s/ Jaime A. Scott</u>
JAIME A. SCOTT
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation

*Attorney for Defendants*