BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General
Office Of Immigration Litigation

TIBERIUS DAVIS
Counsel To The Assistant Attorney General

GLENN GIRDHARRY
Acting Deputy Director

DAVID J. BYERLEY
Senior Litigation Counsel

JAIME A. SCOTT
Trial Attorney
DC Bar # 90027182
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Washington, D.C. 20044
Telephone: (202) 305-3620
Email: Jaime.A.Scott@usdoj.gov

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL NURSE FORCE, *et al.*<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>DONALD J. TRUMP, President of the United States, *et al.*,<br><br>　　　　　Defendants. | Case No.  4:25-cv-8454-HSG<br><br>**DEFENDANTS' MOTION FOR A STAY**<br><br>**NOTICED HEARING DATE AND TIME: FEBRUARY 26, 2026 AT 2PM** |

MOT. FOR STAY                                   1                           No. 4:25-cv-8454-HSG

## NOTICE OF MOTION PURSUANT TO 7-1

PLEASE TAKE NOTICE that on February 26, 2026 at 2:00 PM,[1] before The Honorable Haywood S. Gilliam, Jr., United States District Court for the Northern District of California, Courtroom 2, 4th Floor, 1301 Clay Street, Oakland, California, Defendants will move to stay this litigation pending a decision on the merits in *Chamber of Commerce v. DHS*, No. 25-5473 (D.C. Cir.).

## STATEMENT OF RELIEF

Defendants request that the Court stay this litigation until a decision on the merits has been made in *Chamber of Commerce v. DHS*, No. 25-5473 (D.C. Cir.).

## POINTS AND AUTHORITIES IN SUPPORT OF MOTION

Plaintiffs, after two and a half months since filing their original complaint and nearly three months since Presidential Proclamation 10973 went into effect, have sought "urgent" preliminary injunctive relief and class certification. Plaintiffs' lack of exigency in filing their Motion for Preliminary Injunction and Motion for Class Certification has resulted in litigation on the same issue being much further along in another district, and now, circuit court. *See Chamber of Commerce v. DHS*, No. 25-CV-3675 (BAH), 2025 WL 3719234 (D.D.C. Dec. 23, 2025); *Chamber of Commerce v. DHS*, No. 25-5473 (D.C. Cir.).

On December 19, 2025, the U.S. District Court for the District of Columbia held a hearing on summary judgment in the case *Chamber of Commerce*, which also alleges that Presidential Proclamation 10973 is in excess of statutory authority and unlawful under the Administrative Procedures Act. On December 23, 2025, the D.C. District Court entered summary judgement on

---

[1] While this is the Court's next available hearing date, should the Court be inclined to grant Defendants' Motion for a Stay after it is briefed, Defendants ask that the Court do so before the scheduled hearing on February 19, 2026 to conserve the Court's and Parties' time.

MOT. FOR STAY                                   2                                   No. 4:25-cv-8454-HSG

all claims for the government. Plaintiffs in *Chamber* quickly appealed, and the United States Court of Appeals for the D.C. Circuit has entered an expedited briefing schedule. *See* Attachment A. The appeal will be fully briefed by February 6, 2026 prior to the currently scheduled hearing in this litigation on February 19, 2026. *Id.* To avoid duplicative efforts in this district and in the D.C. Circuit, Defendants move for a stay of this litigation pending an order in the *Chamber of Commerce* appeal.[2]

This district court has "broad discretion to stay proceedings." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket…." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis*, 299 U.S. at 254). In *Landis*, the Supreme Court held that a litigant in one case could be subjected to a stay while another case was decided upon if "immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted." 299 U.S. at 254.

Here, a limited stay while the D.C. Circuit determines the outcome of appeal in *Chamber of Commerce* aligns with the holding in *Landis* and would conserve both Parties resources in this pending litigation. A limited stay would not be consequential to the Parties for the reason explained above: Plaintiffs have waited months to file the pending motions, showing a lack of imminent harm. Moreover, Plaintiffs have still not yet cured the defective summons, despite notice. Further, Plaintiffs' proposed class of "all U.S. employers who have filed or will file an H-1B petition that

---

[2] Defendants previously filed a motion to stay based on the district court *Chamber of Commerce* proceedings, and then withdrew that motion when the district court proceedings were concluded. At the time the motion was withdrawn, an appeal had not been filed, and Defendants did not wish to expend the Court's and Plaintiffs' resources during the holidays with a motion that appeared to be moot at the time of withdrawal.

is subject to the $100,000 fee" (ECF No. 76 at 3), has substantial overlap with the *Chamber of Commerce* litigation. The parties there are organizations seeking associational standing to represent hundreds of thousands of employers. If Plaintiffs in that case prevail on appeal, much of the relief here will be duplicative. If their loss is affirmed, many Plaintiffs and putative class members here will get an unjust second bite at the apple. Finally, public interest and convenience will be promoted because the outcome of the *Chamber of Commerce* litigation has the potential to narrow the issues in this present litigation. Counsel for Defendants requested Plaintiffs' position on this stay motion via email on January 6, 2026, and Plaintiffs' counsel stated "Plaintiffs oppose Defendants' request for a stay and intend to file an opposition to Defendants' stay request."

      For the above-stated reasons, the Court should stay this case pending the outcome of appeal in *Chamber of Commerce*.

***

Dated: January 6, 2026

Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General
Office Of Immigration Litigation

TIBERIUS DAVIS
Counsel To The Assistant Attorney General

GLENN GIRDHARRY
Acting Deputy Director
Office of Immigration Litigation

DAVID J. BYERLEY
Senior Litigation Counsel

/s/ Jaime A. Scott
JAIME A. SCOTT (DC Bar # 90027182)
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Washington, D.C. 20044
Telephone: (202) 305-3620
Email: Jaime.A.Scott@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Jaime A. Scott
JAIME A. SCOTT
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation

*Attorney for Defendants*