# United States Court of Appeals
### For The District of Columbia Circuit

---

**No. 25-5473**                                        **September Term, 2025**

1:25-cv-03675-BAH

**Filed On:** January 5, 2026

Chamber of Commerce of the United States
of America and Association of American
Universities,

         Appellants

     v.

United States Department of Homeland
Security, et al.,

         Appellees

     **BEFORE:**     Millett, Pan, and Garcia, Circuit Judges

## O R D E R

Upon consideration of the emergency unopposed motion to expedite the case, it is

**ORDERED** that the following briefing schedule will apply in this case:

| | |
|---|---|
| Appellants' Brief | January 9, 2026 |
| Appendix | January 9, 2026 |
| Appellees' Brief | January 30, 2026 |
| Appellants' Reply Brief | February 6, 2026 |

The Clerk is directed to calendar this case for oral argument on the first appropriate date following the completion of briefing. The parties will be informed later of the date of oral argument and the composition of the merits panel.

Appellants should raise all issues and arguments in the opening brief. The court ordinarily will not consider issues and arguments raised for the first time in the reply brief.

# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 25-5473**                            **September Term, 2025**

      To enhance the clarity of their briefs, the parties are urged to limit the use of abbreviations, including acronyms.  While acronyms may be used for entities and statutes with widely recognized initials, briefs should not contain acronyms that are not widely known.  See D.C. Circuit Handbook of Practice and Internal Procedures 43–44 (2025); Notice Regarding Use of Acronyms (D.C. Cir. Jan. 26, 2010).

      Parties are strongly encouraged to hand deliver the paper copies of their briefs to the Clerk's office on the date due.  Filing by mail may delay the processing of the brief. Additionally, counsel are reminded that if filing by mail, they must use a class of mail that is at least as expeditious as first-class mail.  See Fed. R. App. P. 25(a).  All briefs and appendices must contain the date that the case is scheduled for oral argument at the top of the cover.  See D.C. Cir. Rule 28(a)(8).

                                     **Per Curiam**

                                       **FOR THE COURT:**
                                       Clifton B. Cislak, Clerk

                        BY:     /s/
                                        Selena R. Gancasz
                                        Deputy Clerk

# United States Court of Appeals

District of Columbia Circuit
Washington, D.C. 20001-2866

Clifton B. Cislak
Clerk                                                                                                   (202) 216-7300

NOTICE TO COUNSEL:

SCHEDULING ORAL ARGUMENT

    The court has entered an order setting a briefing schedule in a case in which you are counsel of record.  Once a briefing order has been entered, the case may be set for oral argument.

    You will be notified by separate order of the date and time of oral argument.  Once a case has been calendared, the Clerk's Office cannot change the argument date, and ordinarily the court will not reschedule it.  Any request to reschedule must be made by motion, which will be presented to a panel of the court for disposition.  The court disfavors motions to postpone oral argument and will grant such a motion only upon a showing of "extraordinary cause."  See D.C. Cir. Rule 34(g).

    If you are the arguing counsel, and you will be unavailable to appear for oral argument on a date in the future, so advise the Clerk's Office by letter, filed electronically.  The notification should be filed as soon as possible and updated if a potential scheduling conflict arises later, or if there is any change in availability.  To the extent possible, the Clerk's Office will endeavor to schedule oral argument to avoid conflicts that have been brought to the court's attention in advance.  See D.C. Circuit Handbook of Practice and Internal Procedures at IX.A.1, XI.A.

    Counsel must notify the court when serious settlement negotiations are underway, when settlement of the case becomes likely, and when settlement is reached.  Such notice allows for more efficient allocation of judicial resources.  Additionally, counsel should promptly notify the court if settlement negotiations are terminated.  Notice must be given in an appropriate motion or by letter to the Clerk at the earliest possible moment.  See, e.g., D.C. Circuit Handbook of Practice and Internal Procedures at X.D., XI.A.

Rev. March 2017