Cynthia Liao (CA Bar No. 301818)*
Johanna M. Hickman (D.C. Bar No. 981770)*
Jennie L. Kneedler (D.C. Bar No. 500261)*
Steven Y. Bressler (D.C. Bar No. 482492)*
Elena Goldstein (D.C. Bar No. 90034087)*
**DEMOCRACY FORWARD FOUNDATION**
P.O. Box 34553
Washington, DC 20043
(202) 808-1982 (Liao)
cliao@democracyforward.org
hhickman@democracyforward.org
jkneedler@democracyforward.org
sbressler@democracyforward.org
egoldstein@democracyforward.org

*Counsel for Plaintiffs*

* Admitted *pro hac vice*

[Additional co-counsel on signature page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| GLOBAL NURSE FORCE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*, <br><br> Defendants. | Case No. 4:25-cv-08454-HSG <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY** <br><br> Judge: Hon. Haywood S. Gilliam, Jr. <br> Ctrm: 2, 4th Floor <br> Date: Thursday, February 26, 2026 <br> Time: 2:00 p.m. |

# INTRODUCTION

The Court should deny Defendants' latest Motion to Stay ("Stay Mot.") (ECF 94). Defendants seek to stay this case—including resolution of Plaintiffs' motions for preliminary injunction ("PI Mot.") (ECF 75) and class certification ("Class Cert. Mot.") (ECF 76)—indefinitely pending a decision in a different, out-of-circuit case, *Chamber of Commerce v. DHS*, No. 25-5473 (D.C. Cir.). However, Defendants have not met the legal standard for a stay under *Landis v. N. Am. Co.*, 299 U.S. 248 (1936). The Movant Plaintiffs are suffering irreparable harm right now. The Movant Plaintiffs include a small medical practice with three doctors in a medically-underserved area in North Carolina (Nephrology Associates of the Carolinas, PA), a small automotive parts manufacturer in Michigan (BAE Industries), and a tribal school in rural South Dakota (Lower Brule Day School), among others.[1] Because of the $100,000 fee that the government has unlawfully imposed on H-1B petitions, Nephrology Associates has not been able to onboard a fourth nephrologist to serve the 100 patients they have on their waiting list. BAE Industries is struggling to retain a valued engineer who works on quality control of automotive parts. And Lower Brule Day School will face difficulties recruiting teachers for the next school year, a hiring cycle that begins in February. Defendants, on the other hand, have not articulated any cognizable harm they would suffer in the absence of a stay. Additionally, a D.C. Circuit decision in *Chamber* will have no binding effect on this Court, will not resolve the legal claims of the Movant Plaintiffs or those of many putative class members, and may very well not provide the relief they seek.

# ARGUMENT

Defendants have not met the high standard that would justify this Court staying the case until the subsequently-filed *Chamber* case is resolved. In *Landis*, the Supreme Court counseled that district courts should only grant a stay in the rare case and where the parties will not be harmed by the stay:

> [T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else. Only in rare circumstances will a litigant in one cause be compelled to stand

---

[1] Plaintiffs Nephrology Associates, BAE Industries, and Lower Brule Day School seek to serve as class representatives and moved for class certification. *See* ECF 76. These three plaintiffs and three additional plaintiffs who are not members of the class, Global Village Academy Collaborative, Global Nurse Force, and Phoenix Doe, moved for a preliminary injunction or, in the alternative for summary judgment. *See* ECF 75.

aside while a litigant in another settles the rule of law that will define the rights of both.

299 U.S. at 255. When deciding whether a *Landis* stay is appropriate, the Ninth Circuit considers: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). The Ninth Circuit has held that a district court abuses its discretion in granting a *Landis* stay where, for example, a plaintiff seeks injunctive relief and will be harmed by a delay in resolution of his case and where the other matter is unlikely to narrow or resolve important issues in the case. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005).

Here, Defendants have failed to establish that this case is one of those "rare" cases where a *Landis* stay is appropriate. The first factor weighs against a stay. There is far more than a "fair possibility" that the stay sought will "damage" Plaintiffs. As explained in their declarations, Plaintiffs are currently experiencing ongoing harm as a result of the $100,000 fee that the government has unlawfully imposed. Plaintiffs Nephrology Associates and BAE Industries both have a crucial position vacant right now because of the fee. Because it is difficult to find nephrologists who are willing to practice in their rural, geographic area, Nephrology Associates had to recruit for nine months before they found their fourth nephrologist. Declaration of Dattie Michaelle Waters ¶¶ 11-12 (ECF 75-2). During that period, they received ten applications, eight from foreign nationals requiring visa sponsorship. They hired the only applicant who was qualified for the position and willing to accept its terms. *Id.* ¶ 12. But now their fourth nephrologist is currently unable to come to the United States through the H-1B program because Nephrology Associates, a small business, cannot afford to pay the fee. And as a result, Nephrology Associates has a list of 100 patients still waiting to be seen and is losing revenue. *Id.* ¶¶ 19-20. BAE Industries similarly relies on a Senior Quality Engineer who is a critical part of BAE's operations. But this worker left the United States in October 2025 when the government shutdown stalled BAE's efforts to extend his H-1B status before it expired and now he cannot return because of the $100,000 fee. BAE had planned to promote this employee into a Quality Manager position on January 5, 2026, when the current Quality Manager planned to retire, and the fact that this employee is abroad is preventing BAE

from accomplishing a smooth transition. The combination of the employee's skill set and relationships within the company also are irreplaceable, so his absence is harming the company. Declaration of Melynn Zylka ¶¶ 10-15 (ECF 75-3). Plaintiff Global Nurse Force, which connects international nurses with advanced specializations with employer hospitals who face domestic nursing shortages, cannot sustain its business model because its clients cannot pay multiple $100,000 fees. Declaration of Lalit Pattanaik ¶¶ 9, 11-12, 15 (ECF 75-7). It has already lost $5 million as a result of the $100,000 fee and these losses continue to accrue as the fee remains in place. *Id.* ¶ 14. Plaintiffs are seeking prospective, injunctive relief from Defendants' $100,000 fee, to stop ongoing and future harm to their operations. *See Lockyer*, 398 F.3d at 1112 (finding first factor weighed against stay where case involved injunctive relief against ongoing and future economic harm to consumers from a company's illegal concentration of market power).

Defendants suggest that these harms are not imminent because Movant Plaintiffs delayed in filing their motion for a preliminary injunction. However, this inference is not warranted because Plaintiffs have been diligent in prosecuting this complex case. This lawsuit was filed on October 3, 2025, approximately two weeks after the Presidential Proclamation was issued on September 19, 2025. *See* ECF 1. Then on October 20, 2025, U.S. Citizenship and Immigration Services issued updated guidance, which deviated from both the Proclamation and prior agency guidance. *See* PI Mot. at 10-11. Plaintiffs filed their motion for a preliminary injunction less than two months after the USCIS guidance was published, and the motion was filed on the same day that three new plaintiffs—Nephrology Associates, BAE Industries, and Lower Brule Day School—joined the case. *See* First Amended Compl. ("FAC") (ECF 74) (filed Dec. 18, 2025); PI Mot. (same). This time period does not constitute such a delay that it warrants staying the case and effectively withholding relief from Plaintiffs for an unknown period of time solely on that ground. *Cf. Arc of California v. Douglas*, 757 F.3d 975, 990 (9th Cir. 2014) ("Usually, delay is but a single factor to consider in evaluating irreparable injury; courts are 'loath to withhold relief solely on that ground.'"); *In re Meta Pixel Healthcare Litig.*, 647 F. Supp. 3d 778, 802 (N.D. Cal. 2022) (rejecting argument that plaintiffs waited more than two months before seeking a preliminary injunction and citing cases).

The second factor also weighs against a stay. Because there is a "fair possibility" that the stay

will "work damage" to Plaintiffs, Defendants "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 255. But Defendants have not suggested that they will suffer any harm in the absence of a stay. *See* Stay Mot. "[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer*, 398 F.3d at 1112. The federal government routinely defends multiple lawsuits in various jurisdictions challenging the same government action. *See, e.g.*, *Cook Cnty., Illinois v. Wolf*, 962 F.3d 208, 217 (7th Cir. 2020) (describing seven lawsuits against DHS's public charge rule); *Nat'l Council of Nonprofits v. Off. of Mgmt. & Budget*, 775 F. Supp. 3d 100, 129 n.13 (D.D.C. 2025) (proceeding to grant TRO despite TRO having been granted in a parallel case); *Nw. Immigrant Rts. Project v. USCIS*, 496 F. Supp. 3d 31, 41 (D.D.C. 2020) (ruling on motion for preliminary injunction of USCIS's 2020 fee rule even after noting injunction in parallel case, *Immigrant Legal Res. Ctr. v. Wolf*, 491 F. Supp. 3d 520 (N.D. Cal. 2020)).

The third "orderly course of justice" factor also weighs against a stay and, in any event, is outweighed by the first factor, the harm to Plaintiffs. Movant Plaintiffs are facing immediate harm now. Waiting for a D.C. Circuit decision in *Chamber* will not meaningfully simplify issues in this case. First, any D.C. Circuit decision would not be binding on this Court, which would still need to exercise its own judgment based on Ninth Circuit precedent. This aspect of our federal court system—the "ability to develop different interpretations of the law among the circuits"—is "a strength of our system" as it "allows experimentation with different approaches to the same legal problem, so that when the Supreme Court eventually reviews the issue it has the benefit of 'percolation' within the lower courts." *Hart v. Massanari*, 266 F.3d 1155, 1173 (9th Cir. 2001) (explaining the difference between binding and persuasive authority).

Such percolation is particularly useful here where the claims in the two cases are not identical. Plaintiffs in this case are advancing claims under the Administrative Procedure Act ("APA") and Regulatory Flexibility Act ("RFA") (a statute that requires agencies to consider impacts of rules on small businesses, non-profits, and governmental entities, 5 U.S.C. §§ 603-604) against the agencies' implementation of the $100,000 fee that would independently justify an injunction or vacatur of the $100,000 fee, regardless of whether the Proclamation itself is lawful, claims that do not appear to be at

issue in *Chamber*. For example, the *Chamber* district court noted that "Plaintiffs concede[d] that if issuance of the Proclamation is not *ultra vires*, then their APA claim would similarly fail." *Chamber of Com. of United States v. DHS*, No. 25-CV-3675 (BAH), 2025 WL 3719234, at *25 (D.D.C. Dec. 23, 2025). That district court also noted that "Plaintiffs do not challenge the Proclamation's conferral, in Subsection (1)(c), of discretion to the Secretary of Homeland Security to waive the $100,000 payment requirement . . . nor the Secretary's current position that such waiver would only be granted in consideration of 'a particular alien worker,' and not on a company-wide or industry-wide basis[.]" *Id.* at *26 n.17. In this case, Plaintiffs have not made the same concession. And Plaintiffs have specifically challenged the Secretary's decision to make exceptions to the fee available only in very narrow circumstances, the precise issue flagged in *Chamber*. *See* PI Mot. at 24. Plaintiffs also contend that the agencies failed to consider the impacts of the $100,000 fee on small businesses like Nephrology Associates and BAE Industries. *Id.* at 28, 31-32. The D.C. Circuit is unlikely to reach either issue, as the first was apparently not raised below and the *Chamber* plaintiffs, unlike Plaintiffs here, did not bring an RFA claim. *Compare* FAC ¶¶ 238, 252, *with* Amended Compl. ¶¶ 190-206, *Chamber*, No. 1:25-cv-03675 (D.D.C.) (Liao Decl. Ex. 1). A stay in this case would not be efficient, as it would simply delay resolution of Plaintiffs' distinct claims without hope for clarity on those issues. A stay would run counter to the orderly course of justice in our federal court system.

Second, the government argues that, because the *Chamber* plaintiffs represent "hundreds of thousands of employers," if the *Chamber* plaintiffs "prevail on appeal, much of the relief here will be duplicative" or, if they lose, Plaintiffs here would get a "second bite at the apple." Stay Mot. at 3-4. But this argument is based on a faulty premise. While the U.S. Chamber of Commerce apparently has approximately 300,000 direct members, it is not clear that all of them are subject to or otherwise impacted by the $100,000 fee. *See Chamber*, 2025 WL 3719234, at *9 n.1 (noting that Chamber named only two injured members); Declaration of Patrick Shen ¶¶ 1, 23, *Chamber*, No. 1:25-cv-03675 (D.D.C.) (Liao Decl. Ex. 4) (describing harm from the $100,000 fee to "hundreds" of members). Here, Plaintiffs seek to certify a class of an estimated 14,000 employers subject to the fee, based on USCIS data showing that, between FY 2022 and 2024, an average of 14,000 employers filed H-1B petitions each year that, if filed today, would be subject to the $100,000 fee. Class Cert Mot. at 11-12 & n.9. The vast majority of these

employers will not be among the "hundreds" of injured Chamber members. Similarly, there is no indication that any of the putative class representatives in this case, Plaintiffs Nephrology Associates, BAE Industries, and Lower Brule Day School, are members of the U.S. Chamber of Commerce. And they are not members of the AAU. *See Chamber*, 2025 WL 3719234, at *1 (AAU has 69 U.S. research university members); *see also* Ass'n of Am. Univ., Our Members (Liao Decl. Ex. 5) (AAU website listing members). A stay in this case would deprive these Plaintiffs and most of the putative class members of their first opportunity to litigate their claims, as they are not parties or otherwise represented in the *Chamber* case.[2]

In addition, while vacatur of the $100,000 fee could potentially provide universal relief, the government itself argued in *Chamber* that relief should be limited to the injured members of the Chamber and AAU. *See* Defs.' Resp. and Cross Mot. for Summ. J. at 44-45, *Chamber*, No. 1:25-cv-03675 (D.D.C.) (Liao Decl. Ex. 2); Defs.' Reply at 24, *Chamber*, No. 1:25-cv-03675 (D.D.C.) (Liao Decl. Ex. 3) (arguing that relief—including vacatur—beyond the injured members of the plaintiffs in that case was improper). In granting summary judgment to the government, the district court addressed only the merits and never reached issues regarding the appropriate scope of relief. *See Chamber*, 2025 WL 3719234. Even if the D.C. Circuit disagrees with the district court on the merits, whether the D.C. Circuit would grant relief that extends beyond the *Chamber* plaintiffs' members in the first instance is speculative. Finally, even if the D.C. Circuit were to grant relief, this Court cannot control when the D.C. Circuit does so. While the D.C. Circuit set a briefing schedule that will conclude on February 6, 2026, it has not yet set an oral argument date nor indicated when it plans to rule. *See* Order, *Chamber*, No. 25-5473 (ECF 94-1). In these circumstances, the Court should decline to delay this case for an unknown period of time to wait for a non-binding decision that is unlikely to resolve the issues in this case.

---

[2] To the extent any overlap between Plaintiffs' proposed class and the membership of the Chamber or AAU presents any issues, those can be resolved through refining the class definition in the course of litigation, rather than by staying the case. Courts are not bound by the class definition initially proposed by plaintiffs in a class certification motion and may make modifications to class definitions in the course of certifying classes. *See, e.g.*, *Conant v. McCaffrey*, 172 F.R.D. 681, 693 (N.D. Cal. 1997) (narrowing class definition from plaintiffs' proposal and certifying class); *United Farm Workers v. Noem*, 785 F. Supp. 3d 672, 712 (E.D. Cal. 2025) ("The Court has discretion to cure defects of a proposed class definition, including modifying a definition when the class is overbroad.").

# CONCLUSION

Because Defendants have not shown that this is one of those "rare" cases where a *Landis* stay is appropriate, the Court should deny Defendants' motion to stay this case pending the *Chamber* case.

Date: January 8, 2026

Respectfully submitted,

/s/ *Karen C. Tumlin*
Karen C. Tumlin (CA Bar No. 234691)
Esther H. Sung (CA Bar No. 255962)
Laura Flores-Perilla (CA Bar No. 355645)
Hillary Li (GA Bar No. 898375)*
Brandon Galli-Graves (TX Bar No. 24132050)*
Emily Satifka (NJ Bar No. 330452020)*
**JUSTICE ACTION CENTER**
P.O. Box 27280
Los Angeles, CA 90027
(323) 450-7272
karen.tumlin@justiceactioncenter.org
esther.sung@justiceactioncenter.org
laura.flores-perilla@justiceactioncenter.org
hillary.li@justiceactioncenter.org
brandon.galli-graves@justiceactioncenter.org
emily.satifka@justiceactioncenter.org

/s/ *Charles H. Kuck*\*
GA Bar No. 429940
**KUCK BAXTER LLC**
365 Northridge Rd., Suite 300
Atlanta, GA 30350
404-949-8154
Ckuck@immigration.net

/s/ *Zachary R. New*
Zachary R. New**
Atty. Reg. No. (Colorado): 53992
**JOSEPH & HALL, P.C.**
12203 East Second Ave.
Aurora, CO 80011
(303) 297-9171
zachary@immigrationissues.com

/s/ *Harini Srinivasan*
Harini Srinivasan*
Aniko Schwarcz*
**COHEN MILSTEIN SELLERS & TOLL PLLC**

/s/ *Cynthia Liao*
Cynthia Liao (CA Bar No. 301818)*
Johanna M. Hickman (D.C. Bar No. 981770)*
Jennie L. Kneedler (D.C. Bar No. 500261)*
Steven Y. Bressler (D.C. Bar No. 482492)*
Elena Goldstein (D.C. Bar No. 90034087)*
**DEMOCRACY FORWARD FOUNDATION**
P.O. Box 34553
Washington, DC 20043
(202) 808-1982 (Liao)
cliao@democracyforward.org
hhickman@democracyforward.org
jkneedler@democracyforward.org
sbressler@democracyforward.org
egoldstein@democracyforward.org

/s/ *Kalpana Peddibhotla*
Kalpana Peddibhotla (CA Bar No. 200330)
**SOUTH ASIAN AMERICAN JUSTICE COLLABORATIVE (SAAJCO)**
333 W. San Carlos Street, Suite 600
San Jose, CA 95110
(408) 550-9240
kalpana@saajco.org

/s/ *Jesse M. Bless*
JESSE M. BLESS*
MA Bar # 660713
**BLESS LITIGATION LLC**
6 Vineyard Lane
Georgetown MA 01833
781-704-3897
jesse@blesslitigation.com

/s/ *Greg Siskind*
Greg Siskind**
TN Bar No. 14487
**SISKIND SUSSER**
1028 Oakhaven Road
Memphis, TN 38119

| | |
|---|---|
| 1100 New York Ave. NW, 8th Floor<br>Washington, D.C. 20005 | (901) 682-6455<br>gsiskind@visalaw.com |
| Alexandra Gray*<br>**COHEN MILSTEIN SELLERS & TOLL PLLC**<br>12 Pine St.<br>New York, New York 10005 | *Counsel for Plaintiffs*<br><br>* Admitted *pro hac vice*<br>** Motion to appear *pro hac vice* forthcoming |