BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General
Office Of Immigration Litigation

TIBERIUS DAVIS
Counsel To The Assistant Attorney General

GLENN GIRDHARRY
Acting Deputy Director

DAVID J. BYERLEY
Senior Litigation Counsel

JAIME A. SCOTT
Trial Attorney
DC Bar # 90027182
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Washington, D.C. 20044
Telephone: (202) 305-3620
Email: Jaime.A.Scott@usdoj.gov

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL NURSE FORCE, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, President of the United States, *et al.*, <br><br> Defendants. | Case No. 4:25-cv-8454-HSG <br><br> **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY** <br><br> **NOTICED HEARING DATE AND TIME: FEBRUARY 26, 2026 AT 2PM** |

REPLY MOT. TO STAY                    1                    No. 4:25-cv-8454-HSG

Plaintiffs, in their opposition to Defendants' Motion to Stay (ECF No. 94), once again seek to minimize their lack of urgency in litigating their case, resulting in substantially similar litigation in another district already being heard on appeal. *See Chamber of Commerce v. DHS*, No. 25-5473 (D.C. Cir.). However, this Court should once again decline to ignore Plaintiffs' filing timeline. *See* December 23, 2025 Order, ECF No. 84 ("However, Plaintiffs waited over two months before filing their motions. The Court will aim to resolve the motions expeditiously but will not move the current hearing date given this lack of prior urgency."). Plaintiffs' lack of urgency which necessarily shows a lack of imminent harm, combined with fast moving litigation in the U.S. Court of Appeals for the D.C. Circuit, has created ripe circumstances for a stay according to *Landis v. N. Am. Co.*, 299 U.S. 248 (1936).

As an initial matter, although Plaintiffs emphasize that the *Chamber* litigation is out-of-circuit and would have no effect on narrowing the issues in this present litigation, this argument fails to consider that courts frequently look to the D.C. Circuit for APA matters. *See Yellowstone to Uintas Connection v. Bolling*, No. 4:20-CV-00192-DCN, 2021 WL 5702158, at *6 (D. Idaho Dec. 1, 2021) (citing *ASSE Int'l, Inc. v. Kerry*, 2018 WL 3326687, at *2 (C.D. Cal. Jan. 3, 2018)) ("When resolving issues of administrative law, 'many courts look to D.C. Circuit case law in APA review cases, as the majority of such disputes occur in that circuit.'"). Plaintiffs provide no reasoning why a panel of D.C. Circuit judges, who frequently hear issues involving the APA, would not provide highly persuasive analyses on the same issues in this litigation for this Court's consideration. And Plaintiffs provide no reasoning why a decision that affects many putative class members would be meaningless to this litigation, as many of the putative class members are represented by the parties in *Chambers*. Defendants do not contend that a D.C. Circuit decision

would resolve all issues brought about in this litigation; rather, it is likely to be informative in the resolution thereof.

Plaintiffs rely heavily on *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) to argue that this is not a "rare" instance where the Court should grant a stay pursuant to *Landis*. *CMAX, Inc.* states that "[w]here it is proposed that a pending proceeding be stayed, the competing interests which will be affected by the granting or refusal to grant a stay must be weighed." *Id.* Defendants maintain that the interests of judicial economy and efficiency outweigh Plaintiffs conjectural claims of imminent harm. The holding in *Lockyer v. Mirant Corp.*, 398 F.3d 1098 (9th Cir. 2005) is thus less informative here because, in that litigation, the Ninth Circuit found that it was "highly doubtful" that conclusion of the continuing litigation would provide any assistance in the stayed case. *See* 398 F.3d at 1113 ("We hold *only* that a *Landis* stay is improper in the circumstances *of this case*—where… the proceeding in the bankruptcy court is unlikely to decide, or to contribute to the decision of, the factual and legal issues before the district court.") (emphasis added). But based on the undeniably significant overlaps between *Chamber* and this litigation, that is not of equal concern here.

Ultimately, "[a] trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). Even if this Court does conclude that Plaintiffs' claims are as urgent as they claim, it is also highly likely that the D.C. Circuit will conclude proceedings in *Chamber* in a reasonably hasty timeframe given the expedited briefing schedule, and the fact that the District Court litigation reached appeal in only three months. *See id.* at 864 (holding a stay can be granted only in the circumstance where "it appears likely the other proceedings will be

concluded within a reasonable time in relation to the urgency of the claims presented to the court.").

For the above-stated reasons, the Court should stay this case pending the outcome of appeal in *Chamber of Commerce*.

Dated: January 9, 2026                                Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General
Office Of Immigration Litigation

TIBERIUS DAVIS
Counsel To The Assistant Attorney General

GLENN GIRDHARRY
Acting Deputy Director
Office of Immigration Litigation

DAVID J. BYERLEY
Senior Litigation Counsel

/s/ Jaime A. Scott
JAIME A. SCOTT (DC Bar # 90027182)
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Washington, D.C. 20044
Telephone: (202) 305-3620
Email: Jaime.A.Scott@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 9, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Jaime A. Scott
JAIME A. SCOTT
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation

*Attorney for Defendants*