Jonathon P. Hauenschild (SBN 249615)
FEDERATION FOR AMERICAN IMMIGRATION REFORM
25 Massachusetts Ave., NW, Ste. 330
Washington, DC 20001
(202) 328-7004
jhauenschild@fairus.org

Counsel for *Movant* Federation for American Immigration Reform

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GLOBAL NURSE FORCE, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, *et al.*, <br><br> Defendants. | Case No. 4:25-cv-8454-HSG <br><br> **NOTICE OF MOTION, MOTION, AND MEMORANDUM IN SUPPORT OF FEDERATION FOR AMERICAN IMMIGRATION REFORM FOR LEAVE TO FILE AN AMICUS CURIAE BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** <br><br> NO HEARING NOTICED <br><br> Courtroom 2, Hon. Haywood S. Gilliam, Jr. |

**To All Parties and their Counsels of Record**:

**PLEASE TAKE NOTICE** that Movant Federation for American Immigration Reform (FAIR) respectfully moves this Court for leave to file the accompanying *amicus curiae* brief in support of the Defendants and in opposition to the Plaintiffs' Motion for Preliminary Injunction (Plaintiffs' "motion"). Pursuant to Local Rule 7-15, Movant believes this Motion for Leave may be decided without a hearing and thus waives its right(s) to a hearing and oral argument.

Although FAIR's motion does not require a hearing, its *amicus* brief concerns the matter being heard on February 9th at 2:00 p.m., before Judge Haywood S. Gilliam, Jr.. At the hearing, Plaintiffs will seek a preliminary injunction enjoining, among other

things, a Presidential Proclamation related to increased fees for H-1B visa applicants. The *amicus* brief that is the subject of the instant motion addresses the Supreme Court and Ninth Circuit's precedent related to applying the Administrative Procedures Act (APA) to the President or the President's subordinates when those subordinates are merely implementing the proclamation.

As stated in the accompanying Declaration and pursuant to Local Rule 7-3, the undersigned Counsel has met and conferred with the parties to seek consent for the filing of this Motion and accompanying proposed *amicus* brief. The Defendants consented. The Plaintiffs indicated that they do not oppose. Additionally, this Court has permitted *amici* supporting the motion for preliminary injunction.

## IDENTITY AND INTEREST OF *AMICI CURIAE*

*Amicus curiae* Federation for American Immigration Reform (FAIR) is a nonprofit corporation and membership organization that was founded in 1979 and has its principal place of business in Washington, D.C. FAIR's mission is to inform the public about the effects of both unlawful and lawful immigration, and to defend American citizens, American workers, and the nation's environment by limiting overall immigration, enhancing border security, and ending illegal immigration. FAIR has been involved in more than 100 legal cases since 1980, either as a party or *amicus curiae*, with the aim of protecting all Americans against the substantial harms of mass migration and illegal immigration.

The decision in this case will likely impact the ability of the federal government to protect American workers. *Amicus* FAIR thus has direct and vital interests in the outcome of this case.

**MEMORANDUM OF POINTS AND AUTHORITIES**

The accompanying *amicus* brief addresses two topics: Whether the President's proclamations are subject to the APA; and whether Plaintiffs can avoid the APA's non-application to the President by suing his subordinates where those subordinates fulfill only ministerial functions.

FAIR respectfully submits that its *amicus* brief could aid this Court's consideration of the issues in this case:

The H-1B program falls within the President's authority to exclude aliens or condition their admittance. In fact, by requiring program participants to secure a visa, Congress has placed them initially within the class of inadmissible aliens. Only when individuals meet very specific requirements may they qualify for a visa. Even then, the Immigration and Naturalization Act (INA) grants the President very broad authority to exclude or "suspend the entry of all aliens or any class of aliens" "or impose on the entry of aliens any restriction he may deem to be appropriate."

Because the determination of whether the entry of certain classes of aliens would be detrimental to the interests of the United States is a matter of judgment entrusted to the President in his discretion, the Administrative Procedures Act (APA) does not apply, and courts are otherwise not equipped to second-guess the President's determination.

The APA, likewise, does not apply to the actions taken by the subordinate executive officers to implement the President's Proclamation suspending the entry of aliens. The President himself cannot unilaterally enforce his Proclamation and must work through cabinet officials and agencies such as the Departments of State and Homeland Security. Neither the Proclamation nor the inherent Constitutional authority or statutes upon which it is based grant subordinate agency officials any discretion in implementing the President's order.

Courts have broad discretion to accept briefs from *amici curiae*. *Hoptowit v. Ray*, 682 F.2d 1237 (9th Cir. 1982) (describing broad discretion to appoint *amici curiae*), *abrogated on other grounds*, *Sandin v. Conner*, 215 U.S. 472 (1995). Where the Local

Rules and Federal Rules of Civil Procedure are silent as to governing standards for *amicus* briefs, "district courts rely on Federal Rule of Appellate Procedure 29 in addressing such requests." *United States v. State Water Res. Control Bd.*, 2020 U.S. Dist. LEXIS 72027, *9 (C.D. Cal. 2020). That is, the appellate rules' criteria for granting leave to file *amicus* briefs can be looked to in support of FAIR's motion. The Advisory Committee Note to the 1998 amendments to Rule 29 explains that "[t]he amended rule … requires that the motion state the relevance of the matters asserted to the disposition of the case" as "ordinarily the most compelling reason for granting leave to file." FED. R. APP. P. 29, Advisory Committee Notes, 1998 Amendment.

The "touchstone is whether the amicus brief is helpful, and there is no requirement that amici must be totally disinterested." *Earth Island Inst. v. Nash*, 2019 U.S. Dist. LEXIS 214578, *3 (E.D. Cal.) (citations omitted). An *amicus* brief should normally be allowed "when the *amicus* has unique information or perspective that can help the court beyond what the lawyers for the parties are able to provide." *Stross v. Glass Homes, Inc.*, 2022 U.S. Dist. LEXIS 246314, *2-3 (C.D. Cal. 2022), *citing Cmty. Ass'n for Restoration of Env't v. DeRuyter Bros. Dairy*, 54 F.Supp.2d 974, 975 (E.D. Wash. 1999). As a general rule, courts within the Ninth Circuit have determined that "it is preferable to err on the side of permitting such amicus briefs if an amicus brief that turns out to be unhelpful is filed, the court can them simply disregard the brief. On the other hand, if a good brief is rejected, the court will be deprived of a resource that might have been of assistance." *Stoyas v. Toshiba Corp.*, 2021 U.S. Dist. LEXIS 106487, *4 (citation modified).

As then-Judge Samuel Alito wrote for the Third Circuit, "I think that our court would be well advised to grant motions for leave to file amicus briefs unless it is obvious that the proposed briefs do not meet Rule 29's criteria as broadly interpreted. I believe that this is consistent with the predominant practice in the courts of appeals." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002) (citing Michael E. Tigar and Jane B. Tigar, FEDERAL APPEALS—JURISDICTION AND PRACTICE 181 (3d ed.

1999) and Robert L. Stern, APPELLATE PRACTICE IN THE UNITED STATES 306, 307-08 (2d ed. 1989)). Then-Judge Alito quoted the Tigar treatise favorably for the statement that "[e]ven when the other side refuses to consent to an amicus filing, most courts of appeals freely grant leave to file, provided the brief is timely and well-reasoned." 293 F.3d at 133.

As explained above, FAIR is a nonprofit 501(c)(3) public interest organization dedicated both to litigating immigration-related cases in the interests of United States citizens and to assisting courts in interpreting federal immigration law. FAIR has, for decades, litigated or filed *amicus* briefs in a wide variety of immigration-related cases. The proposed brief attached hereto rests on this experience and a desire to help this Court correctly decide two discrete issues.

## CONCLUSION

For the foregoing reasons, this Court should grant leave to file FAIR's *amicus* brief.

Dated: January 20, 2026       Respectfully submitted,

                                                    s/ Jonathon P. Hauenschild
                                                    Jonathon P Hauenschild
                                                    FEDERATION FOR AMERICAN IMMIGRATION REFORM
                                                    25 Massachusetts Ave., NW, Suite 330
                                                    Washington, DC 20001
                                                    (202) 328-7004
                                                    jhauenschild@fairus.org

                                                    Counsel for *Movant*
                                                    Federation for American Immigration Reform

**Certificate of Compliance**

The undersigned, counsel of record for *movant* Federation for American Immigration Reform, certifies that this document contains 1,228 words, which complies with the word limit of L.R. 11-6.1.

Dated this 20th day of January, 2026

                                        s/ Jonathon P. Hauenschild
                                        Jonathon P. Hauenschild

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of January 2026, I electronically filed the foregoing motion for leave to file together with the accompanying amicus curiae brief, with the Clerk of the Court for the United States District Court for the Central District of California by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Notice of this filing will be sent by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic filing. Parties may access this filing through the Court's CM/ECF System.

s/ Jonathon P. Hauenschild
Jonathon P. Hauenschild