# Exhibit 2

1  Ninth Circuit.  Different panels in the Ninth Circuit have
2  all issued stays on an injunction saying that were likely to
3  succeed under *Hawaii* on a proclamation that bans the entry
4  of refugees.  And there, what the plaintiffs were arguing
5  and what the district court said is Congress made a policy
6  choice; it's articulated that refugees can enter under these
7  situations.
8         And what we said was, you know, 1182(f) allows for
9  temporary suspension or restrictions.  This is a temporary
10 restriction or suspension on top of that, and that's
11 allowed.  And so far, the Ninth Circuit has agreed with us
12 in multiple stays; and the merits opinion is supposed to be
13 forthcoming.
14        THE COURT:  Well, with respect to restrictions and
15 its use in both 1185(a)(1) and 1182(f), the plaintiffs say a
16 restriction can't be a monetary penalty like this.  The
17 examples you are giving from the Ninth Circuit are not
18 monetary restrictions.
19        Have either 1182(f) or 1185(a)(1) ever been
20 invoked to authorize -- have they ever been invoked to
21 impose a monetary form of restriction, like this
22 proclamation does?
23        MR. DAVIS:  I don't believe 1182(f) has.
24        I am not sure about 1185(a)(1) because, as Your
25 Honor pointed out, it's much older and applies to entry and

1    departure in a whole host of ways, so that might have.  I am
2    not entirely sure about 1185(a)(1).
3              And I think to the overlap point --
4              THE COURT:  So this is a new creative use of
5    1182(f).
6              MR. DAVIS:  Right.  But I don't think past
7    practice necessarily ossifies the meaning or the ability of
8    the President to have new uses if it's within his
9    delegation.
10             You know, I think Justice Barrett and others in
11   the Supreme Court have made clear that just because a
12   statute was used one way, and there was some history and
13   practice at the time, that doesn't ossify the powers of the
14   political branches necessarily.
15             THE COURT:  And what is the defendants' response
16   to the *Skinner* argument posed by the plaintiffs?
17             MR. DAVIS:  All right.  So I think there is two
18   points to be had there.  I think, one, we don't see this as
19   a tax, right?  Not every payment requirement is a tax.
20   There are fines in the Eighth Amendment.
21             And *Sebelius* -- *NFIB v. Sebelius* acknowledges
22   *Drexel*, it does doesn't overrule *Drexel*.  It says --
23             THE COURT:  But didn't *Skinner* just say it doesn't
24   matter what you call it?
25             If you are imposing a monetary burden that does