Cynthia Liao (CA Bar No. 301818)
Johanna M. Hickman (D.C. Bar No. 981770)*
Elena Goldstein (D.C. Bar No. 90034087)*
Steven Y. Bressler (D.C. Bar No. 482492)*
Jennie L. Kneedler (D.C. Bar No. 500261)*
**DEMOCRACY FORWARD FOUNDATION**
P.O. Box 34553
Washington, DC 20043
(202) 808-1982 (Liao)
cliao@democracyforward.org
hhickman@democracyforward.org
egoldstein@democracyforward.org
sbressler@democracyforward.org
jkneedler@democracyforward.org

*Attorneys for Named Plaintiffs BAE Industries, Nephrology Associates of the Carolinas, PA, Lower Brule Day School, and the Proposed Class*

[Additional Counsel on Signature Page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| GLOBAL NURSE FORCE, et al., | Case No: 4:25-cv-08454-HSG |
| Plaintiffs, | **CLASS ACTION** |
| vs. | **REPLY IN SUPPORT OF PLAINTIFFS BAE INDUSTRIES, NEPHROLOGY ASSOCIATES OF THE CAROLINAS, PA, AND LOWER BRULE DAY SCHOOL'S MOTION FOR CLASS CERTIFICATION** |
| DONALD J. TRUMP, in his official capacity as President of the United States, et al. | |
| Defendants. | Judge:  Hon. Haywood S. Gilliam, Jr.<br>Ctrm:  2, 4th Floor<br>Date:  February 19, 2026<br>Time:  2:00 P.M. |

1

2

**TABLE OF CONTENTS**

3

I.    INTRODUCTION ........................................................................................................... 1

4

II.    ARGUMENT ................................................................................................................. 2

5

    A.    The Class Definition is Appropriate in Scope ................................................... 2

6

    B.    The Proposed Class Satisfies Rule 23(a). ......................................................... 4

7

        1.    Numerosity is Satisfied ......................................................................... 4

8

        2.    Commonality is Satisfied. ..................................................................... 7

9

        3.    Typicality and Adequacy Are Satisfied. ............................................. 10

10

    C.    The Requirements of Rule 23(b)(2) Are Satisfied .......................................... 13

11

III.    CONCLUSION ........................................................................................................... 15

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REPLY BRIEF IN SUPPORT OF NAMED PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
Case No. 4:25-cv-08454-HSG

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A. B. v. Hawaii State Dep't of Educ.,*
    30 F.4th 828 (9th Cir. 2022) ......................................................................................4

*Armstrong v. Davis,*
    275 F.3d 849 (9th Cir. 2001), *overruled on other grounds by Johnson v. California*, 543
    U.S. 499 (2005) ..................................................................................................7, 10

*Ashker v. Governor of State of California,*
    No. C 09-5796 CW, 2014 WL 2465191 (N.D. Cal. June 2, 2014) ..............................4

*Barbara v. Trump,*
    790 F. Supp. 3d 80 (D.N.H. 2025), *cert. granted before judgment*, No. 25-365, 2025 WL
    3493157 (U.S. Dec. 5, 2025) .....................................................................................5

*Briseño v. ConAgra Foods, Inc.,*
    844 F.3d 1121 (9th Cir. 2017) ...................................................................................5

*Brown v. Kelly,*
    244 F.R.D. 222 (S.D.N.Y. 2007), *aff'd in part, vacated in part*, 609 F.3d 467 (2d Cir.
    2010) .......................................................................................................................10

*Califano v. Yamasaki,*
    442 U.S. 682  (1979) .................................................................................................2

*Chamber of Commerce of the United States v. U.S. Department of Homeland Security,*
    No. 25-cv-3675, 2025 WL 3719234 (D.D.C. Dec. 23, 2025) .................................2, 7

*Cummings v. Connell,*
    316 F.3d 886 (9th Cir. 2003) ...................................................................................11

*Evon v. L. Offs. of Sidney Mickell,*
    688 F.3d 1015 (9th Cir. 2012) .............................................................................10, 13

*Flores v. CVS Pharmacy, Inc.,*
    No. 2:07-cv-05326, 2010 WL 3656807 (C.D. Cal. Sep. 7, 2010) ...........................14

*Garro Pinchi v. Noem,*
    No. 25-cv-05632, 2025 WL 3691938 (N.D. Cal. Dec. 19, 2025).....................4, 5, 6

*Gen. Tel. Co. of Sw. v. Falcon,*
    457 U.S. 147 (1982) ...............................................................................................11

*Harris v. Rainey,*
    299 F.R.D. 486 (W.D. Va. 2014) .............................................................................12

*Healthy Futures of Texas v. Dep't of Health & Hum. Servs.*,
    326 F.R.D. 1 (D.D.C. 2018) (Jackson, J.) ................................................................. 3

*Jane Doe 1 v. Nielsen*,
    357 F. Supp. 3d 972 (N.D. Cal. 2018) ...................................................................... 4

*Jimenez v. Haxton Masonry, Inc.*,
    No. 18-cv-07109, 2021 WL 1041608 (N.D. Cal. Feb. 11, 2021) .............................. 8

*In re Juniper Networks, Inc. Sec. Litig.*,
    264 F.R.D. 584 (N.D. Cal. 2009) .............................................................................. 8

*Kidd v. Mayorkas*,
    343 F.R.D. 428 (C.D. Cal. 2023) ............................................................................ 10

*MadKudu Inc. v. U.S. Citizenship & Immigr. Servs.*,
    No. 20-cv-02653, 2020 WL 7389419 (N.D. Cal. Nov. 17, 2020) ............................. 7

*Nightingale v. U.S. Citizenship & Immigr. Servs.*,
    333 F.R.D. 449 (N.D. Cal. 2019) .............................................................................. 4

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*,
    31 F.4th 651 (9th Cir. 2022) ..................................................................................... 4

*In re Online DVD-Rental Antitrust Litig.*,
    779 F.3d 934 (9th Cir. 2015) ................................................................................... 11

*Parsons v. Ryan*,
    754 F.3d 657 (9th Cir. 2014) .................................................................... 7, 8, 11, 14

*Perez v. Wells Fargo & Co.*,
    No. 14-cv-0989, 2016 WL 4180190 (N.D. Cal. Aug. 8, 2016) ............................... 12

*Rodriguez v. Hayes*,
    591 F.3d 1105 (9th Cir. 2010), *abrogated on other grounds by Rodriguez Diaz v.*
    *Garland*, 53 F.4th 1189 (9th Cir. 2022) .............................................................. 4, 14

*Santillan v. Ashcroft*,
    No. C 04-2686 MHP, 2004 WL 2297990 (N.D. Cal. Oct. 12, 2004) ........................ 2

*Santos v. TWC Admin. LLC*,
    2014 WL 12558009 (C.D. Cal. Aug. 4, 2014) ........................................................ 14

*Saravia v. Sessions*,
    280 F. Supp. 3d 1168 (N.D. Cal. 2017), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905
    F.3d 1137 (9th Cir. 2018) ....................................................................................... 14

REPLY BRIEF IN SUPPORT OF NAMED PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
Case No. 4:25-cv-08454-HSG

*Schuman v. Microchip Tech. Inc.*,
    No. 16-cv-05544-HSG, 2020 WL 887944 (N.D. Cal. Feb. 24, 2020).....................................2

*Sidibe v. Sutter Health*,
    333 F.R.D. 463 (N.D. Cal. 2019).......................................................................................11, 12

*Sueoka v. United States*,
    101 F. App'x 649 (9th Cir. 2004) .........................................................................................4, 11

*In re Tesla Advanced Driver Assistance Sys. Litig.*,
    350 F.R.D. 119 (N.D. Cal. 2025) ................................................................................................5

*Thakur v. Trump*,
    787 F. Supp. 3d 955 (N.D. Cal. 2025) .......................................................................................7

*True Health Chiropractic, Inc. v. McKesson Corp.*
    896 F.3d 923, 929 (9th Cir. 2018) ..............................................................................................5

*United Farm Workers v. Noem*,
    785 F. Supp. 3d 672 (E.D. Cal. 2025), *appeal filed*, No. 25-4047 (9th Cir. June 30, 2025) .....4

*Walker v. Life Ins. Co. of the Sw.*,
    953 F.3d 624 (9th Cir. 2020) .......................................................................................................5

*Wal-Mart Stores, Inc. v. Dukes*
    564 U.S. 338 (2011) ...................................................................................................................15

*Walters v. Reno*,
    145 F.3d 1032 (9th Cir. 1998) ...................................................................................................14

*Wren v. RGIS Inventory Specialists*,
    256 F.R.D. 180 (N.D. Cal. 2009)...............................................................................................12

*Yue v. Conseco Life Ins. Co.*,
    282 F.R.D. 469 (C.D. Cal. 2012) .................................................................................................9

**Statutes**

8 U.S.C. § 1184...............................................................................................................................9

REPLY BRIEF IN SUPPORT OF NAMED PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
Case No. 4:25-cv-08454-HSG

1    **I.        INTRODUCTION**

2          Defendants offer no sound basis to deny certification of a class of U.S. employers subject to

3    the $100,000 Requirement[1]—the fee imposed by the September 19, 2025 Proclamation and

4    implementing policies as a condition for the approval of each H-1B petition filed by a private

5    employer. Instead, they speculate that Class members may differ in their experience or motivation and

6    suggest, without legal support or factual evidence, that these variations render class treatment

7    inappropriate. But it is well-established that such differences do not defeat certification where, as here,

8    all Class members are subject to a common policy and will be redressed by the same prospective relief.

9    Having designed the Proclamation to produce broad, systemic effects, Defendants cannot now invoke

10   that breadth to avoid classwide accountability.

11         Plaintiffs BAE Industries ("BAE"), Nephrology Associates of the Carolinas, PA ("Nephrology

12   Associates"), and Lower Brule Day School ("LBDS") (collectively, the "Named Plaintiffs") are

13   employers across different industries and geographies who have filed or will file an H-1B petition

14   subject to the $100,000 Requirement, or are deterred from filing H-1B petitions due to the same. Their

15   experiences exemplify those of thousands of employers affected nationwide. Each seeks prospective

16   relief from a policy that upends the H-1B system Congress designed, PI Mot. 2–3,[2] and that conditions

17   H-1B hiring on a fee in violation of the Administrative Procedure Act ("APA") and exceeds the

18   President's authority under the Immigration and Nationality Act ("INA"). These shared claims,

19   grounded in a uniform policy, make this case a textbook candidate for class certification.

20         The Court's ruling on the Plaintiffs' PI Motion will determine whether the $100,000

21   Requirement continues to apply to thousands of employers across the country. Certification ensures

22   that any declaratory and injunctive relief will apply consistently and fairly to all those affected—not

23

24

---

25   [1] All defined terms herein have the same meaning as in Named Plaintiffs' Motion for Class
     Certification, Dkt. No. 76, filed on December 18, 2025 ("Class Mot." or "Motion").

26   [2] "PI Mot." or "PI Motion" refers to Plaintiffs' Motion for Preliminary Injunction, Dkt. No. 75.
     "PI Reply" refers to the contemporaneously filed Reply in Support of Motion for Preliminary
27   Injunction and 5 U.S.C. § 705 Stay, Dkt. No. 101.

28

just the three Named Plaintiffs. Rule 23 is designed for precisely this type of systemic challenge, and the Court should grant certification.

## II.    ARGUMENT

### A.  The Class Definition is Appropriate in Scope.

In the month since the Named Plaintiffs filed their opening Motion, the district court in D.C. rendered a final judgment in *Chamber of Commerce of the United States v. U.S. Department of Homeland Security*, a case challenging the $100,000 fee on behalf of members of the U.S. Chamber of Commerce ("Chamber of Commerce") and the Association of American Universities ("AAU"), which is now on appeal. No. 25-cv-3675, 2025 WL 3719234 (D.D.C. Dec. 23, 2025) ("*Chamber*"), *appeal filed*, No. 25-5473 (D.C. Cir. Dec. 31, 2025). Accordingly, the principles of *Califano v. Yamasaki* invite narrowing the scope of the putative Class to ensure that "certification . . . would not improperly interfere with the litigation of similar issues in other judicial districts." 442 U.S. 682, 702 (1979) (affirming propriety of certifying a nationwide class under Rule 23(b)(2) where carveouts were made for parallel litigation). Plaintiffs' proposed amended Class definition reads as follows:

> All U.S. employers who have filed or will file an H-1B petition that is subject to the $100,000 fee under the Proclamation or the Proclamation's implementing guidance, or would file such a petition but for the fee, with the United States Citizenship and Immigration Services received on or between September 21, 2025 and September 21, 2026, to employ a qualified temporary nonimmigrant worker in a specialty occupation in the United States under 8 U.S.C. § 1101(a)(15)(H)(i)(b) and 8 C.F.R. § 214.2(h)(1)(i).

> This class carves out members of the U.S. Chamber of Commerce and the Association of American Universities subject to *Chamber of Commerce of the United States v. U.S. Department of Homeland Security*, No. 25-cv-3675 (D.D.C. Dec. 23, 2025).

*See Santillan v. Ashcroft*, No. C 04-2686 MHP, 2004 WL 2297990, at *8 (N.D. Cal. Oct. 12, 2004) (granting class certification where plaintiffs proposed a modified class definition that excluded the plaintiffs in other pending lawsuits on similar matters); *see also Schuman v. Microchip Tech. Inc.*, No. 16-cv-05544-HSG, 2020 WL 887944, at *4 (N.D. Cal. Feb. 24, 2020) (granting class certification with carveout for plaintiffs in a related case where partial summary judgment had been awarded). Though Named Plaintiffs disagree with Defendants as to the degree of overlap between this action and

*Chamber*,[3] this carveout nulls Defendants' concerns about claim preclusion. *See* Resp. in Opp'n to Pls.' Mot. for Class Certification 14–17, Dkt. No. 97 ("Class Opp."); *Healthy Futures of Texas v. Dep't of Health & Hum. Servs.*, 326 F.R.D. 1, 10 (D.D.C. 2018) (Jackson, J.) ("[The] argument that prior litigation forecloses a subsequent Rule 23(b)(2) class (because the prior litigants cannot be carved out without running afoul of Rule 23(b)(2)) yields absurd results. . . . [T]his view of the law effectively creates a '*Hunger Games*'-tinged race to the courthouse, in which similarly situated plaintiffs who seek injunctive relief for their own benefit must be the first in the door *and* must also volunteer as tribute for the benefit of all other potential plaintiffs by asserting their claims as a class action.").

Setting aside *Chamber*, throughout their brief, Defendants misrepresent the scope of the proposed provisional Class. The Class definition is appropriately tailored to include only those employers that are imminently harmed by the $100,000 Requirement: employers that have filed or will file an H-1B petition, or would file an H-1B petition but for the fee, during the effective period of the Proclamation, which currently runs to September 2026, eight months from now. All Class members face the objective and specific injury of being subject to the unlawful $100,000 Requirement. Defendants' attempts to segment the Class based on employers' subjective motivations or financial means are thus beside the point. For example, their contention that some employers have already paid the $100,000 fee, *see* Class Opp. 1, 14, is irrelevant to the scope of this proposed Class, which only seeks prospective injunctive and declaratory relief. If an employer has already paid the $100,000 fee, the Class will include such an employer only if that employer anticipates filing another petition subject to the fee during the effective period, as that injury could still be redressed prospectively. Otherwise, the employer falls outside its bounds. Nephrology Associates' experience is but one example of an

---

[3] As discussed herein, there is minimal evidence of significant overlap between members of the Chamber of Commerce and AAU and Class members. *See infra* Section II.B.1. *See also* Pls.' Opp'n to Defs.' Mot. to Stay 5–6, Dkt. No. 95 (explaining differences between the cases).

1 employer that has filed a petition but has not paid the fee. *See* Decl. of Dattie Michaelle Waters ¶¶ 16,

2 19, Dkt. No. 75-2 ("Waters Decl.").[4]

3   **B. The Proposed Class Satisfies Rule 23(a).**

4     **1. Numerosity is Satisfied.**

5     Named Plaintiffs have satisfied numerosity by providing reasonable estimates showing that the

6 number of employers in the Class is likely somewhere between 14,000 and 59,000. Class Mot. 11–12,

7 12 nn.9–10. Numerosity is "relaxed" when plaintiffs seek injunctive relief, as they do here, *Sueoka v.*

8 *United States*, 101 F. App'x 649, 653 (9th Cir. 2004), and in any case, courts generally find the

9 numerosity requirement satisfied "where the class comprises 40 or more members," *Garro Pinchi v.*

10 *Noem*, No. 25-cv-05632, 2025 WL 3691938, at *14 (N.D. Cal. Dec. 19, 2025). The proposed Class

11 clearly comprises far more than 40 members. There is no requirement that the estimated number of

12 class members be more specific. Indeed, courts routinely certify classes where the class is numerous

13 but the exact number is unknown. *See Garro Pinchi*, 2025 WL 3691938, at *15 (certifying class of

14 certain noncitizens with "continuously changing membership" despite class size being "inherently

15 indeterminate"); *Nightingale v. U.S. Citizenship & Immigr. Servs.*, 333 F.R.D. 449, 457 (N.D. Cal.

16 2019) ("The party seeking certification 'do[es] not need to state the exact number of potential class

17 members, nor is a specific number of class members required for numerosity.'" (citation omitted));

18 *see also A. B. v. Hawaii State Dep't of Educ.*, 30 F.4th 828, 838 (9th Cir. 2022) *(quoting Rodriguez v.*

19 *Hayes*, 591 F.3d 1105, 1118 (9th Cir. 2010) ("The inclusion of future class members in a class is not

20 itself unusual or objectionable"), *abrogated on other grounds by Rodriguez Diaz v. Garland*, 53 F.4th

21

22     [4] In any case, if the Court determines that the scope of the Class is overbroad, then that "should
23 be solved by refining the class definition rather than by flatly denying class certification on that basis."
*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 669 n.14 (9th Cir.
24 2022) (citation modified); *see United Farm Workers v. Noem*, 785 F. Supp. 3d 672, 713 (E.D. Cal.
2025), *appeal filed*, No. 25-4047 (9th Cir. June 30, 2025) (narrowing class definition to dispense with
25 overbreadth concern); *cf. Jane Doe 1 v. Nielsen*, 357 F. Supp. 3d 972, 986 (N.D. Cal. 2018) (agreeing
with plaintiffs that the Court should "modify the proposed class definition" in response to concern
26 from Defendants "rather than decline to certify the class"); *Ashker v. Governor of State of California*,
27 No. C 09-5796 CW, 2014 WL 2465191, at *4 (N.D. Cal. June 2, 2014) (stating that "ambiguity [in
class definition] does not preclude certification" and excising those ambiguous terms).

28

1189 (9th Cir. 2022); *Barbara v. Trump*, 790 F. Supp. 3d 80, 92 (D.N.H. 2025) (certifying class that included "future class member children . . . yet to be born"), *cert. granted before judgment*, No. 25-365, 2025 WL 3493157 (U.S. Dec. 5, 2025).

Defendants assert that the proposed Class must "be identified using objective, administratively feasible criteria." Class Opp. 6. But that is not required for numerosity or for certification of a 23(b)(2) class at all. The only case Defendants rely on, in fact, reaches the opposite conclusion. In *True Health Chiropractic, Inc. v. McKesson Corp.*, the Court noted that there is no "administrative-feasibility requirement." 896 F.3d 923, 929 (9th Cir. 2018). Defendants are repeat offenders in making this blunder: just last month, this Court rejected their identical argument and case authority. *See Garro Pinchi*, 2025 WL 3691938, at *13 ("[T]he government insists that '[a] class must be defined clearly enough that the court can determine who is included and who is not' based on 'objective, administratively feasible criteria.' But the only case the government cites for that proposition says the opposite.").[5]

Defendants also fail in their attempt to slice and dice the Class into subgroups. First, Defendants fret over employers that file H-1B petitions for individuals inside the U.S. who are granted a change of status, amendment of stay, or extension of stay. Class Opp. 6–7. But the Class definition is limited to employers filing petitions "subject to the $100,000 fee." If U.S. Citizenship and Immigration Services ("USCIS") exercises its discretion to grant the change of status, amendment, or extension, then pursuant to the October Guidance, such an employer's petition would no longer be

---

[5]  Further, the "administrative feasibility" inquiry is a formulation of an "ascertainability" analysis that has been rejected by this Circuit. *See In re Tesla Advanced Driver Assistance Sys. Litig.*, 350 F.R.D. 119, 137 (N.D. Cal. 2025) (explaining that "the majority of district courts in the Ninth Circuit, and appellate opinions in several other circuits" have held that "ascertainability is not a requirement for certifying a Rule 23(b)(2) class"); *Briseño v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1133 (9th Cir. 2017) (in the Rule 23(b)(3) context, holding that "the language of Rule 23 neither provides nor implies that demonstrating an administratively feasible way to identify class members is a prerequisite to class certification"); *accord Walker v. Life Ins. Co. of the Sw.*, 953 F.3d 624, 628–29 (9th Cir. 2020); *cf. Garro Pinchi*, 2025 WL 3691938, at *13 ("In any event, plaintiffs' proposed class and subclass definitions are administratively feasible. . . . All that matters, then, is whether DHS itself can determine if particular noncitizens are members of the class or subclass at the time DHS encounters them. . . . And the record suggests that DHS maintains regular records of this information").

---

subject to the $100,000 fee. Thus, unless that employer planned to file additional H-1B petitions for other beneficiaries that *are* subject to the fee, that employer would no longer be in the Class. *See* Class Mot. 6, 12 n.10, 15.

Second, Defendants demand a "breakdown between those who will file and those who would, absent the Proclamation." Class Opp. 6. But Defendants cite no authority to substantiate such specificity to meet the numerosity standard. Nor can they. Named Plaintiffs have provided a reasonable estimate that justifiably assumes that, absent the Proclamation, roughly the same number of employers would file H-1B petitions this fiscal year as they have in recent years. (Defendants have not suggested any factors besides the Proclamation that have independently changed demand for H-1B workers.) Since the Proclamation was issued in September, some employers have filed, like Nephrology Associates. Waters Decl. ¶¶ 14, 16. Others will file or would file but for the fee, like LBDS and BAE. *See* Decl. of Lance Witte ¶ 12, Dkt. No. 75-4 ("Witte Decl."); Suppl. Decl. of Lance Witte ¶¶ 4–5, Dkt. No. 101-2 ("Witte Supp. Decl."); Decl. of Melynn Zylka ¶ 12, Dkt. No. 75-3.[6]

In addition, Defendants worry that employers ineligible to file a petition, including cap-subject employers who will not receive a lottery slot, are represented in the projected number of Class members. Class Opp. 7. Again, that level of specificity is unnecessary for numerosity purposes, and again, the Class includes only employers filing petitions "subject to the $100,000 fee." An employer who is required to have a lottery slot but does not have one cannot file a petition and therefore cannot be subject to the fee. Thus, before the March 2026 lottery, the Class includes only employers without a lottery-slot to file its petition. After the March 2026 lottery, the Class will grow to include those employers who have been selected in the lottery.

---

[6] Theoretically, there may be some employers who have been wholly deterred and are no longer interested in the H-1B program; they are not in the Class as they "have [not] filed," "will [not] file," and "would [not] file" even if the fee was no longer in the way. But this possibility does not defeat numerosity. Considering the H-1B program has been in place for over 30 years, and Named Plaintiffs' uncontradicted evidence illustrating the H-1B program's important role in filling doctor, nurse, and teacher shortages, it is unlikely that the number of employers who have filed or will file H-1B petitions, or "would file" but for the fee, would dip below 40, which is the number district courts generally recognize as satisfying numerosity. *See Garro Pinchi*, 2025 WL 3691938, at *14.

Numerosity is still satisfied after the associational members of the Association of American Universities ("AAU") and Chamber of Commerce are excluded from membership. AAU has only 69 U.S. research university members, which is a small percentage of the estimated number of employers in the Class. *See Chamber*, 2025 WL 3719234, at *1; *see also* Decl. of Cynthia Liao Ex. 5, Dkt. No. 95-6 (AAU website listing members). And while the Chamber of Commerce apparently has approximately 300,000 direct members, it is not evident that all of them are subject to or otherwise impacted by the $100,000 Requirement, let alone filers of H-1B petitions. *See Chamber*, 2025 WL 3719234, at *9 n.1 (noting that the Chamber named only two injured members); Decl. of Cynthia Liao Ex. 4 ¶¶ 1, 23, Dkt. No. 95-5 (Decl. of Patrick Shen, *Chamber*, No. 1:25-cv-03675 (Oct. 24, 2025)) (describing harm because of the $100,000 Requirement for only "hundreds" of members).

## 2. Commonality is Satisfied.

The putative Class members are all subject to the $100,000 Requirement. The legality of this requirement, enshrined in the Proclamation and implementing guidance, is a "common question[]" capable of "generat[ing] common answers." *Parsons v. Ryan*, 754 F.3d 657, 675 (9th Cir. 2014) (citation modified); Class Mot. 14. Put differently, a classwide proceeding can generate common answers to this question. Therefore, commonality under Rule 23(a)(2) is satisfied.

Defendants do little to distinguish the line of cases in this Circuit that make clear that commonality is satisfied when plaintiffs are "'challeng[ing] a system-wide practice or policy that affects all of the putative class members.'" *Thakur v. Trump*, 787 F. Supp. 3d 955, 1000 (N.D. Cal. 2025) (alteration in original) (quoting *Armstrong v. Davis*, 275 F.3d 849, 868 (9th Cir. 2001), *overruled on other grounds by Johnson v. California*, 543 U.S. 499 (2005)); *see* Class Mot. 13 (citing cases).[7] Here, the government's policies are either "unlawful as to every [class member] or [they are]

---

[7] Defendants insinuate that this axiomatic rule applies only "in a civil-rights suit." Class Opp. 9 (quoting *Armstrong*, 275 F.3d at 868). However, Defendants ignore that this Court has applied this rule in all types of cases, not just those that invoke quintessential "civil rights" constitutional provisions or statutes. *See, e.g.*, *MadKudu Inc. v. U.S. Citizenship & Immigr. Servs.*, No. 20-cv-02653, 2020 WL 7389419, at *7 (N.D. Cal. Nov. 17, 2020) (finding commonality satisfied where there was a "common question of whether Defendants have a pattern and practice of erroneously denying H-1B

not;" that inquiry "does not require [the Court] to determine the effect of those policies and practices upon any individual class member (or class members)." *Parsons*, 754 F.3d at 678.

But Defendants try that argument anyway, contravening *Parsons*. They speculate that employers of varying sizes or financial circumstances are distinctly affected by the $100,000 Requirement—including that some employers allegedly "support" the fee and "may actually *benefit*" from it—such that the class is not identically injured or suffering identical harm. Class Opp. 8–9, 13 (emphasis in original). This argument fundamentally misinterprets the confines of the commonality requirement. The Ninth Circuit made clear in *Parsons* that the Rule 23(b)(2) analyses "do[] not require that the issues common to the class satisfy a Rule 23(b)(3)-like predominance test, and do[] not require a finding that all members of the class have suffered identical injuries." *Parsons*, 754 F.3d at 688; *see infra* Section II.C. Variations in the *severity* of an injury amongst class members are tolerated in class actions and are not a basis for defeating class certification. *See Parsons*, 754 F.3d at 680 n.23 ("Even if some inmates are exposed to a *greater* or *idiosyncratic* risk of harm by the policy and practice . . . that single policy and practice allegedly exposes every single inmate to a serious risk of the same basic kind of harm."); *see also In re Juniper Networks, Inc. Sec. Litig.*, 264 F.R.D. 584, 589–90 (N.D. Cal. 2009) (certifying class where class members "were allegedly injured by the same course of conduct, even if not to the same degree"); *infra* Section II.C.[8]

In conflating these standards, Defendants also fail to demonstrate a "precise understanding of the nature of the underlying claims" and take a myopic view of the relevant common injury. *Parsons*, 754 F.3d at 676. As set forth in the Named Plaintiffs' Motion, Class members do not "experience vastly different alleged injuries," Class Opp. 10, but rather, the same or similar injury: subjection to

---

petitions for market research analysts," which plaintiffs challenged under the APA and INA); *cf. Jimenez v. Haxton Masonry, Inc.*, No. 18-cv-07109, 2021 WL 1041608, at *10 (N.D. Cal. Feb. 11, 2021) (finding commonality satisfied where there was a "common question of law or fact" regarding whether defendants' policy of failing to pay certain employee expenses violated the California labor code).

[8] In many places, Defendants mix arguments relevant to Rule 23(b)(2) requirements into Rule 23(a). *See, e.g.*, Class Opp. 8–10. Therefore, discussion of the appropriate scope of relief in this case is discussed below. *See infra* Section II.C.

REPLY BRIEF IN SUPPORT OF NAMED PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
Case No. 4:25-cv-08454-HSG

1    Defendants' unlawful executive action that has disrupted the H-1B program created by Congress.

2    Class Mot. 15–16, 19. This injury is concrete and imminent considering the short lifespan of the

3    Proclamation (the provisional Class encompasses employers who have, will, or would file by

4    September 21, 2026). Since the issuance of the Proclamation and subsequent Agency Policies,

5    employers have been and are "being forced to make a choice that they should not have to consider in

6    the first place." *Yue v. Conseco Life Ins. Co.*, 282 F.R.D. 469, 484 (C.D. Cal. 2012) (stating that

7    "uncertainty, stress, and inability to plan" constitute imminent irreparable injury to class members

8    while certain "policies [were] in a legal limbo.").[9]

9        In challenging commonality, Defendants again raise the issue of employers who may never

10   file or may be ineligible to file, such as cap-subject employers who do not win a slot in the H-1B

11   lottery. This is a non-issue. As discussed above, the Class definition only includes employers filing

12   petitions "subject to the fee." An employer ineligible to file because they did not win a needed lottery

13   slot would therefore be unable to file a petition that required one. That employer is therefore not subject

14   to the fee. Some precision about "cap" status is important here, since whether an employer is subject

15   to the unlawful policy is not contingent on the employer's cap status. For instance, both Nephrology

16   Associates and BAE are cap-subject employers,[10] but are or were able to file for H-1B beneficiaries

17   they recruited outside of the lottery system because of the immigration status of those beneficiaries.

18   *See* PI Reply 9–10 (explaining that Nephrology Associates' prospective employee has a J-1 waiver

19   that would make them exempt from the H-1B petition cap, and that BAE's employee was previously

20   counted against the cap); *see also* Class Mot. 7 (explaining that USCIS has not adjudicated Nephrology

21

22   ───────────────

23   [9] Defendants unartfully conflate "injury" and "harm" to Class members, muddling the
     requirement for similar injury for class certification, the requirement for imminent harm for standing,

24   and the requirement for irreparable harm for a preliminary injunction. As discussed herein, Named
     Plaintiffs demonstrate that Defendants uniformly subject the putative Class to the same unlawful

25   policy. As set forth in the PI Motion and concurrently filed PI Reply, Named Plaintiffs suffer an injury-
     in-fact for standing, and Named Plaintiffs and the putative Class face irreparable harm that can be
     remedied by a preliminary injunction. *See* PI Mot. 38–41; PI Reply 21–22.

26   [10] Neither employer falls into any category of employers automatically exempted from the cap.

27   *See* 8 U.S.C. § 1184(g)(5) (enumerating categories of cap-exempt employers, namely, institutions of
     higher education, nonprofit research organizations, and governmental research organizations).

28

1  Associates' petition and has asked for evidence of payment or a national interest exemption).

2  Therefore, some cap-subject employers, like Nephrology Associates and BAE, are harmed by the

3  $100,000 Requirement right now even without a lottery slot.

4        **3.  Typicality and Adequacy Are Satisfied.**

5        The experiences of BAE, Nephrology Associates, and LBDS—as hiring employers who have

6  filed or will file an H-1B petition, or would file an H-1B petition to fill a position but for the $100,000

7  fee—are typical of the experiences of the thousands of employers they seek to represent, and they are

8  adequate representatives of this putative Class. As Defendants make the same arguments as to both

9  factors, we address them together.

10        Adequacy is assessed by determining (1) if the named plaintiffs have any conflicts of interest

11  with other class members, and (2) if the named plaintiffs will prosecute the action vigorously on

12  behalf of the class. *See Evon v. L. Offs. of Sidney Mickell*, 688 F.3d 1015, 1031 (9th Cir. 2012). The

13  individual Named Plaintiffs unquestionably meet that standard.

14        Defendants' arguments against typicality and adequacy are rooted in the same erroneous

15  assumption that Named Plaintiffs are atypical and inadequate because some putative Class members

16  may be differently positioned—for instance, better able to afford the $100,000 fee, or allegedly stand

17  to benefit from it. Class Opp. 10–12. As with commonality, Defendants are wrong. *See, e.g.*,

18  *Armstrong*, 275 F.3d at 869 (finding that differences "in the nature of the specific injuries suffered by

19  the various class members" challenging systemwide prison policies and practices were "insufficient

20  to defeat typicality"); *Kidd v. Mayorkas*, 343 F.R.D. 428, 439 (C.D. Cal. 2023) (holding that factual

21  differences across the challenged action were insufficient to defeat typicality where the plaintiffs

22  "challenge[d] [defendant]'s policies or practices on a systemwide basis."). Indeed, if the Court were

23  to accept Defendants' argument that all proposed Class members must be injured by the policy in the

24  exact same manner, typicality could rarely, if ever, be satisfied. *See Brown v. Kelly*, 244 F.R.D. 222,

25  230 (S.D.N.Y. 2007) ("[I]f such factual distinctions could preclude findings of commonality and

26  typicality under Rule 23(a), they would be the death knell for class actions challenging the systemic

27  enforcement of an unconstitutional statute."), *aff'd in part, vacated in part*, 609 F.3d 467 (2d Cir.

28   

2010). Rather, the typicality requirement "refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose." *Parsons*, 754 F.3d at 685 (citation modified). The test is whether other members of the Class "possess the same interest and suffer the same injury", and the injury stems from conduct not unique to the Named Plaintiffs. *Sueoka*, 101 F. App'x at 653 (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982). The Named Plaintiffs satisfy this standard as their challenge of the $100,000 Requirement is based on a course of conduct that is common to the putative Class. *See* Class Mot. 3–5, 14–16.

That some employers may be more capable of paying the fee, or may have subjective policy views about its merits, does not defeat typicality or adequacy. This case is about the fee's *legality*. Also, differing individual motivations regarding the challenged conduct does not preclude certification when the legal injury is shared. *See Sidibe v. Sutter Health*, 333 F.R.D. 463, 486–87 (N.D. Cal. 2019) (rejecting typicality argument that small employers could not represent larger ones because of purported divergent business incentives, holding that the challenged conduct was "not unique to any plaintiff"). Nor does the possibility that an employer might qualify for a waiver or exception undermine typicality: all Class members face the same legal framework, and the exception process itself is a function of the challenged rule. Class Mot. 6–7.

With respect to adequacy, Defendants' assertion that there is a conflict between Named Plaintiffs (and perhaps counsel) and the absent Class members because some employers "may even prefer" the payment requirement, Class Opp. 11–13, is wholly speculative. "[T]his circuit does not favor denial of class certification on the basis of speculative conflicts." *Cummings v. Connell*, 316 F.3d 886, 896 (9th Cir. 2003) (affirming class certification despite defendant's baseless claim that class members "possessed opposing views" regarding remedy); *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 942 (9th Cir. 2015) ("Nor does a district court abuse its discretion [in certifying a class] when conflicts are trivial."); *id.* (quoting 1 William B. Rubenstein et al., Newberg on Class Actions § 3.58 (5th ed. 2011)) ("Only conflicts that are fundamental to the suit and that go to the heart of the litigation prevent a plaintiff from meeting the Rule 23(a)(4) adequacy requirement."). Defendants' claim that some have a preference for maintaining a challenged policy is not a cognizable

legal defense, and certainly not one that "goes to the heart of the litigation." *Sidibe*, 333 F.R.D. at 488. Courts routinely reject adequacy challenges premised on abstract or economic divergence among Class members. *See Perez v. Wells Fargo & Co.*, No. 14-cv-0989, 2016 WL 4180190, at *8 (N.D. Cal. Aug. 8, 2016) (rejecting adequacy challenge where defendants argued that putative class included managers who might deny plaintiff's wage-and-hour allegations and be harmed by her success, finding no evidence of actual antagonism); *Harris v. Rainey*, 299 F.R.D. 486, 494–95 (W.D. Va. 2014) (rejecting argument that intra-class disagreement over litigation strategy rendered class representatives inadequate, emphasizing that differing subjective views do not amount to a fundamental conflict barring certification). Business diversity within a Rule 23(b)(2) class is expected—and permissible. *See Wren v. RGIS Inventory Specialists*, 256 F.R.D. 180, 210 (N.D. Cal. 2009) (class representatives need not mirror every variation in business structure or industry).[11] As *Sidibe* makes clear, representing a class with competing economic interests does not constitute a "conflict regarding the central issues at controversy in this case." *Sidibe*, 333 F.R.D. at 488–89 (holding that a purported conflict where some class members may benefit economically from defendant's malfeasance did not affect plaintiffs' legal challenge; no class member economically benefitted from the act of being overcharged).

Defendants' challenge to adequacy of Class Counsel also fails. Their brief states that "Defendants do not contend that Plaintiffs have shown that proposed Class Counsel has the requisite skills and experience to represent a large class." Class Opp. 12. From context, there appears to be a drafting error, and they may have meant "do not contest." Regardless, Plaintiffs have satisfied Rule 23(g), which requires courts to consider counsel's experience, legal knowledge, investigative work, and resources committed to the case. Fed. R. Civ. P. 23(g)(1)(A)(i)–(iv). Class Counsel's extensive

---

[11] Similarly, in opaquely alluding that LBDS is atypical because it has not yet filed a petition, Class Opp. 12, Defendants again misunderstand the class definition, which explicitly includes employers that will or would file but for the $100,000 fee. LBDS is thus encompassed by the Class definition. *See* Witte Supp. Decl. ¶¶ 4–5 (explaining that all candidates for open positions will require H-1B visa sponsorship); Witte Decl. ¶ 12 (fee is an insurmountable cost for the school). The injury LBDS faces is of the same kind as many: impediment to engaging in the H-1B petition process due to an unlawful requirement.

1  record in litigating class actions, business immigration matters, and under the APA and analogous

2  claims at issue here, demonstrates their ability and commitment to zealously represent the Class. *See*

3  Decl. of Harini Srinivasan ¶¶ 6–8; 11–15; 19–20; 25; 27–28, Dkt. No. 76-2 ("Srinivasan Decl.")

4  (synthesizing counsel's experience litigating numerous nationwide cases in which counsel represented

5  numerous class members).

6      While Defendants extend their adequacy challenge to potential class counsel, its basis focuses

7  exclusively on the absent Class members' relationship to one another. Class Opp. 12–13. There are

8  again no actualized conflicting interests between proposed class counsel and absent Class members,

9  and Defendants cite no authorities for denying adequacy on such a speculative basis, or any other.

10  Counsel therefore can and will adequately represent a nationwide Class. *See* Class Mot. 17 (describing

11  qualifications and relevant experience of undersigned counsel); *see* Srinivasan Decl.; *see also Evon*,

12  688 F.3d at 1031 (adequacy satisfied where class counsel demonstrated competence and alignment of

13  interests).

14      In sum, Defendants' arguments ignore the uniform legal question at the center of this case. The

15  Named Plaintiffs are entirely typical of the proposed Class, and no conflicts—let alone fundamental

16  ones—undermine their or their counsel's adequacy.

17  **C.  The Requirements of Rule 23(b)(2) Are Satisfied.**

18      The requirements of Rule 23(b)(2) are easily satisfied here. All Class members will be affected

19  or continue to be affected by the same government conduct—the $100,000 Requirement imposed on

20  their H-1B petitions in violation of the law. Thus, Defendants have "acted or refused to act on grounds

21  that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is

22  appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2); Class Mot. 17–19. Named

23  Plaintiffs seek uniform injunctive relief to enjoin Defendants' policies, which would apply to the entire

24  Class. Nothing more is required.

25      Defendants devote little effort to engaging with the standard and instead recycle the same

26  challenges they raise elsewhere about the severity and universality of the injury suffered by Class

27  members. Class Opp. 13-14; *see also supra* note 9. But Rule 23(b)(2) "does not require [courts] to

28

REPLY BRIEF IN SUPPORT OF NAMED PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
Case No. 4:25-cv-08454-HSG

1  examine the viability or bases of class members' claims for declaratory and injunctive relief, [] only

2  to look at whether class members seek uniform relief from a practice applicable to all of them."

3  *Rodriguez*, 591 F.3d at 1125. "'[I]t is sufficient' to meet the requirements of Rule 23(b)(2) that 'class

4  members complain of a pattern or practice that is generally applicable to the class as a whole.'" *Id.*

5  (quoting *Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998)).

6       This analysis is unchanged by speculation that some businesses will enjoy the expected

7  decrease in competition for H-1B beneficiaries. Class Opp. 14. Rule 23 does not contemplate

8  withholding injunctive relief merely because some absent Class members may speculatively wish to

9  benefit from the continuation of an unlawful policy. *See Saravia v. Sessions*, 280 F. Supp. 3d 1168,

10  1204 (N.D. Cal. 2017) (noting that the court's role is to assess whether policies "violate class

11  members' rights in a systematic way"), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137

12  (9th Cir. 2018). So too here: while Class members may differ in their motivations, experiences, or the

13  extent to which they have borne the $100,000 fee, the Proclamation and its implementing policies

14  apply equally to all of them. It is the $100,000 Requirement that bonds the class together: the legality

15  of the fee is the central challenge of the case, and its enjoinment will redress the Class as a whole. *See*

16  *Parsons*, 754 F.3d at 688 (injunctive relief appropriate even if "each of the certified [] policies and

17  practices may not affect every member of the proposed class and subclass in exactly the same way").

18       In another attempt to import heightened requirements into the Rule 23(b)(2) analysis,

19  Defendants argue that "it must be readily ascertainable that the practice has injured every member."

20  Class Opp. 13. This is untethered from binding Ninth Circuit authority. Defendants' reliance on *Santos*

21  *v. TWC Admin. LLC*, 2014 WL 12558009 (C.D. Cal. Aug. 4, 2014), does not help them, as that case

22  pre-dates *Briseño*. *See supra* note 5. Nor does *Flores v. CVS Pharmacy, Inc.*, No. 2:07-cv-05326, 2010

23  WL 3656807 (C.D. Cal. Sep. 7, 2010), which, like *Santos*, addressed certification under Rule 23(b)(3),

24  not Rule 23(b)(2). The specificity and manageability concerns relevant to a class seeking monetary

25  relief under 23(b)(3)—including predominance and superiority—simply do not apply under (b)(2). As

26  the Supreme Court explained in *Wal-Mart Stores, Inc. v. Dukes*, these additional procedural

27

28

REPLY BRIEF IN SUPPORT OF NAMED PLAINTIFFS' MOTION FOR CLASS CERTIFICATION
Case No. 4:25-cv-08454-HSG

1  protections are unnecessary when "a class seeks an indivisible injunction benefiting all its members at

2  once." 564 U.S. 338, 362–63 (2011).

3       With respect to the scope of relief, all relief sought in this case is *prospective*, such that

4  reimbursement is not a form of relief sought or within the scope of this legal challenge. *See* FAC ¶¶

5  196, 209; Class Mot. 4, 16–17. Therefore, Defendants' suggestion that some employers may wish to

6  be reimbursed misses the mark. Class Opp. 14. Again, the Class is expressly limited to those who

7  "have filed or will file an H-1B petition *that is subject to the $100,000 fee* under the Proclamation or

8  the Proclamation's implementing guidance, or would file such a petition but for the fee." *Supra* Section

9  II.A (emphasis added). Injunctive relief enjoining the fee thus would apply to and benefit all Class

10  members uniformly.

11  **III.    CONCLUSION**

12       For the foregoing reasons and for the reasons stated in their opening brief, Named Plaintiffs'

13  Motion for Class Certification should be granted.

14

15  Dated: January 23, 2026                              Respectfully submitted,

16

17  */s/ Harini Srinivasan*                              */s/ Cynthia Liao*
    Harini Srinivasan (D.C. Bar No. 1032002)*            Cynthia Liao (CA Bar No. 301818)
18  Aniko Schwarcz (D.C. Bar No. 980631)*                Johanna M. Hickman (D.C. Bar No. 981770)*
    **COHEN MILSTEIN SELLERS & TOLL**                    Elena Goldstein (D.C. Bar No. 90034087)*
19  **PLLC**                                             Steven Y. Bressler (D.C. Bar No. 482492)*
    1100 New York Ave. NW, Suite 800                     Jennie L. Kneedler (D.C. Bar No. 500261)*
20  Washington, D.C. 20005                               **DEMOCRACY FORWARD FOUNDATION**
    (202) 408-4600                                       P.O. Box 34553
21  hsrinivasan@cohenmilstein.com                        Washington, DC 20043
    aschwarcz@cohenmilstein.com                          (202) 808-1982 (Liao)
22                                                       cliao@democracyforward.org
                                                         hhickman@democracyforward.org
23  Alexandra Gray (NY Bar No. 6019590)*                 egoldstein@democracyforward.org
    **COHEN MILSTEIN SELLERS & TOLL**                    sbressler@democracyforward.org
24  **PLLC**                                             jkneedler@democracyforward.org
    88 Pine St., 14th Floor
25  New York, New York 10005
    (212) 838-7797                                       */s/ Kalpana Peddibhotla*
26  agray@cohenmilstein.com                              Kalpana Peddibhotla (CA Bar No. 200330)

27

28

1

*/s/ Karen C. Tumlin*
Karen C. Tumlin (CA Bar No. 234691)
Esther H. Sung (CA Bar No. 255962)
Laura Flores-Perilla (CA Bar No. 355645)
Hillary Li (GA Bar No. 898375)*
Brandon Galli-Graves (TX Bar No. 24132050)*
Emily Satifka (NJ Bar No. 330452020)*
**JUSTICE ACTION CENTER**
P.O. Box 27280
Los Angeles, CA 90027
(323) 450-7272
karen.tumlin@justiceactioncenter.org
esther.sung@justiceactioncenter.org
laura.flores-perilla@justiceactioncenter.org
hillary.li@justiceactioncenter.org
brandon.galli-graves@justiceactioncenter.org
Emily.satifka@justiceactioncenter.org

*/s/ Charles H. Kuck**
GA Bar No. 429940
**KUCK BAXTER LLC**
365 Northridge Rd., Suite 300
Atlanta, GA 30350
404-949-8154
Ckuck@immigration.net

*Attorneys for Named Plaintiffs BAE Industries, Nephrology Associates of the Carolinas, PA, Lower Brule Day School, and the Proposed Class*

**SOUTH ASIAN AMERICAN JUSTICE COLLABORATIVE (SAAJCO)**
333 W. San Carlos Street, Suite 600
San Jose, CA 95110
(408) 550-9240
kalpana@saajco.org

*/s/ Jesse M. Bless*
JESSE M. BLESS*
MA Bar # 660713
**BLESS LITIGATION LLC**
6 Vineyard Lane
Georgetown MA 01833
781-704-3897
jesse@blesslitigation.com

*/s/ Greg Siskind*
Greg Siskind**
TN Bar No. 14487
**SISKIND SUSSER**
1028 Oakhaven Road
Memphis, TN 38119
(901) 682-6455
gsiskind@visalaw.com
*Counsel for Plaintiffs*

*/s/ Zachary R. New*
Zachary R. New**
Atty. Reg. No. (Colorado): 53992
**JOSEPH & HALL, P.C.**
12203 East Second Ave.
Aurora, CO 80011
(303) 297-9171
/s/ Zachary R. New
zachary@immigrationissues.com

* Admitted *pro hac vice*
** Motion to appear *pro hac vice* forthcoming