BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General
Office Of Immigration Litigation

TIBERIUS DAVIS
Counsel To The Assistant Attorney General

GLENN GIRDHARRY
Acting Deputy Director

DAVID J. BYERLEY
Senior Litigation Counsel

JAIME A. SCOTT
Trial Attorney
DC Bar # 90027182
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Washington, D.C. 20044
Telephone: (202) 305-3620
Email: Jaime.A.Scott@usdoj.gov

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GLOBAL NURSE FORCE, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, President of the United States, *et al.*,<br><br>Defendants. | Case No. 4:25-cv-8454-HSG<br><br>**MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1) AND 12(B)(6)**<br><br>**HEARING DATE AND TIME: APRIL 2, 2026 AT 2:00PM** |

MOT. TO DISMISS                                                                 No. 4:25-cv-8454-HSG

**NOTICE OF MOTION PURSUANT TO 7-1**

PLEASE TAKE NOTICE that on April 2, 2026 at 2:00 PM, before The Honorable Haywood S. Gilliam, Jr., United States District Court for the Northern District of California, Courtroom 2, 4th Floor, 1301 Clay Street, Oakland, California, Defendants will move to dismiss all claims in this litigation.

Defendants' motion to dismiss is being made pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The basis and reasons for this motion are more fully set forth in the attached memorandum and in Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction in this matter, ECF No. 98, which is incorporated into the attached memorandum by reference.

**STATEMENT OF ISSUES**

Pursuant to Local Rule 7-4(a)(3), Defendants state that the following issues are to be decided by this Motion:

1. Whether Plaintiffs have adequately shown Article III standing?
2. Whether this Court lacks subject matter jurisdiction under Rule 12(b)(1) to hear Plaintiffs' ultra vires, APA and RFA challenges?
3. Whether Plaintiffs have failed to state an ultra vires, APA and RFA claim under Rule 12(b)(6)?

MOT. TO DISMISS                                                                                          No. 4:25-cv-8454-HSG

# MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

INTRODUCTION .................................................................................................................... 1
BACKGROUND ...................................................................................................................... 2
LEGAL STANDARD............................................................................................................... 2
    I.    Rule 12(b)(1)................................................................................................................ 2
    II.   Rule 12(b)(6)................................................................................................................ 3
ARGUMENT ........................................................................................................................... 3
    I.    The Court Should Dismiss the Complaint Under Fed. R. Civ. P. 12(b)(1). ................ 3
        A.    Plaintiffs Lack Article III Standing................................................................... 3
            i.    Employer Plaintiffs ................................................................................ 4
            ii.   Individual Plaintiff John Smith .............................................................. 4
            iii.   Association Plaintiffs.............................................................................. 5
        B.    There Is No "Final Agency Action" For the Court to Review. ....................... 8
        C.    Even If There Was Final Agency Action, The APA Does Not Confer Jurisdiction To Review An Executive Decision To Restrict Entry........................................... 8
    II.   The Court Should Dismiss The Complaint Under Fed. R. Civ. P. 12(b)(6)................ 9
        A.    Consular Nonreviewability Precludes Review of 8 U.S.C. S 1182(f) Entry Restrictions......................................................................................................... 9
        B.    Plaintiffs Fail to State an *Ultra Vires* Claim. .................................................. 10
        C.    Plaintiffs Fail to State a Claim Under the Administrative Procedure Act and Regulatory Flexibility Act.................................................................................. 10
CONCLUSION........................................................................................................................ 11

## TABLE OF AUTHORITIES

*See also* Table of Authorities in Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction (ECF No. 98)

Page(s)

Cases

*Balistreri v. Pacifica Police Dep't*,
   901 F.2d 696 (9th Cir. 1988) ................................................................................................. 3
*Block v. Cmty. Nutrition Inst.*,
   467 U.S. 340 (1984) .............................................................................................................. 9
*Chamber of Commerce v. DHS*,
   No. 25-CV-3675, 2025 WL 3719234, (D.D.C. 2025).......................................................... 7
*Cnty. of Esmeralda v. Dep't of Energy*,
   925 F.2d 1216 (9th Cir. 1991) ............................................................................................... 9
*Coal. on Homelessness v. City & Cnty. of San Francisco*,
   758 F. Supp. 3d 1102 (N.D. Cal. 2024)............................................................................ 6, 7

MOT. TO DISMISS                                                                                                           No. 4:25-cv-8454-HSG

*Dalton v. Specter*,
   511 U.S. 462 (1994) .............................................................................................................. 10
*Dep't of State v. Muñoz*,
   602 U.S. 899 (2024) ................................................................................................................ 9
*Detroit Int'l Bridge Co. v. Canada*,
   189 F. Supp. 3d 85 (D.D.C. 2016) ........................................................................................ 10
*Hemp Indus. Ass'n v. Drug Enf't Admin.*,
   333 F.3d 1082 (9th Cir. 2003) ............................................................................................... 10
*Hunt v. Wash. State Apple Advert. Comm'n*,
   432 U.S. 333 (1977) ................................................................................................................ 6
*Kokkonen v. Guardian Life Ins. Co. of Am.*,
   511 U.S. 375 (1994) ................................................................................................................ 2
*Lance v. Coffman*,
   549 U.S. 437 (2007) ................................................................................................................ 6
*Los Angeles Haven Hospice, Inc. v. Sebelius*,
   638 F.3d 644 (9th Cir. 2011) .................................................................................................. 3
*Lujan v. Defenders of Wildlife*,
   504 U.S. 555 (1992) ............................................................................................................ 2, 8
*Minor v. FedEx Office & Print Servs., Inc.*,
   78 F. Supp. 3d 1021 (N.D. Cal. 2015) .................................................................................... 3
*Murthy v. Missouri*,
   603 U.S. 43 (2024) .............................................................................................................. 3, 8
*Navarro v. Block*,
   250 F.3d 729 (9th Cir. 2001) .................................................................................................. 3
*Pinnacle Armor, Inc. v. United States*,
   648 F.3d 708 (9th Cir. 2011) .................................................................................................. 9
*Trump v. Hawaii*,
   585 U.S. 667 (2018) ................................................................................................................ 9
*United States v. Ritchie*,
   342 F.3d 903 (9th Cir. 2003) .................................................................................................. 3
*Vacek v. United States Postal Serv.*,
   447 F.3d 1248 (9th Cir. 2006) ................................................................................................ 2
*Wheeler v. City of Santa Clara*,
   894 F.3d 1046 (9th Cir. 2018) ................................................................................................ 2

Statutes

5 U.S.C. § 704 .................................................................................................................................. 8
5 U.S.C. §§ 601–612 ..................................................................................................................... 10
5 U.S.C. §§ 603(a), 604(a) ............................................................................................................ 10
5 U.S.C §§ 551–559 ...................................................................................................................... 10
8 U.S.C. § 1182(f) ............................................................................................................... 1, 9, 10, 11
8 U.S.C. § 1185(a)(1) .......................................................................................................... 1, 10, 11

Rules

Fed. R. Civ. P. 12(b)(1) ............................................................................................................... 2, 3

Fed. R. Civ. P. 12(b)(6) .................................................................................................................. 3, 9

Regulations

91 Fed. Reg. 2049 (Jan. 16, 2026) ............................................................................................... 4
90 Fed. Reg. 46,027 (Sep. 24, 2025) ........................................................................................... 1

Other Authorities

Annual Financial Report (2025) at 10, 26, 71, *Stanford University* (December 9, 2025) (https://bondholder-information.stanford.edu/sites/g/files/sbiybj21416/files/media/file/fy25-annual-financial-report.pdf) ................................................................................................... 7

John H. Coatsworth, *What happens when the union's views aren't yours? - What happens when the union's views aren't yours?*, Columbia Daily Spectator (Dec. 1, 2026), https://infoweb.newsbank.com/apps/news/document-view?p=AWNB&docref=news/16105EC1908A2180&f ......................................................... 8

*Letter to Senators Urging Them to Oppose Legislation That Will Hurt Immigrants and Lower Wages*, AFL-CIO (Feb. 5, 2015), https://aflcio.org/about/advocacy/legislative-alerts/letter-senators-urging-them-oppose-legislation-will-hurt ............................................................... 8

*Responsible Reform of Immigration Laws Must Protect Working Conditions for all Workers in the U.S.*, AFL-CIO (March 2, 2006), https://aflcio.org/about/leadership/statements/responsible-reform-immigration-laws-must-protect-working-conditions-all ............................................................................................. 7

**INTRODUCTION**

On September 19, 2025, President Trump invoked his broad authority to temporarily restrict the entry of aliens under 8 U.S.C. § 1182(f) and § 1185(a) by issuing Proclamation 10973, *Restriction on Entry of Certain Nonimmigrant Workers*, 90 Fed. Reg. 46,027 (Sep. 24, 2025) (the "Proclamation"), in response to the pervasive abuse of the H-1B system for decades. In the Proclamation, the President determined that "[t]he large-scale replacement of American workers through systemic abuse of the [H-1B] program has undermined both [the United States'] economic and national security." *Id.* As a result, the President found that "the unrestricted entry" into the country of certain H-1B temporary workers "would be detrimental to the interests of the United States because such entry would harm American workers, including by undercutting their wages[.]" *Id.* The President thus temporarily suspended, restricted, or regulated the entry of aliens seeking a new H-1B visa unless their petitions "are accompanied or supplemented by a payment of $100,000." *Id.* at 46,028.

On October 3, 2025, Plaintiffs—a collection of for-profit corporations, religious organizations, nonprofits, unions, and one anonymous individual[1]—filed suit against the Government. Five of the thirteen Plaintiffs seek preliminary injunctive relief (ECF No. 75) to which the government opposed on January 16, 2026 (ECF No. 98).[2] Defendants reiterate the arguments raised in their Opposition to Plaintiffs' Motion for Preliminary Injunction (hereinafter "Opposition") as reasons why the Amended Complaint should be dismissed. These arguments are applicable to *all* Plaintiffs, not just those who sought preliminary injunctive relief. Having failed

---

[1] Since the filing of the Amended Complaint, individual Plaintiff Phoenix Doe voluntarily dismissed her claims. ECF 100.

[2] Plaintiffs also filed a motion for class certification, to which the government also responded on January 16, 2026 (ECF No. 97). Defendants also incorporate by reference arguments presented in Defendants Opposition to Plaintiffs' Motion for Class Certification (ECF No. 97) as they are relevant.

MOT. TO DISMISS                                    1                                    No. 4:25-cv-8454-HSG

to establish jurisdiction or an unlawful violation, the Court should dismiss the Amended Complaint without leave to further amend. *See Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018) (concluding leave to amend should be denied where the plaintiff failed to cure deficiencies in previous amendment or where further amendment would be futile).

## BACKGROUND

Defendants incorporate by reference the background section detailed in Defendants' Opposition at pages 3–10.

## LEGAL STANDARD

### I. Rule 12(b)(1)

A district court must dismiss an action if it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Because federal courts are courts of limited jurisdiction, it is "presumed that a cause lies outside of this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Further, federal district courts only have constitutional authority to resolve cases or controversies in which plaintiffs have standing. *See* U.S. CONST. Art. III, § 2. To establish standing: "First, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent, not conjectural or hypothetical.' Second, there must be a causal connection between the injury and the conduct complained of—the injury must be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). In other words, the plaintiff's injury must be

"fairly . . . traceable to the challenged action of the defendant." *Los Angeles Haven Hospice, Inc. v. Sebelius,* 638 F.3d 644, 655 (9th Cir. 2011) (internal quotations omitted).

**II.     Rule 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) addresses "the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A court may consider documents attached or incorporated by reference to the complaint, or matters of judicial notice, *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003), including public websites, *Minor v. FedEx Office & Print Servs., Inc.*, 78 F. Supp. 3d 1021, 1027 (N.D. Cal. 2015).

## ARGUMENT

**I.     The Court Should Dismiss the Complaint Under Fed. R. Civ. P. 12(b)(1).**

**A.  Plaintiffs Lack Article III Standing.**

Defendants addressed the lack of standing of Plaintiffs BAE Industries, Nephrology Associates of The Carolinas, PA, Lower Brule Day School, Global Village Academy Collaborative, and Global Nurse Force in their Opposition at pages 11–15.

The remaining Plaintiffs did not seek a preliminary injunction. For good reason. Their injuries also rest on a "speculative chain of possibilities" that are not clearly traceable to the Proclamation. *See Murthy v. Missouri*, 603 U.S. 43, 69-70 (2024) ("To obtain forward-looking relief, the plaintiffs must establish a substantial risk of future injury that is traceable to the Government defendants and likely to be redressed by an injunction against them."). Injuries for the seven remaining employer/association Plaintiffs seeking relief are not concrete, as none have alleged that they sought exceptions, it is speculative they will get employees through the lottery or

MOT. TO DISMISS                                          3                                    No. 4:25-cv-8454-HSG

cap-exempt process, it is speculative that they will need to pay the $100,000 for current employees, and/or it is speculative that they cannot recruit and hire American workers instead. John Smith's alleged injury is also not concrete: he offers no allegations of a legally protected interest which would be violated by the Proclamation nor imminent harm.

### i. Employer Plaintiffs

Plaintiffs Society of the Divine World ("SVD"), Fathers of St. Charles, and Church on the Hill are each religious organizations that speculate that, without being able to petition for H-1B employees, their long-term needs will be harmed. Between the three employers, they have multiple employees presently working on R-1 visas, Amend. Compl. ¶¶ 168, 172, 179, but claim that solely the H-1B visa can satisfy their long-term needs.[3] Contrary to this claim, Church on the Hill has successfully used the Employment-Based Fourth Preference immigrant process to adjust their employee's status to that of a lawful permanent resident to continue to employ a pastor "integral to the church's mission and work". *Id.* ¶ 178. SVD and Father of St. Charles also claim that they need employees with language skills, *id.* ¶ 166, 171, but do not explain why these skills are limited to only employees on H-1B status (as opposed to R-1 status, lawful permanent residency, a U.S. citizen, etc.), or how the Proclamation is prohibiting them from hiring employees with these language skills. Thus, their conjectural claims that the R-1 visa (which they have all used successfully) and other possible employees cannot meet their language needs thus necessitating H-1B visas is speculative at best.

### ii. Individual Plaintiff John Smith

---

[3] Since the filing of the Amended Complaint, DHS has published an interim final rule with immediate effect that amends the R-1 regulations. *See* 91 Fed. Reg. 2049 (Jan. 16, 2026). Based on the revised regulation, there is no longer a requirement to remain outside the U.S. for a certain amount of time before being readmitted for a new 5-year term, if an alien is otherwise eligible for readmission as an R–1 religious worker. *Id.* at 2055.

MOT. TO DISMISS                                4                                No. 4:25-cv-8454-HSG

For the same reasons, Plaintiff John Smith's claim that the Proclamation has injured him is even more speculative. His entire injury rests from the possibility that he might have to return to his home country at the expiration of his R-1 visa, *id.* ¶ 187.[4] Further, per his representations in the Amended Complaint, his R-1 visa will outlast the Proclamation by over a month.[5] *Id.* ¶ 187. Thus, any claim that the Proclamation will ever affect him is entirely speculative. He also makes no allegations as to why living in the U.S. on H-1B status is a legally protected interest. He has not made any reference to a request for an exception of the $100,000, nor a request for a change of status to H-1B that, if granted, would mean that he is not subject to the Proclamation. Thus, it is unclear what injury, if any, John Smith faces *now* because of the Proclamation. In fact, Plaintiff Phoenix Doe's voluntarily dismissal because her discretionary change of status request was approved, *see* Pls.' Reply, ECF No. 101 at 1 n.1., underscores the speculative nature of John Smith's, and any individual Plaintiffs' within the United States, claims.

      iii.   Association Plaintiffs

Plaintiffs Committee of Interns and Residents, SEIU ("CIR"), UAW Local 4811, American Association of University Professors ("AAUP"), and International Union, United Automobile, Aerospace and Agricultural Implement Workers of America ("UAW International") are associations seeking standing on behalf of their members. "[A]n association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted nor the relief requested requires the participation of individual members

---

[4] *See also supra* n.4.

[5] Because Plaintiff John Smith remains anonymous, Defendants cannot verify when his R-1 nonimmigrant status is set to expire. His continued refusal to identify himself means the Court must evaluate his claims of injury in the abstract. For this reason and others, Defendants maintain their arguments set forth in their Opposition to Pls.' Motion to Proceed Under Pseudonym. ECF No. 69.

in the lawsuit." *Coal. on Homelessness v. City & Cnty. of San Francisco*, 758 F. Supp. 3d 1102, 1122 (N.D. Cal. 2024) (quoting *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 343 (1977)).

Plaintiffs fail to show that their members would have standing to sue in their own right. CIR speculates that they have members who plan to *seek* H-1B visas or have H-1B petitions pending. Amend. Compl. ¶ 129. Plaintiffs provide two examples as representative of the purported issue that CIR members will face, but both examples highlight the speculative nature of their claims. *Id.* ¶¶ 130-134. As plaintiffs allege, CIR members hire physicians who are currently in the United States for medical training as J-1 nonimmigrants. *Id*. Plaintiffs' claims are therefore entirely speculative because H-1B petitioners for these J-1 nonimmigrants may request a change of status that, if granted, would not subject these aliens to the Proclamation. None of these claims show that CIR will be harmed by the Proclamation: if they have members planning to seek H-1B visas at some unnamed time, the harm is speculative, and if they have members with petitions pending prior to the Proclamation, they are not subject to the restriction. And the overarching claim that the Proclamation will undeniably harm "communities around the United States," aside from being incredibly speculative, does not allege a harm to CIR *itself* that is traceable to the Proclamation. *Lance v. Coffman*, 549 U.S. 437, 440 (2007) ("[A] plaintiff must have more than 'a general interest common to all members of the public.'") (citation omitted).

Plaintiffs UAW Local 4811, UAW International, and AAUP's standing fails in a similar fashion. In each example described, the individuals are already present in the United States. Thus, like Phoenix Doe, it is speculative that they are currently subject to the Proclamation. They have not indicated whether they sought a waiver or requested a change of status that, if granted, would mean that they are not subject to the Proclamation fee. *Id.* ¶¶ 190–191; 193. There are thus multiple

MOT. TO DISMISS 6 No. 4:25-cv-8454-HSG

levels of speculation required for these members to suffer an injury, as they have numerous ways to avoid being subject to the Proclamation. These Plaintiffs also fail to address why "major U.S. research institutions" could not pay $100,000 for vital work, and thus why the Proclamation would result in an injury to their members.[6] Further, as explained in Defendants' Opposition to Plaintiffs' Motion for Class Certification, there is overlap between the members UAW International and UAW Local 4811 represent and the members represented by Chamber of Commerce and/or the Association of American Universities. *See* ECF No. 97 at 16. If the Court does conclude that some or all of the above Plaintiffs have standing, it will need to conclude that the member who would otherwise have standing to sue in his or her own right has not already received a full adjudication in *Chamber of Commerce v. DHS*, No. 25-CV-3675, 2025 WL 3719234, (D.D.C. 2025).

Further, associational standing requires that "the interests [plaintiff] seeks to protect are germane to the organization's purpose." *Coal. on Homelessness*, 758 F. Supp. 3d at 1122. AFL-CIO, which is the national union all four Association Plaintiffs are affiliated with, has repeatedly emphasized that the H-1B program has been extensively abused causing harm to their members. *See* Defs.' Opp. at 7. In the decades since the H-1B visa's creation, AFL-CIO has stated "[g]uestworker programs, such as the L and H-1B visa programs, operate with little employer accountability and to the detriment of all professional workers"[7] and "[a]s currently structured, the H-1B visa program allows employers to stifle wages, create a captive workforce, and make

---

[6] UAW Local 4811, UAW International, and AAUP do not reference any specific institutions that would be allegedly harmed. But as an example, Stanford University is one of the world's wealthiest universities with assets in the tens of billions. *See* Annual Financial Report (2025) at 10, 26, 71, *Stanford University* (December 9, 2025) (https://bondholder-information.stanford.edu/sites/g/files/sbiybj21416/files/media/file/fy25-annual-financial-report.pdf).

[7] *Responsible Reform of Immigration Laws Must Protect Working Conditions for all Workers in the U.S.*, AFL-CIO (March 2, 2006), https://aflcio.org/about/leadership/statements/responsible-reform-immigration-laws-must-protect-working-conditions-all.

MOT. TO DISMISS                               7                              No. 4:25-cv-8454-HSG

previously full time jobs insecure and temporary."[8] The above statements align with the Proclamation's temporary restrictions on entry of certain H-1B nonimmigrants to curb abuse of the program that has been detrimental to U.S. workers, not a suit to overturn the Proclamation.

Therefore, for the eight Plaintiffs above, adding all these contingencies together creates a "speculative chain of possibilities" insufficient for standing. *Murthy*, 603 U.S. at 70.

### B. There Is No "Final Agency Action" For the Court to Review.

The Court also lacks jurisdiction to review the Proclamation because there is no final *agency* action. Section 704 of the APA only permits judicial review of "final agency action." 5 U.S.C. § 704 ("Agency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review."). *See also Lujan*, 497 U.S. at 882 ("When . . . review is sought not pursuant to specific authorization in the substantive statute, but only under the general review provisions of the APA, the 'agency action' in question must be 'final agency action.'" (citing 5 U.S.C. § 704)).

Defendants incorporate by reference the full discussion of this argument detailed in Defendants' Opposition at pages 20–25.

### C. Even If There Was Final Agency Action, The APA Does Not Confer Jurisdiction To Review An Executive Decision To Restrict Entry.

---

[8] *Letter to Senators Urging Them to Oppose Legislation That Will Hurt Immigrants and Lower Wages*, AFL-CIO (Feb. 5, 2015), https://aflcio.org/about/advocacy/legislative-alerts/letter-senators-urging-them-oppose-legislation-will-hurt; *see also* John H. Coatsworth, *What happens when the union's views aren't yours? - What happens when the union's views aren't yours?*, COLUMBIA DAILY SPECTATOR (Dec. 1, 2026), https://infoweb.newsbank.com/apps/news/document-view?p=AWNB&docref=news/16105EC1908A2180&f=basic ("[T]he policy position of the AFL-CIO itself…states: 'The largest recipients of visas for skilled workers are temporary staffing agencies that almost never hire from the local workforce, do not create jobs or contribute to innovation, sponsor virtually none of their guest workers for permanence, overwhelmingly pay the lowest wages allowed by law, and have a business model that seeks to move as much work overseas as possible.'").

Finally, even if Plaintiffs were able to identify a "final agency action", the Court lacks jurisdiction to review the Proclamation because the mere implementation of an Executive decision to restrict entry both precludes judicial review and is committed to agency discretion by law. Section 701(a)(1) of the APA does not waive sovereign immunity and thus precludes judicial review where the statute precludes such review. *Block v. Cmty. Nutrition Inst.*, 467 U.S. 340, 345 (1984) ("Whether and to what extent a particular statute precludes judicial review is determined not only from its express language, but also from the structure of the statutory scheme, its objectives, its legislative history, and the nature of the administrative action involved."); *see also Trump v. Hawaii*, 585 U.S. 667, 684 (2018) (explaining that 1182(f) and 1185(a)(1) "exudes deference to the President in every clause."). Further, Section 701(a)(2) precludes judicial review where agency action is committed to agency discretion by law." *See also Pinnacle Armor, Inc. v. United States*, 648 F.3d 708, 719 (9th Cir. 2011) (in determining whether judicial review is precluded on § 701(a)(2) grounds, the court considers "the language of the statute and whether the general purposes of the statute would be endangered by judicial review." (quoting *Cnty. of Esmeralda v. Dep't of Energy*, 925 F.2d 1216, 1218 (9th Cir. 1991))).

Defendants incorporate by reference the full discussion of this argument detailed in Defendants' Opposition at pages 20–25.

## II. The Court Should Dismiss The Complaint Under Fed. R. Civ. P. 12(b)(6).

### A. Consular Nonreviewability Precludes Review of 8 U.S.C. S 1182(f) Entry Restrictions.

The Proclamation is not reviewable under principles of consular nonreviewability. *See, e.g., Dep't of State v. Muñoz*, 602 U.S. 899, 907 (2024) ("[t]he admission and exclusion of foreign nationals is a fundamental sovereign attribute" that is "largely immune from judicial control.") (quotations omitted).

Defendants incorporate by reference the full discussion of this argument detailed in Defendants' Opposition at pages 15–17.

### B. Plaintiffs Fail to State an *Ultra Vires* Claim.

Plaintiffs fail to state how the Proclamation is in excess of the statutory authority provided to the President in 8 U.S.C. § 1182(f) and 1185(a). "[L]ongstanding authority holds" that *ultra vires* review of executive action is "not available" when, as here, "the statute in question commits the decision to the discretion of the President." *Dalton v. Specter*, 511 U.S. 462, 474 (1994). Further, the Proclamation satisfies the prerequisites of §§ 1182(f) and 1185(a)(1) and does not conflict with the INA by overriding existing H-1B provisions or imposing an impermissible tax.

Defendants incorporate by reference the full discussion of this argument detailed in Defendants' Opposition at pages 17–20; 27–37.

### C. Plaintiffs Fail to State a Claim Under the Administrative Procedure Act and Regulatory Flexibility Act.

Finally, Plaintiffs allege that the Proclamation is in violation of the Administrative Procedure Act (APA), 5 U.S.C §§ 551–559, 701–06, and Regulatory Flexibility Act (RFA), 5 U.S.C. §§ 601–612. But Plaintiffs fail to show how the implementation of a presidential directive is not in accordance with law and/or is arbitrary and capricious. *See Detroit Int'l Bridge Co. v. Canada*, 189 F. Supp. 3d 85, 106 (D.D.C. 2016) (rejecting arbitrary and capricious challenge to agency action implementing executive order in President's discretion). Further, Plaintiffs fail to show why this implementation would require notice and comment rulemaking under the APA and compliance with the RFA. *Hemp Indus. Ass'n v. Drug Enf't Admin.*, 333 F.3d 1082, 1088 (9th Cir. 2003) (holding that notice and comment rulemaking applies only to legislative rules, which have the force of law and "create[] new rights and impose[] new obligations."); *see also* 5 U.S.C. §§ 603(a), 604(a) (explaining the RFA is only applicable if there is a requirement for an agency to

undergo notice and comment rulemaking). Plaintiffs challenge fails to recognize Sections 1182(f) and 1185(a)'s powers belong to the *President* alone, and the agencies lack authority to either disobey or disregard that exercise. Even if the agencies had the power Plaintiffs allege, the implementation of the Proclamation was not unlawful under the APA and RFA as the Proclamation itself comported with §§ 1182(f) and 1185(a)(1) and the INA as explained above.

Defendants incorporate by reference the full discussion of this argument detailed in Defendants' Opposition at pages 37–41.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiffs' Amended Complaint with prejudice, without further leave to amend.

\*\*\*

Dated: January 29, 2026                    Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General
Office Of Immigration Litigation

TIBERIUS DAVIS
Counsel To The Assistant Attorney General

GLENN GIRDHARRY
Acting Deputy Director
Office of Immigration Litigation

DAVID J. BYERLEY
Senior Litigation Counsel

<u>/s/ *Jaime A. Scott*</u>
JAIME A. SCOTT (DC Bar # 90027182)
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Washington, D.C. 20044
Telephone: (202) 305-3620
Email: Jaime.A.Scott@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Jaime A. Scott
JAIME A. SCOTT
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation

*Attorney for Defendants*
