BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General
Office of Immigration Litigation

TIBERIUS DAVIS
Counsel to the Assistant Attorney General

GLENN GIRDHARRY
Acting Deputy Director

DAVID J. BYERLEY
Senior Litigation Counsel

JAIME A. SCOTT
Trial Attorney
DC Bar # 90027182
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Washington, D.C. 20044
Telephone: (202) 305-3620
Email: Jaime.A.Scott@usdoj.gov

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GLOBAL NURSE FORCE, *et al*.<br><br>            Plaintiffs,<br><br>        v.<br><br>DONALD J. TRUMP, President of the United States, *et al*.,<br><br>            Defendants. | Case No.  4:25-cv-8454-HSG<br><br>**SUPPLEMENTAL BRIEFING** |

SUPPL. BRIEFING                                    No. 4:25-cv-8454-HSG

**BACKGROUND**

On March 5, 2026, the Ninth Circuit issued a decision in *Pacito v. Trump*, No. 25-1313, 2026 WL 620449 (9th Cir. Mar. 5, 2026), holding that Plaintiffs had not shown that they were likely to succeed on the merits of their claim that Executive Order No. 14163 suspending refugee processing and admissions pursuant to 8 U.S.C. § 1182(f) was *ultra vires*. *Id.* at *28. In its opinion, the Ninth Circuit held that "the President's actions were within the statutory authority granted [to] him under the INA" and vacated the preliminary injunctions from the lower court in large measure. *Pacito*, 2026 WL 620449, at *3.

As explained herein, *Pacito* supports Defendants' arguments that the Proclamation is neither *ultra vires* nor in violation of the Administrative Procedure Act. *Pacito* provides additional reasons why the Court should deny the Preliminary Injunction and dismiss the Amended Complaint.

**ARGUMENT**

I.      ***Pacito* Highlights That 8 U.S.C. §§ 1182(f) And 1185(a)(1) Authorize The President To Impose Broad Restrictions On Entry.**

The Ninth Circuit in *Pacito* explained that the President's broad authority to exclude aliens "stems not alone from legislative power but is inherent in the executive power to control the foreign affairs of the nation." 2026 WL 620449, at *4 (quoting *United States ex rel. Knauff v. Shaughnessy*, 338 U.S. 537, 542 (1950)). Yet Congress still delegated sweeping authority, as "§ 1182(f) grants the President broad discretion to suspend the entry of aliens into the United States." *Id.* at *14 (quoting *Trump v. Hawaii*, 585 U.S. 667, 683–84 (2018)). As the Ninth Circuit held, the district court in *Pacito* erred in concluding that the Order exceeded the President's statutory authority and overrode the Refugee Act of 1980 because it suspended all refugees "indefinitely" and ran counter to the Refugee Act's reticulated scheme for refugee admissions. *Id.*

SUPPL. BRIEFING                                1                        No. 4:25-cv-8454-HSG

The Ninth Circuit appropriately rejected the district court's reasoning. First, the Ninth Circuit observed that even if the President indefinitely suspended the refugee program, such action would be permissible because Section 1182(f) allows for the suspension of "*all* aliens" for "such period as he shall deem necessary." *Id.* at *14-15. Second, the Court held that nothing in the Refugee Act required that "the President must maintain some non-zero admissions under USRAP," as the statute required the setting of an annual "ceiling, not a floor" on who *may* be admitted as refugees. *Id.* Third, the Court held that "[h]ad Congress instead intended [8 U.S.C. § 1157] to constrain the President's power…it could easily have chosen language directed to that end." *Id.* Indeed, Congress expressly excluded refugees from other inadmissibility bars like the "public charge" rule, but did not exclude the program from Section 1182(f). *Id.* at *6, 14 n.7. Finally, the Court noted that the Order did not wholly displace the program because individual exceptions could be given by the Secretaries. *Id.* at *15. At bottom, the Ninth Circuit thoroughly *rejected* an argument that the Order unlawfully "'effect[ed] a wholesale reversal of legislatively established policy' because Congress, in passing the Refugee Act, intended 'to provide a permanent and systematic procedure for [refugee] admission.'" *Id.* at *15 (quoting *Pacito*, 768 F. Supp. 3d at 1221–22).

Similarly, Plaintiffs' argument here that the more limited Proclamation overrides the H-1B program is completely unfounded. The President can suspend all aliens under H-1B despite Congress's program, but he chose only to restrict entry for a year subject to a $100,000 payment. Despite Plaintiffs' argument, the H-1B cap changes nothing, as it is a ceiling that does not require any admissions. *See* 8 U.S.C. § 1184(g)(1)(A) ("The total number of aliens who may be issued visas or otherwise provided nonimmigrant status during any fiscal year…under section 1101(a)(15)(H)(i)(b) of this title, *may not exceed* . . . ."). And there is nothing substantively

SUPPL. BRIEFING                    2                    No. 4:25-cv-8454-HSG

different in the H-1B program that exempts it from being subject to Section 1182(f) like the refugee statute. *See* 8 U.S.C. §§ 1101(a)(15)(H)(i)(b), 1184(c)(1) ("The question of importing any alien as a nonimmigrant under subparagraph (H)…of section 1101(a)(15) of this title…in any specific case or specific cases *shall be determined by the* [*Secretary of Homeland Security*], after consultation with appropriate agencies of the Government, upon petition of the importing employer"). Congress has not expressly limited the President's broad authority under Section 1182(f). Nor is the H-1B program fully suspended, as there are also exceptions as with the refugee program. Additionally, any qualified alien can seek admission under the same standards, subject to the $100,000 payment unless an exception is granted. So, the restrictions here are minimal compared to those considered in *Pacito*. Thus, Plaintiffs' argument that "[t]he Proclamation directly conflicts with multiple INA provisions that Congress enacted as part of a carefully considered visa system that enables U.S. employers to bring in foreign specialty workers on H-1B visas," Mot. for PI at 20, is foreclosed by *Pacito*.

## II. *Pacito* Is Instructive In That Visa Processing Is Tied To Entry Suspension And/Or Restriction.

In *Pacito*, plaintiffs argued the Executive Order was *ultra vires* because the President did not have the authority to suspend processing refugee applications as opposed to entry under Section 1182(f). 2026 WL 620449, at *11. The Ninth Circuit rejected that argument, holding that the "President's decision to halt decisions on applications would follow logically from his determination to suspend all admissions." *Id.* at *17. This logic forecloses another one of Plaintiffs' arguments. Here, Plaintiffs likewise argue that the Proclamation "unlawfully reaches beyond the entry of noncitizens and purports to regulate USCIS's adjudication of H-1B petitions submitted by U.S. employers and the Department of State's approval of H-1B visa applications submitted by noncitizens seeking a visa to enter the United States." Mot. for PI at 16. But as noted above, nothing

SUPPL. BRIEFING                    3                    No. 4:25-cv-8454-HSG

in the H-1B statute precludes the President from placing an entry restriction that would logically be tied to visa petition or application processing. This is the exact point the district court in *Chamber* made, that the two are logically connected. *See Chamber of Com. v. DHS*, No. 25-CV-3675 (BAH), 2025 WL 3719234, at *19 (D.D.C. Dec. 23, 2025). That definitively disposes of Plaintiffs' claim.

**III.     *Pacito* Supports Defendants' Arguments That There Is No Jurisdiction Under The APA To Review A Presidential Action.**

The Ninth Circuit specifically held that the suspension decision could not be reviewed under the APA because "the final action complained of is that of the President, and the President is not an agency within the meaning of the Act ... there is no final agency action that may be reviewed under the APA standard." *Id.* at *23 (quoting *Franklin v. Massachusetts*, 505 U.S. 788, 800–01 (1992)). By contrast, the funding decisions were reviewable because Defendants did not contest the cause of action and the *agencies* determined the funds "no longer effectuate[d] agency priorities." *Id.* This directly informs Defendants' jurisdictional argument in this litigation:  because the Proclamation is a presidential action, it is not reviewable under the APA. As the *Pacito* Court explained, refugee processing and admissions are managed by numerous agencies, *Id.* at *7, and it is logical to conclude that Executive Order No. 14163 suspending refugee admissions required some ministerial agency implementation. Even so, the Ninth Circuit held that the entry suspension, and thus agency implementation related to that suspension, is nonreviewable. *Id.* at *23. Notably, the Ninth Circuit did not discuss *Nebraska v. Su*, or require the agencies to conduct any kind of notice-and-comment or arbitrary and capricious review, before complying with Executive Order 14163. This Court should hold the same.

**IV.     Several of Plaintiffs' Citations are Inapposite.**

SUPPL. BRIEFING                                  4                            No. 4:25-cv-8454-HSG

The Ninth Circuit has held that "Plaintiffs have not shown that they are likely to succeed on the merits of their challenges to Executive Order No. 14163." *Pacito*, 2026 WL 620449, at *30. Plaintiffs' earlier cites to *Pacito v. Trump*, 768 F. Supp. 3d 1199 (W.D. Wash. 2025) are thus non-instructive. The district court's decision in *Pacito*, for instance, stated that the refugee entry suspension was "not [a] ministerial implementation[], sans discretion, of Presidential authority" and was an *agency* action in violation of the APA. *Pacito*, 768 F. Supp. 3d at 1228, 1234; *see also* Mot. for PI at 23, 31. The Ninth Circuit held the opposite, stating that the entry suspension, and logically the related implementation, was not *ultra vires*, and nonreviewable under the APA because it was a Presidential action. *Pacito*, 2026 WL 620449, at *17, *23. Similarly, Plaintiffs relied on the stay decision in *Doe I v. Trump*, 957 F.3d 1050 (9th Cir. 2020). *Id.* at *15 n.8. But *Pacito* made clear that the merits panel disagreed and the later vacatur of the merits opinion as moot "did not revive our decision on the stay of the preliminary injunction *Doe I.* We are not bound by our decision in *Doe I.*" *Id.* Those cases are not persuasive, much less binding.

***

Even before *Pacito* it was clear that Plaintiffs' claims fail. The Ninth Circuit's binding precedent has only made that more apparent. This Court should deny Plaintiffs' Motion for a Preliminary Injunction and grant Defendants' Motion to Dismiss.

SUPPL. BRIEFING                    5                    No. 4:25-cv-8454-HSG

Dated: March 16, 2026

Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General
Office Of Immigration Litigation

TIBERIUS DAVIS
Counsel To The Assistant Attorney General

GLENN GIRDHARRY
Acting Deputy Director
Office of Immigration Litigation

DAVID J. BYERLEY
Senior Litigation Counsel

*/s/ Jaime A. Scott*
JAIME A. SCOTT (DC Bar # 90027182)
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Washington, D.C. 20044
Telephone: (202) 305-3620
Email: Jaime.A.Scott@usdoj.gov

*Attorneys for Defendants*

SUPPL. BRIEFING                6                No. 4:25-cv-8454-HSG

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Jaime A. Scott
JAIME A. SCOTT
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation

*Attorney for Defendants*

SUPPL. BRIEFING                                                    No. 4:25-cv-8454-HSG