UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL NURSE FORCE, et al.,<br>Plaintiffs,<br>v.<br>DONALD J. TRUMP, et al.,<br>Defendants. | Case No. 25-cv-08454-HSG<br>**ORDER DENYING MOTION TO PROCEED UNDER PSEUDONYM**<br>Re: Dkt. No. 4 |

Pending before the Court is a motion to proceed under a pseudonym, filed by Plaintiffs Phoenix Doe and John Smith. Dkt. No. 4. Plaintiff Phoenix Doe voluntarily dismissed her case after her H-1B petition and discretionary change of status request was approved. *See* Dkt. No. 100. The Court therefore considers this motion as it pertains to Plaintiff Smith.

Plaintiff is a citizen of England who came to the United States in 2022 on an R-1 visa and works full-time as a pastor.[1] *See* Dkt. No. 4-2 ("Smith Decl.") at ¶¶ 1–3. Plaintiff's R-1 visa is approved until November 1, 2026. *Id.* at ¶ 5. His church offered him a permanent position and sponsored him for a special immigrant visa, an I-360 petition, which was approved in 2024. However, Plaintiff explained that the process to adjust his status and become a permanent resident is lengthy given the backlog for available visas. *See id.* at ¶¶ 5–6. Plaintiff's church therefore retained counsel to apply for an H-1B visa on his behalf so he could continue working while he awaits approval. *Id.* at ¶ 6. Neither he nor the church can afford the new $100,000 payment required for H-1B petitions. *Id.* at ¶¶ 7–8. As relevant here, Plaintiff states that he fears retaliation from the government, particularly in the form of adverse immigration decisions, and

[1] An R-1 visa is a nonimmigrant visa that allows foreign nationals to work temporarily in the United States in religious vocations.

harassment from members of the public if he uses his real name in this case. *Id.* at ¶ 14. He therefore seeks not only to proceed pseudonymously, but also anonymously, "prevent[ing] disclosure of Plaintiffs' identities to Defendants" themselves (though not their counsel). *See* Dkt. No. 4 at 8.

Although the Court understands Plaintiff's reticence in identifying himself in a public lawsuit, such concerns are present in many cases, especially in suits against the government and in the immigration context. Plaintiff has not identified any specific concerns about retaliation or harassment toward him, and the Court finds his generalized conclusions are not sufficient. *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) ("[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity.").[2] On the record before it, the Court does not find any "special circumstances" that warrant use of a pseudonym, and the motion is **DENIED**. Dkt. No. 4.

**IT IS SO ORDERED.**

Dated: 9/30/2026

Haywood S. Gilliam, Jr.
HAYWOOD S. GILLIAM, JR.
United States District Judge

[2] The Ninth Circuit has identified the following factors for consideration: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; (3) the anonymous party's vulnerability to such retaliation; (4) the prejudice to the opposing party; and (5) the public's interest in the case. *See Advanced Textile*, 214 F.3d at 1068–69.