BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General
Office Of Immigration Litigation

TIBERIUS DAVIS
Counsel To The Assistant Attorney General

DAVID J. BYERLEY
Senior Litigation Counsel

JAIME A. SCOTT
Trial Attorney
DC Bar # 90027182
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Washington, D.C. 20044
Telephone: (202) 305-3620
Email: Jaime.A.Scott@usdoj.gov

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GLOBAL NURSE FORCE, *et al*.<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, President of the United States, *et al.*,<br><br>Defendants. | Case No. 4:25-cv-8454-HSG<br><br>**DEFENDANTS' MOTION FOR A STAY OF PROCEEDINGS AND MEMORANDUM IN SUPPORT** |

On September 30, 2026, the Court granted in part and denied in part Plaintiffs' Motion for a Preliminary Injunction, denied Plaintiff's Motion for Class Certification, denied Defendants' Motion to Dismiss, and denied Plaintiff' Motion to Proceed Under Pseudonym. Dkt. No. 129, 130. The Court ordered the parties to meet and confer and file a joint case management statement by October 20, 2026, and scheduled a case management conference on October 27, 2026, at 2:00 p.m. Pursuant to FED. R. CIV. P. 12(a)(4)(A), Defendants must file an Answer by October 14, 2026. Defendants filed a notice of appeal of the Court's September 30, 2026 order granting in part Plaintiffs' Motion for a Preliminary Injunction on October 9, 2026, and intend to seek expedited briefing.

This district court has "broad discretion to stay proceedings." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket…." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis*, 299 U.S. at 254). In *Landis*, the Supreme Court held that a litigant in one case could be subjected to a stay while another case was decided upon if "immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted." 299 U.S. at 254.

In its orders from September 30, 2026, the Court recognized that "the United States Supreme Court is likely to eventually provide further clarity" on the issues presented in the Parties' briefs. Dkt. No. 130 at 3. The Court also noted there is concurrent litigation on the issues presented by the parties in *Chamber of Commerce v. DHS*, No. 25-5473 (D.C. Cir.) and *California v. Mullin*,

No. 26-1699 (1st Cir.). *Id.* at 2. Here, a stay while three U.S. Circuit Courts of Appeal,[1] and most likely the Supreme Court, consider identical issues would preserve the Court's and parties' resources. A stay would obviate the need to expend limited time and resources in litigating a case that presently would not change the *status quo* regardless of its outcome, given the co-extensive preliminary injunction already entered in another matter. Additionally, this stay would not prejudice Plaintiffs in this litigation as the vacatur provided via the preliminary injunction would remain in place while the Ninth Circuit considers the issues.

For the above-stated reasons, the Court should stay proceedings in this case.[2] Defendants highlight the need for a speedy resolution of this request given the fast-approaching deadlines set by the Court in its September 30, 2026, orders. In the alternative, Defendants request an extension of 30 days from the date this motion is decided of all pending deadlines, including the Answer, 26(f) report, and case management conference.

***

[1] Additionally, Defendants' appeal of the September 30, 2026 order divests this Court of jurisdiction over the issues related to that order. *See Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023); *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982).

[2] Defendants reached out to opposing counsel for Plaintiffs' position on this motion via email, and Plaintiffs oppose the stay request.

Dated: October 9, 2026

Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General
Office Of Immigration Litigation

TIBERIUS DAVIS
Counsel To The Assistant Attorney General

DAVID J. BYERLEY
Senior Litigation Counsel

/s/ Jaime A. Scott
JAIME A. SCOTT (DC Bar # 90027182)
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Washington, D.C. 20044
Telephone: (202) 305-3620
Email: Jaime.A.Scott@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

/s/ Jaime A. Scott
JAIME A. SCOTT
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation

*Attorney for Defendants*