BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General
Office Of Immigration Litigation

TIBERIUS DAVIS
Counsel To The Assistant Attorney General

DAVID J. BYERLEY
Senior Litigation Counsel

JAIME A. SCOTT
Trial Attorney
DC Bar # 90027182
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Washington, D.C. 20044
Telephone: (202) 305-3620
Email: Jaime.A.Scott@usdoj.gov

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

GLOBAL NURSE FORCE, *et al*.

Plaintiffs,

v.

DONALD J. TRUMP, President of the United States, *et al.*,

Defendants.

Case No. 4:25-cv-8454-HSG

**DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT**

Defendants Donald J. Trump, President of the United States; the U.S. Department of Homeland Security; Markwayne Mullin, Secretary of Homeland Security; U.S. Citizenship and Immigration

Services; Joseph B. Edlow, Director of U.S. Citizenship and Immigration Services; U.S. Customs and Border Protection; Rodney Scott, Commissioner of U.S. Customs and Border Protection; U.S. Department of State; and Marco Rubio, Secretary of State hereby respond to Plaintiffs' Amended Complaint (hereinafter "Complaint") filed on December 18, 2025. Defendants' answer tracks the headings in Plaintiffs' Complaint for ease of reference only, and Defendants deny any and all allegations contained in the headings. Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, any allegation that Defendants do not specifically admit herein is denied.

In response to the specifically enumerated paragraphs, as set forth in the Complaint, and using the titles appearing in the Complaint for convenience only, Defendants answer as follows:

## I. INTRODUCTION

1. The allegations in this paragraph contain Plaintiffs' statement of the case, opinions, and/or legal conclusions, to which no response is required. To the extent any allegations against Defendants remain, Defendants deny them.

2. The allegations in this paragraph contain Plaintiffs' statement of the case, opinions, and/or legal conclusions, to which no response is required. To the extent any allegations against Defendants remain, Defendants deny them.

3. The allegations in this paragraph contain Plaintiffs' statement of the case and/or legal conclusions, to which no response is required. To the extent any allegations against Defendants remain, Defendants deny them.

4. The allegations in this paragraph contain Plaintiffs' statement of the case, opinions, and/or legal conclusions, to which no response is required. To the extent any allegations against Defendants remain, Defendants deny them.

5. The allegations in this paragraph contain Plaintiffs' statement of the case, opinions, and/or legal conclusions, to which no response is required. To the extent any allegations against Defendants remain, Defendants deny them.

6. The allegations in this paragraph characterize the contents of statutory authority, which speaks for itself and is the best evidence of their contents. To the extent there are any remaining allegations in this paragraph, they contain Plaintiffs' legal conclusions to which no response is required.

7. Defendants admit President Trump issued Presidential Proclamation 10973 (hereinafter "the Proclamation") on September 19, 2025. To the extent any allegations against Defendants remain, Defendants deny them.

8. The allegations in this paragraph characterize Secretary of Commerce Howard Lutnick's comments, which may speak for themselves. To the extent there are any remaining allegations in this paragraph, Defendants deny them.

9. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

10. Defendants admit U.S. Citizenship and Immigration Services (USCIS), the Department of State, and U.S. Customs and Border Protection (CBP) issued public statements following the Proclamation. Defendants deny all remaining allegations in this paragraph.

11. The allegations in this paragraph characterize the contents of agency statements, which speak for themselves and are the best evidence of their contents. To the extent there are any remaining allegations in this paragraph, Defendants deny them.

12. The allegations in this paragraph contain Plaintiffs' statement of the case and/or legal conclusions, to which no response is required. To the extent any allegations against Defendants remain, Defendants deny them.

13. The allegations in this paragraph characterize the contents of USCIS guidance, which speaks for itself and is the best evidence of its contents. To the extent there are any remaining allegations in this paragraph, Defendants deny them.

14. Defendants deny the allegations in this paragraph.

15. Defendants deny the allegations in this paragraph.

16. The allegations in this paragraph contain Plaintiffs' subjective characterization of themselves, statement of the case, and/or legal conclusions, to which no response is required. To the extent any allegations against Defendants remain, Defendants deny them.

## II. JURISDICTION AND VENUE

17. This paragraph contains Plaintiffs' legal conclusions regarding jurisdiction to which no response is required.

18. This paragraph contains Plaintiffs' legal conclusions regarding venue to which no response is required.

19. This paragraph contains Plaintiffs' legal conclusions regarding joinder to which no response is required.

## III. DIVISIONAL ASSIGNMENT

20. This paragraph contains Plaintiffs' legal conclusions regarding divisional assignment to which no response is required.

## IV. PARTIES

### A. Employer Class Representatives

21. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

22. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

23. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

### B. Other Employer Plaintiffs

24. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

25. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

26. This paragraph relates to a dismissed Plaintiff, to which no response is required.

### C. Employee and Union Plaintiffs

27. This paragraph relates to a dismissed Plaintiff, to which no response is required.

28. This paragraph relates to a dismissed Plaintiff, to which no response is required.

29. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

30. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

31. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

32. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

### D. Other Plaintiffs

33. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

34. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

**E. Defendants**

35. Defendants admit this paragraph.

36. Defendants admit the Department of Homeland Security (DHS) is a federal Department headquartered in Washington, D.C. To the extent that the allegations in this paragraph purport to characterize the official responsibilities of DHS, the relevant governing laws and regulations speak for themselves and are the best evidence of their contents, and to the extent that Plaintiffs' characterizations are inconsistent therewith, they are denied.

37. Defendants deny this paragraph.

38. Defendants admit USCIS is a component agency of DHS, headquartered in Camp Springs, MD. To the extent that the allegations in this paragraph purport to characterize the official responsibilities of DHS or USCIS, the relevant governing laws and regulations speak for themselves and are the best evidence of their contents, and to the extent that Plaintiffs' characterizations are inconsistent therewith, they are denied

39. Defendants admit this paragraph.

40. Defendants admit CBP is a component agency of DHS headquartered in Washington, D.C. To the extent that the allegations in this paragraph purport to characterize the official responsibilities of DHS or CBP, the relevant governing laws and regulations speak for themselves and are the best evidence of their contents, and to the extent that Plaintiffs' characterizations are inconsistent therewith, they are denied

41. Defendants admit this paragraph.

42. Defendants admit the Department of State is a federal Department headquartered in Washington, D.C. To the extent that the allegations in this paragraph purport to characterize the official responsibilities of the Department of State, the relevant governing laws and regulations speak for themselves and are the best evidence of their contents, and to the extent that Plaintiffs' characterizations are inconsistent therewith, they are denied.

43. Defendants admit this paragraph.

## V. LEGAL BACKGROUND

44. The allegations in this paragraph characterize the contents of legal authorities and a judicial opinion, which speak for themselves and are the best evidence of their contents. To the extent there are any remaining allegations in this paragraph, they contain Plaintiffs' legal conclusions to which no response is required.

45. The allegations in this paragraph contain Plaintiffs' legal conclusions to which no response is required.

46. Defendants admit there are H-1B workers and employers living across the United States. Defendants admit that a fraction of H-1B workers are employed by churches, medical clinics, and high schools. The remainder of the allegations are opinion statements, to which no response is required and are denied to the extent a response is required.

47. The allegations in this paragraph contain Plaintiffs' legal conclusions and opinion statements to which no response is required.

### F. Congress Created the H-1B Visa to Ensure the U.S. Could Attract Necessary Workers in Specialty Occupations

48. The allegations in this paragraph characterize the contents of statutory and regulatory authorities, which speak for themselves and are the best evidence of their contents. To the extent there are any remaining allegations in this paragraph, they contain Plaintiffs' legal conclusions to which no response is required.

49. The allegations in this paragraph characterize the contents of statutory and regulatory authorities, which speak for themselves and are the best evidence of their contents. To the extent there are any remaining allegations in this paragraph, they contain Plaintiffs' legal conclusions to which no response is required.

### G. In Designing the H-1B Program, Congress Included Protections for U.S. Workers

50. The allegations in this paragraph contain Plaintiffs' legal conclusions and opinion statements to which no response is required.

51. The allegations in this paragraph characterize the contents of statutory authorities, which speak for themselves and are the best evidence of their contents. To the extent there are any remaining allegations in this paragraph, they contain Plaintiffs' legal conclusions to which no response is required.

52. The allegations in this paragraph characterize the contents of statutory and regulatory authorities, which speak for themselves and are the best evidence of their contents. To the extent there are any remaining allegations in this paragraph, they contain Plaintiffs' legal conclusions to which no response is required.

53. The allegations in this paragraph characterize the contents of statutory and regulatory authorities, which speak for themselves and are the best evidence of their contents. To the extent there are any remaining allegations in this paragraph, they contain Plaintiffs' legal conclusions to which no response is required.

54. Defendants admit the allegations in this paragraph.

55. The allegations in this paragraph characterize the contents of statutory and regulatory authorities, which speak for themselves and are the best evidence of their contents. To the extent there are any remaining allegations in this paragraph, they contain Plaintiffs' legal conclusions to which no response is required.

56. The allegations in this paragraph characterize the contents of statutory and regulatory authorities, which speak for themselves and are the best evidence of their contents. To the extent there are any remaining allegations in this paragraph, they contain Plaintiffs' legal conclusions to which no response is required.

## H. Congress Created a Detailed Statutory Scheme to Govern the H-1B Process That Balances Private and Public Sector Needs

### 1. H-1B Registration and Lottery for Cap-Subject H-1B Visas

57. The allegations in this paragraph contain Plaintiffs' legal conclusions to which no response is required.

58. The allegations in this paragraph characterize the contents of a regulatory authority, which speaks for itself and is the best evidence of its contents. To the extent there are any remaining allegations in this paragraph, they contain Plaintiffs' legal conclusions to which no response is required.

59. Defendants admit USCIS generally performs a computer-generated lottery selection. Otherwise, the allegations in this paragraph characterize the contents of a regulatory authority, which speaks for itself and is the best evidence of its contents. To the extent there are any remaining allegations in this paragraph, they contain Plaintiffs' legal conclusions to which no response is required.

60. Defendants admit USCIS notifies those petitioners whose registrations were selected that they are eligible to file a H-1B cap-subject petition and sends them filing instructions. Otherwise, the allegations in this paragraph characterize the contents of regulatory authorities, which speak for themselves and are the best evidence of their contents. To the extent there are any remaining allegations in this paragraph, they contain Plaintiffs' legal conclusions to which no response is required.

**2. Cap-Exempt H-1B Visas**

61. The allegations in this paragraph characterize the contents of statutory and regulatory authorities, which speak for themselves and are the best evidence of their contents. To the extent there are any remaining allegations in this paragraph, they contain Plaintiffs' legal conclusions to which no response is required.

62. Defendants admit cap-exempt employers need to establish, to the satisfaction of USCIS, their cap-exempt status. Otherwise, the allegations in this paragraph contain Plaintiffs' legal conclusions to which no response is required.

**3. H-1B Petition Process**

63. Defendants admit the allegations in this paragraph.

64. Defendants admit, in the LCA, the employer attests that it will follow the wage and working condition requirements. Otherwise, the allegations in this paragraph characterize the contents of regulatory authorities, which speak for themselves and are the best evidence of their contents. To the extent there are any remaining allegations in this paragraph, they contain Plaintiffs' legal conclusions to which no response is required.

65. The allegations in this paragraph characterize the contents of statutory and regulatory authorities, which speak for themselves and are the best evidence of their contents. To the extent there are any remaining allegations in this paragraph, they contain Plaintiffs' legal conclusions to which no response is required.

66. The allegations in this paragraph characterize the contents of statutory, regulatory, and legal authorities, which speak for themselves and are the best evidence of their contents. To the extent there are any remaining allegations in this paragraph, they contain Plaintiffs' legal conclusions or subjective characterizations of their own unilateral expectations, to which no response is required.

**4. Visa Issuance and Entry**

67. The allegations in this paragraph characterize the contents of statutory, regulatory, and legal authorities, which speak for themselves and are the best evidence of their contents. To the extent there are any remaining allegations in this paragraph, they contain Plaintiffs' legal conclusions to which no response is required.

68. The allegations in this paragraph characterize the contents of a statutory authority, which speaks for itself and is the best evidence of its contents. To the extent there are any remaining allegations in this paragraph, they contain Plaintiffs' legal conclusions to which no response is required.

69. The allegations in this paragraph characterize the contents of regulatory authorities, which speak for themselves and are the best evidence of their contents. To the extent there are any remaining allegations in this paragraph, they contain Plaintiffs' legal conclusions to which no response is required.

**I. Congress Established a Detailed Fee System for H-1Bs That Sets Parameters on Fees and Dictates Their Use**

70. The allegations in this paragraph characterize the contents of statutory and regulatory authorities, which speak for themselves and are the best evidence of their contents. To the extent there are any remaining allegations in this paragraph, they contain Plaintiffs' legal conclusions to which no response is required.

71. The allegations in this paragraph characterize the contents of a statutory authority, which speaks for itself and is the best evidence of its contents. To the extent there are any remaining allegations in this paragraph, they contain Plaintiffs' legal conclusions to which no response is required.

72. The allegations in this paragraph characterize the contents of regulatory authorities, which speaks for themselves and are the best evidence of their contents. To the extent there are any remaining allegations in this paragraph, they contain Plaintiffs' legal conclusions to which no response is required.

73. The allegations in this paragraph characterize the contents of regulatory authority, which speaks for itself and is the best evidence of its contents. To the extent there are any remaining allegations in this paragraph, they contain Plaintiffs' legal conclusions to which no response is required.

74. Defendants admit Congress set certain mandatory fees. Otherwise, the allegations in this paragraph contain Plaintiffs' legal conclusions to which no response is required.

75. The allegations in this paragraph characterize the contents of a statutory authority, which speaks for itself and is the best evidence of its contents. To the extent there are any remaining allegations in this paragraph, they contain Plaintiffs' legal conclusions to which no response is required.

76. The allegations in this paragraph characterize the contents of statutory authorities, which speak for themselves and are the best evidence of their contents. To the extent there are any remaining allegations in this paragraph, they contain Plaintiffs' legal conclusions to which no response is required.

77. The allegations in this paragraph characterize the contents of statutory authority and congressional records, which speak for themselves and are the best evidence of their contents. To the extent there are any remaining allegations in this paragraph, they contain Plaintiffs' legal conclusions to which no response is required.

78. The allegations in this paragraph characterize the contents of a statutory authority, which speaks for itself and is the best evidence of its contents. To the extent there are any remaining allegations in this paragraph, they contain Plaintiffs' legal conclusions to which no response is required.

79. Defendants admit the allegations in this paragraph.

80. The allegations in this paragraph contain Plaintiffs' legal conclusions to which no response is required.

81. The allegations in this paragraph contain Plaintiffs' legal conclusions to which no response is required.

**J. The President's Ability to Restrict Entry Under the INA Does Not Authorize Him to Override Congress's Comprehensive H-1B Statute**

82. Defendants admit the allegations in this paragraph.

83. Defendants admit the allegations in this paragraph.

84. The allegations in this paragraph characterize the contents of statutory and legal authority, which speak for themselves and are the best evidence of their contents. To the extent there are any remaining allegations in this paragraph, they are legal conclusions to which no response is required.

85. Defendants admit the allegations in this paragraph.

86. Defendants deny the allegations in this paragraph.

## VI. FACTUAL ALLEGATIONS

**A. The President's Proclamation**

87. Defendants admit that the Proclamation was issued on September 19, 2025, and cited to 8 U.S.C. §§ 1182(f) and 1185(a). To the extent any allegations remain against Defendants, Defendants deny them.

88. The allegations in this paragraph characterize the Proclamation, which speaks for itself and is the best evidence of its contents. To the extent there are any remaining allegations in this paragraph, Defendants deny them.

89. The allegations in this paragraph characterize the Proclamation, which speaks for itself and is the best evidence of its contents. To the extent there are any remaining allegations in this paragraph, Defendants deny them.

90. The first sentence contains a characterization of Plaintiffs' subjective perception, to which no response is required. Defendants admit that the second sentence is a quotation of Secretary Lutnick's comments at a press event about the Proclamation.

91. Defendants deny the first sentence. Defendants admit that the second sentence is a quotation of Secretary Lutnick's comments at a press event about the Proclamation.

92. Defendants deny the allegations in this paragraph.

**1. The Proclamation is Based on Multiple Errors of Fact and Ignores the Benefits of the H-1B Program to the American Economy**

93. The allegations in this paragraph characterize the Proclamation, which speaks for itself and is the best evidence of its contents. To the extent there are any remaining allegations in this paragraph, Defendants deny them.

94. The allegations in this paragraph characterize the Proclamation, which speaks for itself and is the best evidence of its contents. To the extent there are any remaining allegations in this paragraph, Defendants deny them.

95. The allegations in this paragraph characterize the Proclamation, which speaks for itself and is the best evidence of its contents. To the extent there are any remaining allegations in this paragraph, Defendants deny them.

96. The allegations in this paragraph characterize the Proclamation, which speaks for itself and is the best evidence of its contents. To the extent there are any remaining allegations in this paragraph, Defendants deny them.

**2. The Proclamation's Exorbitant $100,000 Fee Is Unprecedented and Unjustified, and the Exception Process is Ripe for Abuse**

97. The allegations in this paragraph characterize the Proclamation, which speaks for itself and is the best evidence of its contents. To the extent there are any remaining allegations in this paragraph, Defendants deny them.

98. Defendants deny the first sentence. The President's comments at the press conference speak for themselves in context, which was about the gold visa, not the Proclamation. To the extent there are any remaining allegations in this paragraph, they constitute Plaintiffs' own interpretations of the President's statements, to which no response is required.

99. The allegations in this paragraph characterize the Proclamation, which speaks for itself and is the best evidence of its contents. To the extent there are any remaining allegations in this paragraph, Defendants deny them.

100. Defendants deny the allegations in this paragraph.

**3. After the Ill-Planned Proclamation Caused Immediate Harm, the Government Began to Backtrack**

101. The allegations in this paragraph characterize the contents of news articles, which speak for themselves and are the best evidence of their contents. To the extent there are any remaining allegations in this paragraph, Defendants lack information or knowledge sufficient to admit or deny them.

102. Defendants deny the allegations in this paragraph.

103. The allegations in this paragraph characterize the contents of a post, which speaks for itself in context. Defendants deny that this was re-writing the Proclamation and deny all other allegations.

**B. The Agency Defendants Imposed a $100,000 Requirement for "Any" New H-1B Petitions.**

104. Defendants admit the allegations in this paragraph.

105. Defendants admit the allegations in this paragraph.

106. Defendants deny the allegations in this paragraph.

107. Defendants deny the allegations in this paragraph.

108. Defendants deny the allegations in this paragraph.

109. Defendants deny the allegations in this paragraph.

110. Defendants deny the allegations in this paragraph.

111. The allegations in this paragraph characterize the contents of statutes, agency materials, and agency statements, all of which speak for themselves and are the best evidence of their contents. The FAQs did not modify the Proclamation. To the extent there are any remaining allegations in this paragraph, Defendants deny them.

112. This paragraph contains legal conclusions to which no response is required, and which are denied to the extent a response is required.

113. The allegations in this paragraph characterize the contents of agency statements, which speak for themselves and are the best evidence of their contents. Defendants lack information or knowledge sufficient to form a belief about the truth of the last sentence in this paragraph. To the extent there are any remaining allegations in this paragraph, Defendants deny them.

## C. The Proclamation and Agency Policies Will Harm Plaintiffs and the Public Interest

114. Defendants deny the allegations in this paragraph.

### 1. Health care

115. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

116. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

117. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

118. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

119. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

120. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

121. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

122. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

123. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

124. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

125. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

126. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

127. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

128. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

129. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

130. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

131. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

132. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

133. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

134. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

135. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

136. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

137. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

138. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

**2. K-12 school systems**

139. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

140. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

141. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

142. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

143. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

144. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

145. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

146. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

147. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

148. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

149. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

150. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

151. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

152. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

**3. Manufacturing**

153. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

154. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

155. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

156. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

157. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

158. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

159. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

160. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

161. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

**4. Religious organizations**

162. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

163. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

164. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

165. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

166. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

167. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

168. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

169. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

170. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

171. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

172. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

173. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

174. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

175. This paragraph relates to a dismissed Plaintiff, to which no response is required.

176. This paragraph relates to a dismissed Plaintiff, to which no response is required.

177. This paragraph relates to a dismissed Plaintiff, to which no response is required.

178. This paragraph relates to a dismissed Plaintiff, to which no response is required.

179. This paragraph relates to a dismissed Plaintiff, to which no response is required.

180. This paragraph relates to a dismissed Plaintiff, to which no response is required.

181. This paragraph relates to a dismissed Plaintiff, to which no response is required.

182. This paragraph relates to a dismissed Plaintiff, to which no response is required.

183. This paragraph relates to a dismissed Plaintiff, to which no response is required.

184. This paragraph relates to a dismissed Plaintiff, to which no response is required.

185. This paragraph relates to a dismissed Plaintiff, to which no response is required.

186. This paragraph relates to a dismissed Plaintiff, to which no response is required.

187. This paragraph relates to a dismissed Plaintiff, to which no response is required.

188. This paragraph relates to a dismissed Plaintiff, to which no response is required.

**5. Research and academic institutions.**

189. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

190. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

191. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

192. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

193. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

194. Defendants lack information or knowledge sufficient to admit or deny this paragraph.

195. This paragraph relates to a dismissed Plaintiff, to which no response is required.

## VII. CLASS ALLEGATIONS

196. This paragraph consists of statements or arguments of Plaintiffs' theory or purported reasoning for a class certification order, to which no response is required and is denied to the extent a response is required.

197. This paragraph consists of statements or arguments of Plaintiffs' theory or purported reasoning for a class certification order, to which no response is required and is denied to the extent a response is required.

198. This paragraph consists of statements or arguments of Plaintiffs' theory or purported reasoning for a class certification order, to which no response is required and is denied to the extent a response is required.

199. This paragraph consists of statements or arguments of Plaintiffs' theory or purported reasoning for a class certification order, to which no response is required and is denied to the extent a response is required.

200. This paragraph consists of statements or arguments of Plaintiffs' theory or purported reasoning for a class certification order, to which no response is required and is denied to the extent a response is required.

201. This paragraph consists of statements or arguments of Plaintiffs' theory or purported reasoning for a class certification order, to which no response is required and is denied to the extent a response is required.

202. This paragraph consists of statements or arguments of Plaintiffs' theory or purported reasoning for a class certification order, to which no response is required and is denied to the extent a response is required.

203. This paragraph consists of statements or arguments of Plaintiffs' theory or purported reasoning for a class certification order, to which no response is required and is denied to the extent a response is required.

204. This paragraph consists of statements or arguments of Plaintiffs' theory or purported reasoning for a class certification order, to which no response is required and is denied to the extent a response is required.

205. This paragraph consists of statements or arguments of Plaintiffs' theory or purported reasoning for a class certification order, to which no response is required and is denied to the extent a response is required.

206. This paragraph consists of statements or arguments of Plaintiffs' theory or purported reasoning for a class certification order, to which no response is required and is denied to the extent a response is required.

207. This paragraph consists of statements or arguments of Plaintiffs' theory or purported reasoning for a class certification order, to which no response is required and is denied to the extent a response is required.

208. This paragraph consists of statements or arguments of Plaintiffs' theory or purported reasoning for a class certification order, to which no response is required and is denied to the extent a response is required.

209. This paragraph consists of statements or arguments of Plaintiffs' theory or purported reasoning for a class certification order, to which no response is required and is denied to the extent a response is required.

210. This paragraph consists of statements or arguments of Plaintiffs' theory or purported reasoning for a class certification order, to which no response is required and is denied to the extent a response is required.

## VIII. CAUSES OF ACTION

### COUNT 1

### Against Defendant Trump

### On behalf of all Plaintiffs and the Employer Class

### Actions *ultra vires*, in excess of statutory authority

211. Defendants incorporate their responses to all preceding paragraphs.

212. Defendants admit the Proclamation cites to 8 U.S.C. §§ 1182(f) and 1185(a). Defendants further aver that the allegations in this paragraph characterize the contents of statutory authorities, which speak for themselves and are the best evidence of their contents. To the extent there are any remaining allegations in this paragraph, Defendants deny them.

213. Defendants deny the allegations in this paragraph.

214. Defendants deny the allegations in this paragraph.

215. Defendants deny the allegations in this paragraph.

216. Defendants deny the allegations in this paragraph.

217. Defendants deny the allegations in this paragraph.

218. Defendants deny the allegations in this paragraph.

219. Defendants deny the allegations in this paragraph.

220. The allegations in this paragraph characterize the contents of statutory authority, which speaks for itself and is the best evidence of their contents. To the extent there are any remaining allegations in this paragraph, Defendants deny them.

221. The allegations in this paragraph characterize the contents of statutory authority, which speaks for itself and is the best evidence of their contents. To the extent there are any remaining allegations in this paragraph, Defendants deny them.

222. The allegations in this paragraph characterize the contents of statutory authorities, which speak for themselves and are the best evidence of their contents. To the extent there are any remaining allegations in this paragraph, Defendants deny them.

223. The allegations in this paragraph characterize the contents of statutory authority, which speaks for itself and is the best evidence of their contents. To the extent there are any remaining allegations in this paragraph, Defendants deny them.

224. Defendants deny the allegations in this paragraph.

225. Defendants deny the allegations in this paragraph.

226. Defendants deny the allegations in this paragraph.

**COUNT 2**

**Against Agency Defendants**

**On behalf of all Plaintiffs and the Employer Class**

**Violation of the Administrative Procedure Act – 5 U.S.C. § 706(2)(A), (C)**

***Not in Accordance with Law, In Excess of Statutory Authority***

227. Defendants incorporate their responses to all preceding paragraphs.

228. Defendants deny the allegations in this paragraph.

229. Defendants deny the allegations in this paragraph.

230. Defendants deny the allegations in this paragraph.

231. Defendants deny the allegations in this paragraph.

232. Defendants deny the allegations in this paragraph.

233. Defendants deny the allegations in this paragraph.

234. This paragraph contains Plaintiffs' legal conclusions and alternate prayer for relief, to which no response is required. To the extent a response is required to any remaining allegations, Defendants deny them.

**COUNT 3**

**Against Agency Defendants**

**On behalf of all Plaintiffs and the Employer Class**

**Violation of the Administrative Procedure Act – 5 U.S.C. § 706(2)(A)**

***Arbitrary and Capricious***

235. Defendants incorporate their responses to all preceding paragraphs.

236. The allegations in this paragraph characterize the contents of statutory and legal authorities, which speak for themselves and are the best evidence of their contents. To the extent there are any remaining allegations in this paragraph, they contain Plaintiffs' legal conclusions to which no response is required.

237. Defendants deny the allegations in this paragraph.

238. Defendants deny the allegations in this paragraph.

239. Defendants deny the allegations in this paragraph.

240. Defendants deny the allegations in this paragraph.

241. Defendants deny the allegations in this paragraph.

242. Defendants deny the allegations in this paragraph.

243. Defendants deny the allegations in this paragraph.

244. Defendants deny the allegations in this paragraph.

245. Defendants deny the allegations in this paragraph.

246. Defendants deny the allegations in this paragraph.

**COUNT 4**

**Against Agency Defendants**

**On behalf of all Plaintiffs and the Employer Class**

**Violations of the Administrative Procedure Act,**

**Regulatory Flexibility Act – 5 U.S.C. §§ 603-604, 706(2)(D)**

***Failure to Conduct Notice and Comment Rulemaking;***

***Rulemaking Without Observance of Procedure Required by Law***

247. Defendants incorporate their responses to all preceding paragraphs.

248. The allegations in this paragraph characterize the contents of statutory and legal authorities, which speak for themselves and are the best evidence of their contents. To the extent there are any remaining allegations in this paragraph, they contain Plaintiffs' legal conclusions to which no response is required.

249. Defendants deny the allegations in this paragraph.

250. Defendants deny the allegations in this paragraph.

251. Defendants deny the allegations in this paragraph.

252. Defendants deny the allegations in this paragraph.

## IX. REQUEST FOR RELIEF

The remaining paragraphs constitute Plaintiffs' prayer for relief to which no response is required. To the extent any further response is required, Defendants deny that Plaintiffs jointly or individually are entitled to the requested relief, including subparagraphs (1) through (6), or to any relief whatsoever. Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, Defendants assert a general denial as to those allegations contained in the Complaint that Defendants do not specifically admit herein.

## AFFIRMATIVE DEFENSES

A. The Supreme Court's longstanding non-reviewability doctrine makes this case non-justiciable.

B. First-to-file principles and the prohibition against claim-splitting prohibits certain Plaintiffs from having the same injuries litigated concurrently in multiple forums.

C. Sovereign immunity precludes judicial review of Presidential Proclamations issued under 8 U.S.C. § 1182(f).

D. Defendants reserve the right to plead all other affirmative defenses as they become known or available to them during the course of this litigation.

Dated: October 14, 2026

Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General

DREW C. ENSIGN
Deputy Assistant Attorney General
Office Of Immigration Litigation

TIBERIUS DAVIS
Counsel To The Assistant Attorney General

DAVID J. BYERLEY
Senior Litigation Counsel

*/s/ Jaime A. Scott*
JAIME A. SCOTT (DC Bar # 90027182)
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Washington, D.C. 20044
Telephone: (202) 305-3620
Email: Jaime.A.Scott@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Jaime A. Scott*
JAIME A. SCOTT
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation

*Attorney for Defendants*