Cynthia Liao (CA Bar No. 301818)*
Johanna M. Hickman (D.C. Bar No. 981770)*
Jennie L. Kneedler (D.C. Bar No. 500261)*
Steven Y. Bressler (D.C. Bar No. 482492)*
Elena Goldstein (D.C. Bar No. 90034087)*
**DEMOCRACY FORWARD FOUNDATION**
P.O. Box 34553
Washington, DC 20043
(202) 808-1982 (Liao)
cliao@democracyforward.org
hhickman@democracyforward.org
jkneedler@democracyforward.org
sbressler@democracyforward.org
egoldstein@democracyforward.org

*Counsel for Plaintiffs*

* Admitted *pro hac vice*

[Additional co-counsel on signature page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

GLOBAL NURSE FORCE, *et al.*,

Plaintiffs,

v.

DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,

Defendants.

Case No. 4:25-cv-08454-HSG

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY [133] AND DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF [136]**

Judge: Hon. Haywood S. Gilliam, Jr.
Ctrm: 2, 4th Floor
Date: Thursday, January 14, 2027
Time: 2:00 p.m.

## INTRODUCTION

As it did the last time Defendants tried to stay this case, the Court should deny Defendants' most recent motion to stay this case indefinitely ("Stay Mot.") (ECF 133); Minute Entry (Feb. 26, 2026) (ECF 113). Defendants have again failed to meet the legal standard for a stay under *Landis v. N. Am. Co.*, 299 U.S. 248 (1936). Plaintiff Global Nurse Force continues to be harmed and a stay would hinder Plaintiffs' ability to seek additional relief to prevent that harm. In contrast, Defendants again fail to articulate any cognizable harm they would suffer in the absence of a stay. Also, none of the pending court of appeals cases are likely to resolve Plaintiffs' claims; a stay would only delay this case to Plaintiffs' detriment. The better course is the one the Court already charted in its September 30, 2026 order: maintain the pending case management deadlines, with the parties "prepared to discuss a plan for expeditiously resolving this matter in light of the Court's order and the status of *Chamber of Commerce* and *Mullin.*" *Global Nurse Force v. Trump*, No. 25-CV-08454-HSG, 2026 WL 2972985, at *20 (N.D. Cal. Sept. 30, 2026) ("*GNF*"). Defendants' related administrative motion (ECF 136) should also be denied.

## ARGUMENT

### I. Legal standard

"The proponent of a stay bears the burden of establishing its need," *Clinton v. Jones*, 520 U.S. 681, 708 (1997). Defendants do not meet their high burden. As the Supreme Court held in *Landis*, district courts should grant a stay only in the rare case and where the parties will not be harmed by the stay:

> [T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.

299 U.S. at 255. When deciding whether a *Landis* stay is appropriate, the Ninth Circuit considers: (1) "the possible damage which may result from the granting of a stay"; (2) "the hardship or inequity which a party may suffer in being required to go forward"; and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "Generally, stays should not be indefinite in nature," and a "stay should not be granted unless it appears likely the other

proceedings will be concluded within a reasonable time." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (citation omitted). The Ninth Circuit has held that a district court abuses its discretion in granting a *Landis* stay where, for example, a plaintiff seeks injunctive relief and will be harmed by a delay in resolution of his case and where the other matter is unlikely to narrow or resolve important issues in the case. *See Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005); *see also United Farm Workers v. Noem*, 823 F. Supp. 3d 1112, 1136 (E.D. Cal. 2026) (finding plaintiffs' "substantial interest in obtaining a prompt adjudication of their claims" outweighed any judicial efficiency associated with a stay, "given the absence of strong evidence of prejudice to the Defense").

**II. Plaintiffs will be damaged by a stay.**

Defendants have not established that this is one of those "rare" cases where a *Landis* stay is appropriate. The first factor weighs against a stay. There is more than a "fair possibility" that an indefinite stay sought will "damage" Plaintiffs, even with this Court's and Judge Sorokin's orders in place. As the Court is aware, the First Circuit denied a stay pending appeal of Judge Sorokin's order on July 24, 2026. *California v. Mullin*, 183 F.4th 42 (1st Cir. 2026). Between July 29 and September 23, 2026, one of Plaintiff Global Nurse Force's hospital clients filed 93 premium processing petitions for nurses that would have been subject to the $100,000 payment requirement. With limited exceptions, premium processing requires USCIS to act within 15 business days and USCIS previously abided by this timeline. 8 C.F.R. § 106.4(e)(2); Decl. of Lalit Pattanaik ¶ 5 (ECF 128-1). As of September 24, 2026, however, over half of the petitions were past the 15-day deadline with no action from USCIS. All but one were still pending. Pattanaik Decl. ¶ 5 (ECF 128-1). After Plaintiffs flagged this issue for this Court and this Court issued its September 30 order, more petitions were adjudicated, but some continue to be in limbo. Decl. of Lalit Pattanaik ¶ 4 (Oct. 14, 2026) (attached). Should USCIS continue to delay adjudicating $100,000 payment-subject petitions, Global Nurse Force's business would "again be at serious risk." *Id.* ¶ 10; *see GNF*, 2026 WL 2972985, at *18 (recognizing existential threat to Global Nurse Force's business). A stay would prevent Plaintiffs from seeking additional relief from this Court to address the continuing harm to Global Nurse Force. *Lockyer*, 398 F.3d at 1112 (finding first factor weighed against stay where case involved injunctive relief against ongoing and future economic harm to consumers from

a company's illegal concentration of market power).

In addition, because this Court's order was tailored to address Plaintiffs' Count 3 (Administrative Procedure Act arbitrary-and-capricious claim) and Count 4 (APA failure to follow notice-and-comment and Regulatory Flexibility Act procedures), First Amend. Compl. ("FAC") ¶¶ 211-252 (ECF 74), the Court's order appears to leave open the possibility that Agency Defendants could demand the $100,000 payment again if they conduct notice-and-comment rulemaking and consider alternatives. *GNF*, 2026 WL 2972985, at *19 (enjoining enforcement or implementation of Agency Policies "until notice-and-comment rulemaking under the APA and regulatory flexibility analyses under the RFA have been conducted"). Defendants' conduct even after Judge Sorokin vacated the agency policies implementing the Proclamation shows that Defendants remain highly motivated to revive the $100,000 requirement however they can, including by conducting rulemaking. A month after the First Circuit's order, for example, USCIS proposed and sought comment on a $103,265 filing fee for certain H-1B petitions—an amount suspiciously similar to $100,000—and provided only a 30-day comment period. Fee for Certain H-1B Petitions, 91 Fed. Reg. 54,817, 54,817 (Aug. 25, 2026). In vacating the agency policies, moreover, Judge Sorokin held that Congress did not delegate the power to require a $100,000 payment to the Executive—and the First Circuit agreed. *California*, 183 F.4th at 49-50. Nevertheless, the President renewed the Proclamation for another year. Proclamation No. 11,069, 91 Fed. Reg. 60,497, 60,497 (Sept. 18, 2026). In addition, DHS has also repeatedly threatened to reach back and demand $100,000 for still-pending petitions or even already-approved petitions, should Judge Sorokin's order be lifted.[1] A stay would hinder Plaintiffs' ability to seek a prompt adjudication of Count 1 (ultra vires) and Count 2 (APA contrary-to-law claim) and to seek an enforceable, permanent injunction against implementing the Proclamations' unlawful $100,000 requirement in any manner.

[1] If the government prevails, USCIS would "issue a Request for Evidence or Notice of Intent to Deny requesting evidence the payment was made" for petitions pending at that time and would "seek to revoke the approval of petitions that would have otherwise been required to submit the $100,000 payment" and initiate removal proceedings. Decl. of Cara M. Selby ¶¶ 7-8, 10 (ECF 128-3); *see also* USCIS, *H-1B FAQ* (ECF 128-4) ("If this order is later lifted, DHS still plans to collect the payment."); Fee for Certain H-1B Petitions, 91 Fed. Reg. 54,817, 54,831 n.86 (Aug. 25, 2026) ("If [Judge Sorokin's] order is later lifted, DHS would collect the payment consistent with the terms of the Proclamation and any extension or renewal of the Proclamation.").

**III. Defendants have not made out a clear case of hardship from moving forward.**

The second factor also decisively weighs against a stay. Because there is a "fair possibility" that the stay will "work damage" to Plaintiffs, Defendants "must make out a clear case of hardship or inequity in being required to go forward," *Landis*, 299 U.S. at 255, but have failed to do so. "[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity' within the meaning of *Landis*." *Lockyer*, 398 F.3d at 1112. The government routinely defends multiple lawsuits in various jurisdictions challenging the same government action.[2] Indeed, it has been doing so in these particular cases for a year now. *See* Compl., *Chamber of Commerce v. DHS*, No. 1:25-cv-03675 (D.D.C. filed Oct. 16, 2025) (ECF 1); *California*, 183 F.4th at 47 (plaintiffs filed suit on December 12, 2025).

**IV. The orderly course of justice counsels against a stay.**

The third, "orderly course of justice" factor also weighs against a stay and, in any event, is outweighed by the harm to Plaintiffs. The Court should decline to halt this case for an unknown period to wait for court of appeals decisions that are unlikely to resolve the issues in this case. Indeed, the Ninth Circuit "ha[s] repeatedly admonished district courts not to delay [proceedings] to await an interim ruling on a preliminary injunction," *Pablo Sequen v. Albarran*, 835 F. Supp. 3d 1061, 1092 (N.D. Cal. 2026) (quoting *California v. Azar*, 911 F.3d 558, 583 (9th Cir. 2018)), because—contrary to Defendants' assertion otherwise, Stay Mot. at 3 n.1—"it is firmly established that an appeal from an interlocutory order does not divest the trial court of jurisdiction to continue with other phases of the case," *Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982).[3] This "is because appeals of such interlocutory orders concern only plaintiffs' *likelihood* of success on the merits" whereas an order granting summary

---

[2] *See, e.g.*, *Cook Cnty., Illinois v. Wolf*, 962 F.3d 208, 217 (7th Cir. 2020) (describing seven lawsuits against DHS's public charge rule); *Immigrant Rts. Project v. USCIS*, 496 F. Supp. 3d 31, 41 (D.D.C. 2020) (noting parallel case challenging USCIS's 2020 fee rule).

[3] Defendants' reliance on *Coinbase* and *Griggs* is misplaced. *Coinbase*'s holding is limited to the arbitration context. *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) ("The sole question before this Court is whether a district court must stay its proceedings while the interlocutory appeal on arbitrability is ongoing."); *California by & through Harrison v. Express Scripts, Inc.*, 139 F.4th 763, 768 (9th Cir. 2025). And the Ninth Circuit has held that, while the general rule is that appeals "divest[] the district court of its control over those aspects of the case involved in the appeal," *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982), "it is a well-recognized exception to the general rule that appeals from orders granting or denying an injunction do not divest the district court of jurisdiction." *Am. Dev. Corp. v. Strack*, 81 F.3d 167 (9th Cir. 1996) ("[E]ven though the appeal of the denial of the injunction was pending in the case at bar, the district court had jurisdiction to enter summary judgment.")

judgment determines "*actual* success on the merits." *Pablo Sequen*, 835 F. Supp. 3d at 1092. And there is even less reason for delay here, as this Court's September 30, 2026 order relied on only Plaintiffs' Counts 3 and 4. *See GNF*, 2026 WL 2972985, at *15-18. Even if Defendants prevail on those claims before the Ninth Circuit, that would not resolve Plaintiffs' Counts 1 and 2. And as discussed above, Defendants' requested stay would indefinitely prevent Plaintiffs from seeking more enduring relief, including relief based on Counts 1 and 2.

Decisions from the D.C. Circuit or First Circuit, of course, would not be binding on this Court. Nor would they provide Plaintiffs with the relief they need. While a First Circuit ruling affirming Judge Sorokin's vacatur of the agency policies implementing the $100,000 fee would continue to provide universal relief to some degree, Judge Sorokin declined to issue an injunction, finding the stronger remedy unnecessary. *California v. Mullin*, 833 F. Supp. 3d 50, 83 (D. Mass. 2026).[4] However, Defendants' conduct after Judge Sorokin's vacatur-only order indicates that a permanent injunction against implementation of the Proclamation, enforceable by the Court's contempt power, is likely necessary. A stay would deprive Plaintiffs of the opportunity to make this showing, as they otherwise could do in the ordinary course of litigation.

While one or more of these three cases may eventually head to the Supreme Court, there is no way to know if or when that will occur. Moreover, as this Court has pointed out, the prospect of Supreme Court review is actually an additional reason for proceedings to keep moving forward, as "reasonable minds have differed" on the legal issues in this case and the Supreme Court benefits from the percolation of legal issues in the lower courts. *GNF*, 2026 WL 2972985, at *2 (citing *United States v. Mendoza*, 464 U.S. 154, 160 (1984)). Furthermore, Defendants have not provided any good reason why Plaintiffs in this case should be "compelled to stand aside while a litigant in another" gets to move forward and "settle[] the rule of law that will define the rights of both," a circumstance that the Supreme Court has emphasized should only happen rarely. *Landis*, 299 U.S. at 255.

## V. The Court should keep case management deadlines.

In the alternative, Defendants ask for a 30-day extension on their Answer deadline (October 14, 2026) and the case management report and conference deadlines (October 20 and 27, 2026). Defendants

[4] Defendants' statement that there is a "co-extensive preliminary injunction already entered in another matter" is therefore incorrect. *See* Stay Mot. at 3.

did not meet and confer on this alternative request before filing their stay motion. In any event, the Answer deadline is now moot as Defendants have filed their Answer (ECF 139). As a courtesy to Defendants' counsel, Plaintiffs do not oppose a 7-day extension on the case management deadlines, provided the Court has availability on its calendar for a case management conference on or before November 3, 2026. If not, then Plaintiffs respectfully request that the Court maintain the existing case management deadlines.

**VI. The Court should deny Defendants' motion for administrative relief.**

If the Court denies Defendants' motion to stay, the Court should deny Defendants' administrative motion to expedite their stay request as moot. Otherwise, Defendants' administrative motion should be denied for failure to follow Local Rule 7-11. Defendants failed to file an accompanying declaration explaining why a stipulation could not be obtained—indeed, Defendants did not meet and confer with Plaintiffs regarding the administrative motion before filing.

**CONCLUSION**

Defendants have not shown that this is one of those "rare" cases where a *Landis* stay is appropriate. The Court should deny Defendants' motion.

Date: October 15, 2026

Respectfully submitted,

/s/ Karen C. Tumlin
Karen C. Tumlin (CA Bar No. 234691)
Esther H. Sung (CA Bar No. 255962)
Laura Flores-Perilla (CA Bar No. 355645)
Hillary Li (GA Bar No. 898375)*
Brandon Galli-Graves (TX Bar No. 24132050)*
Emily Satifka (NJ Bar No. 330452020)*
Vanessa Rivas-Bernardy (CA Bar No. 341464)
**JUSTICE ACTION CENTER**
P.O. Box 27280
Los Angeles, CA 90027
(323) 450-7272
karen.tumlin@justiceactioncenter.org
esther.sung@justiceactioncenter.org
laura.flores-perilla@justiceactioncenter.org
hillary.li@justiceactioncenter.org
brandon.galli-graves@justiceactioncenter.org
emily.satifka@justiceactioncenter.org
vanessa.rivas@justiceactioncenter.org

/s/ Cynthia Liao
Cynthia Liao (CA Bar No. 301818)*
Johanna M. Hickman (D.C. Bar No. 981770)*
Jennie L. Kneedler (D.C. Bar No. 500261)*
Steven Y. Bressler (D.C. Bar No. 482492)*
Elena Goldstein (D.C. Bar No. 90034087)*
**DEMOCRACY FORWARD FOUNDATION**
P.O. Box 34553
Washington, DC 20043
(202) 808-1982 (Liao)
cliao@democracyforward.org
hhickman@democracyforward.org
jkneedler@democracyforward.org
sbressler@democracyforward.org
egoldstein@democracyforward.org

/s/ Kalpana Peddibhotla
Kalpana Peddibhotla (CA Bar No. 200330)

*/s/ Charles H. Kuck**
Charles H. Kuck
GA Bar No. 429940
**KUCK BAXTER LLC**
365 Northridge Rd., Suite 300
Atlanta, GA 30350
404-949-8154
Ckuck@immigration.net

/s/ *Zachary R. New*
Zachary R. New**
Atty. Reg. No. (Colorado): 53992
**JOSEPH & HALL, P.C.**
12203 East Second Ave.
Aurora, CO 80011
(303) 297-9171
zachary@immigrationissues.com

*/s/ Harini Srinivasan*
Harini Srinivasan*
Aniko Schwarcz*
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW, 8th Floor
Washington, D.C. 20005

Alexandra Gray*
**COHEN MILSTEIN SELLERS & TOLL PLLC**
12 Pine St.
New York, New York 10005

**SOUTH ASIAN AMERICAN JUSTICE COLLABORATIVE (SAAJCO)**
333 W. San Carlos Street, Suite 600
San Jose, CA 95110
(408) 550-9240
kalpana@saajco.org

*/s/ Jesse M. Bless*
Jesse M. Bless*
MA Bar # 660713
**BLESS LITIGATION LLC**
6 Vineyard Lane
Georgetown MA 01833
781-704-3897
jesse@blesslitigation.com

*/s/ Greg Siskind*
Greg Siskind**
TN Bar No. 14487
**SISKIND SUSSER**
1028 Oakhaven Road
Memphis, TN 38119
(901) 682-6455
gsiskind@visalaw.com

*Counsel for Plaintiffs*

* Admitted *pro hac vice*
** Motion to appear *pro hac vice* forthcoming