BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General
Office Of Immigration Litigation

JAIME A. SCOTT
Trial Attorney

DAVID J. BYERLEY
Senior Litigation Counsel
DC Bar # 1618599
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Washington, D.C. 20044
Telephone: (202) 532-4523
Email: david.byerley@usdoj.gov

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GLOBAL NURSE FORCE, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD J. TRUMP, President of the United States, *et al.*,<br><br>Defendants. | Case No. 4:25-cv-8454-HSG<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR A STAY OF PROCEEDINGS** |

**REPLY IN SUPPORT OF MOTION FOR A STAY OF PROCEEDINGS**

As this Court astutely observed in its preliminary injunction order, "the United States Supreme Court is likely to eventually provide further clarity" on the issues brought by Plaintiffs. *See* Dkt. No. 130 ("Op.") at 3. And not just the Supreme Court: an interlocutory appeal in this case is pending before the Ninth Circuit, and two appeals challenging the same Presidential Proclamation, under almost identical legal theories, are pending in the D.C. Circuit and First Circuit. Unsurprisingly, Plaintiffs' reasoning for opposing the stay really has nothing to do with this case: Plaintiffs oppose the stay because they speculate that there is a risk of harm regarding premium processing fees—a claim not brought in their Amended Complaint—that warrants this Court to continue this case in parallel to three Circuit Courts considering the same issues. A speculative claim of potential harm for a claim Plaintiffs did not even bring in their Complaint is no reason to waste time and resources over legal issues that will be decided in due course by the Ninth Circuit, other circuit courts of appeal, and potentially the Supreme Court. Moreover, their fear that the agency might carry out the very notice-and-comment that their Amended Complaint alleges is necessary is also no reason to deny a stay. Whether because of the *Griggs* principles or as a matter of this Court's discretion, this Court should decline Plaintiffs' invitation to do so and stay proceedings.

## I. The *Griggs* Principles Support a Stay

First, this Court lacks the authority to proceed with the case given the interlocutory appeal. An appeal, including an interlocutory appeal, "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co*., 459 U. S. 56, 58 (1982); *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379 (1985) ("In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal."). The Supreme Court's opinion in *Griggs* explains that "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously." *Id*. "Th[e] *Griggs* principle reflects a longstanding tenet of American procedure." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740

(2023). While *Griggs* would not apply to premature appeals from non-appealable orders or to enforcement of existing orders that are on appeal, the principle squarely applies when, as here, "whether 'the litigation may go forward in the district court is precisely what the court of appeals must decide.'" *Id.* at 741 (internal quotation marks omitted). Thus, because Defendants on appeal squarely contest the justiciability of this case, this Court's subject-matter jurisdiction to hear Plaintiffs' claims, and this Court's power to vacate the implementation of the Proclamation in the first place, *see* Defs.' Opp. to PI Mot., Dkt. No. 98, this Court should not so easily ignore the reasoning in *Griggs*.

Contrary to Plaintiffs' contention, the *Griggs* principle is plainly not limited to the arbitration context. *Griggs* did not announce a new—or even a novel—rule but reaffirmed a well-trod and longstanding rule. *See, e.g.*, *Price v. Dunn*, 587 U.S. 999, 1005 (2019) (Thomas, J. concurring); *Hovey v. McDonald*, 109 U.S. 150, 157 (1883) ("One general rule in all cases (subject, however, to some qualifications) is that an appeal suspends the power of the court below to proceed further in the cause."). Both the Supreme Court and the Ninth Circuit have applied this rule across different contexts. *See id.*; *Newton v. Consol. Gas Co.*, 258 U.S. 165, 177 (1922); *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992); *United States v. Claiborne*, 727 F.2d 842, 844 (9th Cir. 1984); *Ruby v. Sec'y of U.S. Navy*, 365 F.2d 385, 388 (9th Cir. 1966). It is true that the Ninth Circuit has held that an appeal of an interlocutory order generally does not *automatically* stay proceedings in the run-of-the-mill case. *See Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291 (9th Cir. 1982). But the general does not always govern the specific: the Ninth Circuit has said that when "the issue to be addressed by the [appellate] court is whether the defendant will be forced to appear at trial[,]" a stay *is* appropriate under the principles reiterated by *Griggs*. *Chuman*, 960 F.2d at 105 (9th Cir. 1992) (citing *Apostol v. Gallion*, 870 F.2d 1335, 1339 (7th Cir. 1989)). It "makes no sense for trial to go forward while the court of appeals cogitates on whether there should be one." *Apostol*, 870 F.2d at 1338. Here, given that the issues on appeal are all threshold legal issues that, if the Government prevails, will stop this suit from moving forward at all, a stay is appropriate in this set of circumstances. *See Chuman*, 960 F.2d at 105.

**II. A Discretionary Stay is Warranted Regardless.**

Though the *Griggs* principle independently justifies a stay of proceedings, the Court need not decide whether the interlocutory appeal results in an automatic stay because a stay is clearly warranted as a matter of discretion.

*First*, as the Court noted, an identically scoped injunction was already ordered by a federal district judge in the District of Massachusetts ("*Mullin I*"). Op. at 3. Consequently, if the case proceeds and Defendants prevail in this Court, this Court cannot dissolve the order because it has been appealed, and regardless, nothing would change anyway unless Defendants also prevail at the First and D.C. Circuits. Likewise, if the case proceeds and Plaintiffs prevail, nothing changes because this Court and *Mullin I* have already entered the injunctive relief sought. Thus, further litigating this case while the appeal is pending with the Ninth Circuit is nothing except wasteful of time and resources.

*Second*, as the Court noted, this case deals with "complex legal issues on which reasonable minds have differed." Op. at 3. This is another reason why a stay is warranted. When higher authorities are considering the same issues and it would be prudent to await their guidance before ruling in an identical case, a stay—discretionary or otherwise—is an entirely sound way to manage the Court's docket and reduce the probability of motions to reconsider or reopen to correct an earlier order. *Laufer v. Rasmus*, No. 21-1360, 2023 U.S. App. LEXIS 8102, at *3, *5 (7th Cir. Apr. 3, 2023) (staying proceedings in ADA tester's appeal while the Supreme Court considers the same litigant's Article III standing in an identical matter because "[t]he [Supreme] Court's decision will determine whether any of Laufer's suits can proceed. Under these circumstances, it seems best to stay this appeal to await the Court's ruling"); *Walls v. Sanders*, 760 F. Supp. 3d 766, 775 (E.D. Ark. 2024) (declining to rule on claims that are the subject of an interlocutory appeal, citing a circuit split). Indeed, the pendency of an interlocutory appeal considering an issue of such complexity that it may result in the Supreme Court's consideration or resolve this circuit's side of a split is a strong reason to enter a stay. *Sarsour v. Swearingen*, No. 2:26-cv-00224, 2026 LX 556631, at *4 (S.D. Ind. Sep. 23, 2026).

*Third*, Plaintiffs' argument that a stay is not warranted because one of the Plaintiffs (Global Nurse Force ("GNF")) is allegedly experiencing a delay on a fraction of their premium processing petitions is not relevant, as delay is not a claim brought in this case. *See* Amended Complaint (ECF #74). Moreover, their declarant actually undermines their request for a stay. According to Ms. Pattanaik, out of the 118 petitions GNF filed for foreign nurses since July 29, 2026—undercutting the demand (and thus, wages) for American nurses—69 have already been approved, with 68 of those approvals issued within the last three weeks. *Compare* ECF #130-1 *with* ECF #128-1. While she complains that 45 H-1B petitions filed by GNF remain pending, she alleges only fourteen of those are pending beyond the applicable premium processing timeframe (meaning 16+ business days without certain adjudicative action), and the rest were filed within the last fourteen business days.[1] *See* ECF #130-1. Regardless, the fact that some of GNF's petitions remain pending is simply irrelevant to the case, much less cause to deny a stay, especially when the parties will expeditiously litigate the issues on appeal before the Ninth Circuit.[2]

*Fourth*, Plaintiffs' paralytic fear that the agencies may undergo notice-and-comment—*i.e.*, hedging their bets if the Supreme Court does not rule in their favor before notice-and-comment rulemaking is completed—to execute the Presidential Proclamation is not a "harm." To the contrary, an opportunity for notice-and-comment is *exactly* what Plaintiffs complained they were denied their Amended Complaint. Plaintiffs cannot credibly claim that they will be harmed because of the possibility that the agency may perform the very notice-and-comment Plaintiffs themselves sought to compel. *See* Amended Complaint (Count 4).

---

[1] *See* 8 C.F.R. 106.4(f), providing that USCIS agrees to take certain adjudicative action within the applicable premium processing timeframe in exchange for a premium processing fee. If certain adjudication action is not taken within the applicable premium processing timeframe, USCIS will refund the premium processing fee but continue to process the petition.

[2] If GNF wishes to pelt the U.S. District Court for the Central District of California with mandamus petitions over H-1B petitions that they allege are a few days past the applicable premium processing timeframe, nothing prevents them from filing those cases, but it presents no basis to deny a stay in this case while the claims that were actually brought are pending in the Ninth Circuit.

*Finally*, the complexity of the issues and the need for appellate courts to weigh in has already been correctly observed in this Court's opinion. The unsettled nature of this Court's authority to decide the case strongly favors a stay of proceedings in this case. Where, as here, preliminary relief was granted and the defendants' interlocutory appeal focuses on the court's ability to proceed further, in the face of "complex legal issues on which reasonable minds have differed" (Op. at 3), a stay is particularly warranted. *Sarsour*, 2026 LX 556631, at *3-*5.[3] Where "a stay is appropriate even under the discretionary standard, the Court [need] not resolve whether *Griggs* mandates a stay." *See id*. at *3.

For these reasons, the Court should stay proceedings in this case while the Ninth Circuit—and potentially Supreme Court—considers the issues on appeal.

***

[3] *Sarsour* is particularly analogous. There, interim release to an ICE detainee challenging the removal charges supporting his detention was granted and the Government appealed, and then moved for a stay of proceedings in the district court pending the Seventh Circuit's decision on appeal. As the interlocutory appeal will announce the Seventh Circuit's position as to whether it agrees with *Khalil v. President*, 164 F.4th 259 (3d Cir. 2026), or *Suri v. Trump*, 184 F.4th 260 (4th Cir. 2026), *cert. filed*, No. 26-380 (S. Ct.), on the scope of the jurisdiction-stripping provisions in 8 U.S.C. § 1252(a)(5), (b)(9), and (g), the district court correctly stayed the case pending resolution of that issue. The same reasons stated by Judge Hanlon in *Sarsour* apply equally here. *Sarsour*, 2026 LX 556631, at *3-5.

Dated: October 19, 2026

Respectfully Submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

DREW C. ENSIGN
Deputy Assistant Attorney General
Office Of Immigration Litigation

JAIME A. SCOTT
Trial Attorney

*/s/ David J. Byerley*
DAVID J. BYERLEY
Senior Litigation Counsel (DC #1618599)
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Washington, D.C. 20044
Telephone: (202) 532-4523
Email: david.byerley@usdoj.gov

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 19, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ David J. Byerley*
DAVID J. BYERLEY
Senior Litigation Counsel (DC #1618599)

*Attorney for Defendants*