Cynthia Liao (CA Bar No. 301818)*
Jennie L. Kneedler (D.C. Bar No. 500261)*
Steven Y. Bressler (D.C. Bar No. 482492)*
Elena Goldstein (D.C. Bar No. 90034087)*
**DEMOCRACY FORWARD FOUNDATION**
P.O. Box 34553
Washington, DC 20043
(202) 808-1982 (Liao)
cliao@democracyforward.org
jkneedler@democracyforward.org
sbressler@democracyforward.org
egoldstein@democracyforward.org

*Counsel for Plaintiffs*

* Admitted *pro hac vice*

[Additional co-counsel on signature page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

GLOBAL NURSE FORCE, *et al.*,

Plaintiffs,

v.

DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,

Defendants.

Case No. 4:25-cv-08454-HSG

**JOINT CASE MANAGEMENT STATEMENT**

Judge: Hon. Haywood S. Gilliam, Jr.
Ctrm: 2, 4th Floor
Date: Tuesday, Oct. 27, 2026
Time: 2:00 pm PT (by Zoom)

## JOINT CASE MANAGEMENT STATEMENT

Pursuant to the Court's September 30, 2026 order setting a case management conference (ECF 130), Plaintiffs and Defendants submit this Joint Case Management Statement in advance of the Further Case Management Conference scheduled for October 27, 2026 at 2:00 pm PST.

### Jurisdiction and Service

**Plaintiffs' position:** The Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331. All Defendants have been served with the Complaint. ECF 34, 38-45. Defendants have not raised any counterclaims. *See* Answer (ECF 139). No issues exist regarding personal jurisdiction or venue.

**Defendants' position:** Defendants maintain their jurisdictional arguments set forth in their Motion to Dismiss.

### Facts

**Plaintiffs' position:** The facts are extensively addressed in the parties' briefing on Plaintiffs' motion for preliminary injunction and this Court's order resolving the motion. ECF 75, 130. In short, Plaintiffs challenge the lawfulness of a $100,000 payment requirement as a condition of processing H-1B visa petitions and entry into the United States.

**Defendants' position:** Defendants agree the facts are extensively addressed in their briefing. Defendants disagree that the Proclamation issued on September 29, 2025, and its implementation, is unlawful.

### Legal Issues

The principal disputed points of law are: (1) whether the President's Proclamation regarding the $100,000 payment requirement, and its extensions, is ultra vires; and (2) whether the actions of the U.S. Department of State and the U.S. Department of Homeland Security ("DHS") and its component agencies U.S. Citizenship and Immigration Services ("USCIS") and U.S. Customs and Border Protection ("CBP") to implement the Proclamation is in accordance with law, in excess of statutory authority, arbitrary and capricious, or taken without observance of procedure required by law, 5 U.S.C. § 706(2). The parties also dispute whether *ultra vires* review is available; whether the doctrine of consular non-reviewability precludes judicial review of the Proclamation; and whether the agencies' actions are reviewable under the APA. The parties do not dispute that Plaintiff Global Nurse Force has standing but dispute the standing of the remaining Plaintiffs.

**Motions**

The parties have engaged in substantial motions practice. Significant motions filed in this case include:

| **Filed by** | **Motion** | **Status** |
|---|---|---|
| Plaintiffs John Smith, Phoenix Doe | Motion to Proceed Under Pseudonym (Oct. 3, 2025) (ECF 4) | Denied (ECF 129). |
| Plaintiffs BAE Industries, Nephrology Associates of the Carolinas, PA, Lower Brule Day School, Global Village Academy Collaborative, Global Nurse Force, Phoenix Doe | Motion for Preliminary Injunction (Dec. 18, 2025) (ECF 75) | Granted in part and denied in part (ECF 130). |
| Plaintiffs BAE Industries, Nephrology Associates of the Carolinas, PA, Lower Brule Day School | Motion for Class Certification (Dec. 18, 2025) (ECF 76) | Denied without prejudice (ECF 130). |
| Defendants | Motion to Stay (Jan. 6, 2026) (ECF 94) | Denied (ECF 113). |
| Defendants | Motion to Dismiss (Jan. 29, 2026) (ECF 104) | Denied (ECF 130). |
| Defendants | Motion to Stay (Oct. 9, 2026) (ECF 133) | Pending. Briefing completed as of Oct. 19, 2026 (ECF 140, 141). Hearing date Jan. 14, 2027 (ECF 135). |
| Defendants | Motion for Administrative Relief (Oct. 13, 2026) (ECF 136) | Pending. Briefing completed as of Oct. 19, 2026 (ECF 140, 141). |

**Plaintiffs' position:** Plaintiffs anticipate filing a motion for summary judgment and a motion for class certification. Plaintiffs are monitoring Defendants' compliance with this Court's September 30, 2026 order and may seek enforcement of the order if warranted. Alternatively, if the Court grants Defendants' motion to stay (ECF 133), Plaintiffs propose that the parties meet and confer and file a joint case management statement within 14 days of the Ninth Circuit's mandate in the pending appeal. *Global Nurse Force v. Trump*, No. 26-6667 (9th Cir. filed Oct. 9, 2026).

**Defendants' position:** Defendants maintain that further motions practice is inappropriate while the Ninth Circuit considers threshold jurisdictional issues. Defendants ask that if the Court were to require the litigation to move forward at this time, that it provides 30 days from the denial of the motion to stay for Defendants to produce the certified administrative record.

**Amendment of Pleadings**

Plaintiffs filed their First Amended Complaint on December 18, 2025 (ECF 74). Plaintiffs do not have present plans to amend the operative complaint but reserve the right to seek leave to amend the complaint consistent with the Federal Rules of Civil Procedure. The Parties propose November 10, 2026 as the deadline for amending pleadings.

**Evidence Preservation**

The parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information. The parties have met and conferred pursuant to Federal Rule 26(f) about their preservation obligations.

**Disclosures**

Given the nature of the legal issues in the case, the parties have not made initial disclosures and should not be required to. The initial disclosure requirements in Fed. R. Civ. P. 26 do not apply to APA claims. *See* Fed. R. Civ. P. 26(a)(1)(B)(i).

**Discovery**

**Plaintiffs' position:** Given the nature of the legal issues in the case, Plaintiffs do not believe that discovery is necessary. Should Defendants propound discovery, Plaintiffs reserve the right to propound discovery as well.

**Defendants' position:** Defendants agree that this case presents pure questions of law and APA challenges and Fed. R. Civ. P. 26 does not apply. However, Defendants reserve the right to seek jurisdictional discovery after any denial of the pending motion to stay or, if the pending motion is granted, dissolution of the stay in this case, if they deem it necessary.

**Class Actions**

**Plaintiffs' position:** Plaintiffs filed a motion for provisional class certification (ECF 76) in conjunction with Plaintiffs' motion for preliminary injunction (ECF 75). The Court denied the class certification motion without prejudice, stating that, "To the extent the Putative Class Plaintiffs believe

class treatment is nonetheless still necessary, they may renew their motion for class certification and update their motion in light of current circumstances." Order at 34 (Sept. 30, 2026) (ECF 130). Plaintiffs reserve the right to renew their motion for class certification in conjunction with their motion for summary judgment. Counsel for the parties have reviewed the Procedural Guidance for Class Action Settlements.

**Defendants' position:** Defendants maintain that this Court should deny class certification for the reasons set forth in its Opposition to Plaintiff's Motion for Class Certification and reserve the right to bring future arguments in opposition to any future motion for class certification.

**Related Cases**

There are no related cases pending before another judge of this Court as defined by Civil L.R. 3-12. Currently pending in the Ninth Circuit is Defendants' appeal of this Court's September 30, 2026 order (ECF 130). *Global Nurse Force v. Trump*, No. 26-6667 (9th Cir. filed Oct. 9, 2026). Two other cases involving the $100,000 payment requirement are currently pending before the First Circuit and D.C. Circuit. *California v. Mullin*, No. 26-01699 (1st Cir. filed June 12, 2026); *Chamber of Commerce v. DHS*, No. 25-05473 (D.C. Cir. argued Mar. 9, 2026).

**Relief**

Plaintiffs seek a declaratory judgment that the $100,000 payment requirement is unlawful; set-aside (vacatur) and injunction of Defendants' implementation of the $100,000 payment requirement; an award of reasonable attorneys' fees and costs; and such other relief as the Court deems just and proper. *See* FAC pp. 64-65 (ECF 74) (Prayer for Relief). Defendants have no counterclaim and seek only judgment in the government's favor.

**Settlement and ADR**

The parties have not engaged in ADR. Because the Initial Case Management Conference originally scheduled for January 6, 2026 was postponed to February 10, 2026, ECF 54, and then later vacated, ECF 93, the parties have not yet filed ADR certifications pursuant to ADR L.R. 3.5(b). Given the legal issues implicated in this case, the parties do not believe that ADR will be productive or necessary.

**Other References**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel

on Multidistrict Litigation.

**Narrowing of Issues**

The parties will explore stipulations as to basic facts such as the dates of the challenged Proclamation and agency actions, but otherwise do not believe that it is possible to narrow the issues by agreement at this time.

**Scheduling**

**Plaintiffs' position:** Plaintiffs propose a modified version of the default schedule set forth in Civil L.R. 16-5 for actions based on review of an administrative record:

| **Date** | **Deadline** |
|---|---|
| Tuesday, Nov. 3, 2026 | Defendants to produce Administrative Record |
| Tuesday, Nov. 10, 2026 | To seek leave to amend pleadings |
| Tuesday, Dec. 22, 2026 | Plaintiffs to file (1) motion for summary judgment and (2) motion for class certification |
| Tuesday, Jan. 19, 2027 | Defendants to file (1) combined cross-motion for summary judgment and opposition to Plaintiffs' motion for summary judgment; and (2) opposition to Plaintiffs' motion for class certification |
| Tuesday, Feb. 9, 2027 | Plaintiffs to file (1) combined opposition to Defendants' cross-motion for summary judgment and reply brief in support of Plaintiffs' motion for summary judgment; and (2) reply brief in support of Plaintiffs' motion for class certification |
| Tuesday, Mar. 2, 2027 | Defendants to file reply brief in support of Defendants' cross-motion for summary judgment |
| Thursday, Mar. 11, 2027 or first available date thereafter | Hearing on motions |

Alternatively, if the Court grants Defendants' motion to stay (ECF 133), Plaintiffs propose that the parties meet and confer and file a joint case management statement within 14 days of the Ninth Circuit's mandate in the pending appeal. *Global Nurse Force v. Trump*, No. 26-6667 (9th Cir. filed Oct. 9, 2026).

**Defendants' position:** Defendants maintain that administrative record production and summary

judgment briefing is inappropriate, inefficient, and wasteful while the Ninth Circuit considers whether threshold jurisdictional and justiciability issues prevent this Court from hearing this case at all. Defendants propose as follows:

| **Date** | **Deadline** |
| --- | --- |
| Tuesday, Nov. 10, 2026 | To seek leave to amend pleadings |
| 30 Days After the Mandate (or, if the stay motion is denied, 30 days after the order denying the stay) | Defendants to produce Administrative Record |
| 30 Days After Record Production | Plaintiffs to file (1) motion for summary judgment and (2) motion for class certification |
| 45 Days After the Plaintiffs' Motion(s) | Defendants to file (1) combined cross-motion for summary judgment and opposition to Plaintiffs' motion for summary judgment; and (2) opposition to Plaintiffs' motion for class certification. |
| 30 Days After Defendants' Motion and Opposition | Plaintiffs to file (1) combined opposition to Defendants' cross-motion for summary judgment and reply brief in support of Plaintiffs' motion for summary judgment; and (2) reply brief in support of Plaintiffs' motion for class certification. |
| 21 Days After Plaintiffs' Opposition | Defendants to file reply brief in support of Defendants' cross-motion for summary judgment |
| First available date thereafter | Hearing on motions |

**Trial**

The Parties believe this matter can and should be resolved on cross-motions for summary judgment, without a trial. The Parties direct the Court to the "Scheduling" Section for the Parties' position on when this briefing should occur. Plaintiffs' ultra vires claim (Count 1) presents a question of law. Plaintiffs' remaining claims arise under the Administrative Procedure Act (APA) and similarly present questions of law. APA claims are typically resolved through cross-motions for summary judgment. *See, e.g.*, Civil L.R. 16-5.

**Disclosure of Non-Party Interested Entities or Persons**

**Plaintiffs' position:** Plaintiffs have filed the Certification of Interested Entities required by Civil L.R. 3-15. ECF 2. As stated in those Certification, there are no interested entities as defined by 28 U.S.C. § 455(d)(4). There is no conflict or interest (other than the named parties) to report.

**Defendants' position:** Defendants are not required to file the certification, and so have not filed one. However, Defendants note irreconcilable tension between Plaintiffs' claim that there are no interested third parties while, at the same time, Plaintiffs explicitly purport to bring claims on behalf of interested third parties and seek to litigate their interests and purported injuries. *See*, *e.g.*, Am. Compl. ¶¶ 119, 129, 130, 131-32, 133-34, 135, 173, 189, 190, 191, 192, 193, 194. It is difficult to believe that those individuals, who Plaintiffs allege seek employment in the United States (including with the Plaintiffs themselves), lack "a financial interest of any kind in the subject matter in controversy or in a party to the proceeding" or, at minimum, "any other kind of interest that could be substantially affected by the outcome of the proceeding." Although Defendants do not intend to move to compel Plaintiffs to amend their disclosure statement, the Court should require them to do so if Plaintiffs fail to amend it themselves by November 11, 2026.

**Professional Conduct**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**Other Matters as May Facilitate the Just, Speedy, and Inexpensive Disposition of this Matter**

**Plaintiffs' position:** Plaintiffs have not identified any such other matters at this time.

**Defendants' position:** In light of the appeal to the Ninth Circuit, Defendants maintain that the Court lacks jurisdiction over those aspects involved in the appeal, including threshold jurisdictional and justiciability issues. The Court should stay the case until such time as the mandate returns the case to this Court. Moreover, as the outcome of this case will not change any status quo given the universal injunction entered in the District of Massachusetts, further litigation—particularly while this case is on appeal and two other cases are on appeal on the same issues in the Court of Appeals for the D.C. Circuit and First Circuit—only wastes the Parties' and Court's resources, and might well result in a duplicative appeal. This would not be a just, speedy, or inexpensive disposition of this case

Date: October 20, 2026

Respectfully submitted,

Counsel for Plaintiffs:


*/s/ Karen C. Tumlin*
Karen C. Tumlin (CA Bar No. 234691)
Esther H. Sung (CA Bar No. 255962)
Laura Flores-Perilla (CA Bar No. 355645)
Hillary Li (GA Bar No. 898375)*
Brandon Galli-Graves (TX Bar No. 24132050)*
Emily Satifka (NJ Bar No. 330452020)*
Vanessa Rivas-Bernardy (CA Bar No. 341464)
**JUSTICE ACTION CENTER**
P.O. Box 27280
Los Angeles, CA 90027
(323) 450-7272
karen.tumlin@justiceactioncenter.org
esther.sung@justiceactioncenter.org
laura.flores-perilla@justiceactioncenter.org
hillary.li@justiceactioncenter.org
brandon.galli-graves@justiceactioncenter.org
emily.satifka@justiceactioncenter.org
vanessa.rivas@justiceactioncenter.org

*/s/ Charles H. Kuck**
Charles H. Kuck
GA Bar No. 429940
**KUCK BAXTER LLC**
365 Northridge Rd., Suite 300
Atlanta, GA 30350
404-949-8154
Ckuck@immigration.net

/s/ *Zachary R. New*
Zachary R. New**
Atty. Reg. No. (Colorado): 53992
**JOSEPH & HALL, P.C.**
12203 East Second Ave.
Aurora, CO 80011
(303) 297-9171
zachary@immigrationissues.com

*/s/ Harini Srinivasan*
Harini Srinivasan*
Aniko Schwarcz*
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW, 8th Floor
Washington, D.C. 20005

*/s/ Cynthia Liao*
Cynthia Liao (CA Bar No. 301818)*
Jennie L. Kneedler (D.C. Bar No. 500261)*
Steven Y. Bressler (D.C. Bar No. 482492)*
Elena Goldstein (D.C. Bar No. 90034087)*
**DEMOCRACY FORWARD FOUNDATION**
P.O. Box 34553
Washington, DC 20043
(202) 808-1982 (Liao)
cliao@democracyforward.org
jkneedler@democracyforward.org
sbressler@democracyforward.org
egoldstein@democracyforward.org

*/s/ Kalpana Peddibhotla*
Kalpana Peddibhotla (CA Bar No. 200330)
**SOUTH ASIAN AMERICAN JUSTICE COLLABORATIVE (SAAJCO)**
333 W. San Carlos Street, Suite 600
San Jose, CA 95110
(408) 550-9240
kalpana@saajco.org

*/s/ Jesse M. Bless*
Jesse M. Bless*
MA Bar # 660713
**BLESS LITIGATION LLC**
6 Vineyard Lane
Georgetown MA 01833
781-704-3897
jesse@blesslitigation.com

*/s/ Greg Siskind*
Greg Siskind**
TN Bar No. 14487
**SISKIND SUSSER**
1028 Oakhaven Road
Memphis, TN 38119
(901) 682-6455
gsiskind@visalaw.com

Alexandra Gray*
**COHEN MILSTEIN SELLERS & TOLL PLLC**
12 Pine St.
New York, New York 10005

* Admitted *pro hac vice*
** Motion to appear *pro hac vice* forthcoming

Counsel for Defendants:

BRETT A. SHUMATE
Assistant Attorney General

DREW C. ENSIGN
Deputy Assistant Attorney General
Office Of Immigration Litigation

THOMAS S. VASELIOU
Senior Counsel to the Assistant Attorney General

DAVID J. BYERLEY
Senior Litigation Counsel

*<u>/s/ Jaime A. Scott</u>*
JAIME A. SCOTT (DC Bar # 90027182)
Trial Attorney
U.S. Department of Justice, Civil Division
Office of Immigration Litigation
P.O. Box 868, Washington, D.C. 20044
Telephone: (202) 305-3620
Email: Jaime.A.Scott@usdoj.gov